# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE H. ROBINSON,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>D. G. ADAMS, et al.,<br><br>　　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　／ | CASE NO. 1:08-cv-01380-AWI-GSA PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Docs. 16-18)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

　　　　Plaintiff George H. Robinson ("Plaintiff") is a state prisoner proceeding pro se in this civil action filed pursuant to 42 U.S.C. § 1983 and California tort law. On January 9, 2009, Plaintiff filed a motion seeking a preliminary injunction prohibiting the defendants (1) from threatening Plaintiff or using force against him, and (2) from coming within one hundred feet of him or his property; and mandating that the defendants (3) take polygraph examinations, (4) transfer him out of Unit 2L on 4A Facility, and (5) release him to federal or county custody, to a private facility, or on house arrest with a leg monitor. Defendants Adams, David, Melo, Martinez, Ruiz, Miranda, Mendoza, and Masiel did not file a response.

　　　　The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious

questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id.

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). "Abstract injury is not enough." Lyons, 461 U.S. at 101, 103 S.Ct. at 1665. "[P]laintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Id. (internal quotations and citations omitted). "The key issue is whether the plaintiff is 'likely to suffer future injury.'" Jones, 444 F.3d at 1126 (quoting Lyons at 105, 1667). When a government agency is involved, it must "be granted 'the widest latitude in the dispatch of its own internal affairs,'" Gomez v. Vernon, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting Rizzo v. Goode, 423 U.S. 362, 378-79, 96 S.Ct. 598, 608 (1976)), and "[w]hen a state agency is involved, these considerations are, in anything, strengthened because of federalism concerns," Gomez, 255 F.3d at 1128. "[A]ny injunctive relief awarded must avoid unnecessary disruption to the state agency's 'normal course of proceeding.'" Id. at 1128 (quoting O'Shea v. Littleton, 414 U.S. 488, 501, 94 S.Ct. 669, 679 (1974)).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the

///

violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

Plaintiff's claims in this action arise from events which occurred at California State Prison-Corcoran in 2007. (Doc. 1, Comp.) Plaintiff alleges that excessive physical force was used against him on January 22, 2007, January 23, 2007, and February 11, 2007, and that he was subjected to unconstitutional conditions of confinement while on management cell status for several weeks in January and February of 2007. (Id.) Plaintiff also alleges retaliation and various other tort claims arising from these events. (Id.) Because Plaintiff's claims arise from past events, there is no actual case or controversy before the Court with respect to Plaintiff's current conditions of confinement. Further, the relief sought by Plaintiff in his motion is not narrowly tailored to go no further than correcting the past violation of his rights. For these reasons, the Court lacks jurisdiction to issue the orders sought by Plaintiff and HEREBY RECOMMENDS that his motion be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **February 11, 2009**            **/s/ Gary S. Austin**
                                                       UNITED STATES MAGISTRATE JUDGE