# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE H. ROBINSON, | CASE NO. 1:08-cv-01380-AWI-GSA PC |
| Plaintiff, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DENYING PLAINTIFF'S MOTION TO REMAND |
| v. | |
| D. G. ADAMS, et al., | (Docs. 6 and 14) |
| Defendants. | |

Plaintiff George H. Robinson ("Plaintiff") is a state prisoner proceeding pro se in this civil action. Defendants Adams, David, Melo, Martinez, Ruiz, Miranda, Mendoza, and Masiel filed a notice of removal from Kings County Superior Court on September 11, 2008. Plaintiff filed a motion to remand on September 26, 2008.

The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302, and on December 16, 2008, the Magistrate Judge filed a Findings and Recommendations recommending denial of Plaintiff's motion. On December 29, 2008, Plaintiff filed an Objection.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis. Contrary to Plaintiffs' repeated assertion, "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal

service." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999). A Defendant becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend. Id. at 350-51. Under California law service is not properly effected until the defendant executes and returns an acknowledgment of service. Cal.Code Civ. Proc. § 415(c); Thierfeldt v. Marin Hospital Dist., 35 Cal.App.3d 186, 199 (1973). Plaintiff has failed to offer proof that the written acknowledgment of service was returned with respect to the initial service of the complaint by mail, and as such, Plaintiff has not proven that service of the initial complaint was properly effected under California Civil Procedure Code § 415.30. Because Plaintiff has failed to show that service of the complaint was properly effected more than thirty days prior to Defendants' filing of their notice of removal, removal was not untimely. See Bachilla v. Pacific Bell Telephone Co., 2007 WL 2825924, 4 (E.D.Cal. 2007) (finding that Plaintiffs service of the initial pleadings by mail was properly effected because Defendant did not acknowledge service of complaint); Terry v. Travelers Indem. Co. of Connecticut, 2006 WL 2354781, 2 (E.D.Cal. 2006) (holding mailing of summons and complaint did not trigger the thirty day removal period because defendants did not sign or return the acknowledgment); Doijode v. Sears, Roebuck and Co., 2006 WL 149007, 3 (N.D.Cal. 2006) (because plaintiff did not effectuate proper service of the summons and complaint by mail, the 30-day period for removal did not commence on that date).

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed December 16, 2008, is adopted in full;
2. Plaintiff's motion to remand, filed September 26, 2008, is DENIED;
3. This action is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

**Dated: March 12, 2009**            /s/ Anthony W. Ishii
                                     CHIEF UNITED STATES DISTRICT JUDGE