UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE H. ROBINSON, | 1:08-CV-1380 AWI GSA PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | (Document #22) |
| D.G. ADAMS, et al., | |
| Defendants. | |

Plaintiff George H. Robinson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was referred to a United States Magistrate Judge pursuant to Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

On February 11, 2009, the Magistrate Judge screened the complaint pursuant to 28 U.S.C. § 1915A and ordered Plaintiff to either file an amended complaint or notify the court of his willingness to proceed only on the claims found to be cognizable. On March 5, 2009, Plaintiff filed a motion for reconsideration. Plaintiff contends that the Magistrate Judge lacked jurisdiction to issue a screening order because Plaintiff did not consent.

Motions to reconsider are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of

Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." The court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

Petitioner's objections contend that the Magistrate Judge was without authority to make any rulings in this case because he did not consent. Contrary to Petitioner's position, Local Rule 72-302(b)(c)(17) specifically refers all cases brought by a person in custody seeking relief authorized by 42 U.S.C. § 1983, including all motions, to the Magistrate Judge. Petitioner's consent is not required.

Petitioner also contends that the Magistrate Judge should not have screened the case because such a screening order is dispositive. Title 28 U.S.C. § 636(b)(1)(A) permits the district court to designate any pretrial matter to the determination of the magistrate judge, with the exception of "a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action." Section 636(b)(1)(B) allows the magistrate judge to conduct hearings and submit proposed findings of fact and recommendations to the district court on the excepted motions listed in Section 636(b)(1)(A). Finally, Section 636(b)(3) permits a district court judge to assign the magistrate judge any additional duties not inconsistent with the Constitution and the laws of the United States. In this case, screening pursuant to Section 1915A is not listed as something a Magistrate Judge cannot do, and Local Rule referred the screening to the Magistrate Judge.

Plaintiff contends that even though screening is not listed as something a Magistrate

Judge cannot do, it is still forbidden because it is dispositive. The list of excepted pretrial matters in Section 636(b)(1)(A) is not exhaustive, and a Magistrate Judge also may not issue final orders that can be characterized as dispositive. U.S. v. Rivera-Guerrero, 377 F.3d 1064, 1068 (9th Cir. 2004). The court must "look to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive of a claim or defense of a party." Id. If a motion is a final order, dispositive of a claim or defense, it is outside of the Magistrate Judge's statutorily granted jurisdiction. Id. at 1069. Here, the Magistrate Judge did not issue a dispositive order because no claims have been dismissed without leave to amend and with prejudice. At this juncture, the Magistrate Judge is merely inquiring into how Petitioner wishes to proceed. Plaintiff can still amend the complaint. The claims the Magistrate Judge found did not state a claim will not be dismissed without leave to amend and with prejudice absent Findings and Recommendations and a final order by the undersigned. Thus, the Magistrate Judge's February 11, 2009 order did not exceed his authority.

Finally, Plaintiff contends that the Magistrate Judge used a heightened pleading standard in screening his case. The court does not agree. Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, – U.S. – ,129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570)).

> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not shown – that the pleader is entitled to relief.

3

Iqbal, 129 S.Ct. at 1950 (internal quotes and cites omitted).  The court finds the Magistrate Judge followed this standard.

    Accordingly, the court ORDERS that Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

**Dated:   July 6, 2009**                      **/s/ Anthony W. Ishii**
                                     CHIEF UNITED STATES DISTRICT JUDGE