# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE H. ROBINSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>D. G. ADAMS, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-01380-AWI-GSA PC<br><br>ORDER DISMISSING CERTAIN CLAIMS FROM ACTION, WITHOUT PREJUDICE<br><br>(Docs. 1, 19, and 32)<br><br>ORDER REQUIRING DEFENDANTS TO FILE A RESPONSE TO PLAINTIFF'S COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 1) |

Plaintiff George H. Robinson ("Plaintiff") is a state prisoner proceeding pro se in this civil action filed pursuant to 42 U.S.C. § 1983 and California tort law. On September 11, 2008, pursuant to 28 U.S.C. § 1441, Defendants Adams, David, Melo, Martinez, Ruiz, Miranda, Mendoza, and Masiel ("Defendants") removed this action from Kings County Superior Court.

On February 11, 2009, the Magistrate Judge screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and issued an order requiring Plaintiff to either file an amended complaint curing the deficiencies in his claims that were found to be non-cognizable or notify the Court of his willingness to proceed only on the claims found to be cognizable. On July 13, 2009, following denial by the undersigned of his motion for reconsideration of the screening order, Plaintiff filed a notice of willingness to proceed only on his cognizable claims. Based on Plaintiff's notice, the Court will dismiss the claims that are not cognizable and direct Defendants to respond to the complaint.

///

Further, pursuant to Plaintiff's request that his right to amend be preserved, the Court will dismiss the claims without prejudice.

Accordingly, pursuant to 28 U.S.C. § 1915A and Plaintiff's notice filed July 13, 2009, it is HEREBY ORDERED that:

1. This action shall proceed on Plaintiff's complaint on the following claims:
    a. Plaintiff's Eighth Amendment claim against Defendants David, Miranda, Melo, Garcia, Mendoza, Martinez, and Masiel for use of excessive force;
    b. Plaintiff's Eighth Amendment claim against Defendant Adams and Ruiz for failing to protect him following the first incident of excessive force and his staff complaint;
    c. Plaintiff's state law assault and battery claims against Defendants Martinez, David, Miranda, and Garcia;
    d. Plaintiff's state law IIED claim against Defendants David, Miranda, Melo, Garcia, Mendoza, Martinez, and Masiel arising from their involvement in the incidents of force against him; and
    e. Plaintiff's state law negligence claim against Defendants David, Miranda, Melo, Garcia, Mendoza, Martinez, and Masiel arising from their involvement in the incidents of force against him;
2. The following claims are dismissed from this action, without prejudice, for failure to state claim:
    a. Plaintiff's Eighth Amendment claim based on the conditions of the management status cell;
    b. Plaintiff's Eighth Amendment claim against Defendant Martinez for failing to protect Plaintiff following the first incident of excessive force and his staff complaint;
    c. Plaintiff's First Amendment retaliation claim against Defendants Ruiz, Martinez, David, Miranda, Melo, and Garcia;

///

    d. Plaintiff's section 1983 supervisory liability claim against Defendants Adams and Ruiz;

    e. Plaintiff's state law IIED claim based on the conditions of the management status cell, and Plaintiff's separate state law NIED claim;

    f. Plaintiff's state law negligent supervision claim against Defendants Adams and Ruiz;

    g. Plaintiff's claim for violation of section 52.1 of the California Civil Code;

    h. Plaintiff's state law fraud claim; and

  3. Defendants shall file a response to Plaintiff's complaint within **thirty (30) days** from the date of service of this order.

IT IS SO ORDERED.

**Dated:** **July 18, 2009**      /s/ Anthony W. Ishii
                   CHIEF UNITED STATES DISTRICT JUDGE