1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9    GEORGE H. ROBINSON,                     CASE NO. 1:08-cv-01380-AWI-GSA PC

10              Plaintiff,                    FINDINGS AND RECOMMENDATIONS
                                             RECOMMENDING PLAINTIFF'S MOTION
11        v.                                 TO STRIKE RELIEF BE DENIED

12   D. G. ADAMS, et al.,                    (Doc. 36)

13              Defendants.                  OBJECTIONS DUE WITHIN THIRTY DAYS
                                    /
14

15        Plaintiff George H. Robinson, a state prisoner proceeding pro se, filed this civil action

16   pursuant to 42 U.S.C. § 1983 and California tort law on May 13, 2008, in Kings County Superior

17   Court.  The action was removed to this court by Defendants Adams, David, Melo, Martinez, Ruiz,

18   Miranda, Mendoza, and Masiel on September 11, 2008.  28 U.S.C. § 1441.  Pending before the

19   Court is Plaintiff's motion to strike Defendants' answer, filed August 28, 2009, pursuant to Rule

20   12(f), which provides, in relevant part, that "[u]pon motion . . . or upon the court's own initiative at

21   any time, the court may order stricken from any pleading any insufficient defense or any redundant,

22   immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Defendants did not file a

23   response.

24        Plaintiff first seeks the strike the answer in its entirety because it is not verified.  This

25   argument is without merit.  Defendants are not required to file a verified answer.  Fed. R. Civ. P. 8.

26        Next, Plaintiff seeks to strike Defendants' first affirmative defense, arguing that the failure

27   to state a claim is not an affirmative defense; and that the material is redundant, immaterial, and

28   scandalous in light of the fact that the Court screened the complaint and found that it stated a claim.

1

1   The Court declines Plaintiff's invitation to follow <u>Quintana v. Baca</u>, 233 F.R.D. 562, 563

2   (C.D.Cal. 2005), in which the district court granted a motion to strike and held that the failure to

3   state a claim is not an affirmative defense.  The Court agrees with the decision in <u>Hernandez v.</u>

4   <u>Balakian</u>, in which the district court found <u>Quintana's</u> reasoning to be "legally inaccurate and not

5   persuasive" given that an answer is a permissible pleading and a defense for failure to state a claim

6   may be raised in any permissible pleading.  <u>Hernandez v. Balakian</u>, No. CV-F-06-1383 OWW DLB,

7   2007 WL 1649911, at *2 (E.D.Cal. Jun. 1, 2007) (citing to Federal Rules of Civil Procedure 7(a) and

8   12(h)(2)); <u>also</u> <u>Brewer v. Salyer</u>, No. 1:06cv1324 AWI DLB, 2007 WL 2505573, at *1 (E.D.Cal.

9   Aug. 31, 2007) (citing to <u>Hernandez</u> in support of rejection of argument that failure to state a claim

10   is not a valid affirmative defense).

11   Further, while the Court screened Plaintiff's complaint and found that it stated a number of

12   cognizable claims, 28 U.S.C. § 1915A, that finding does not preclude Defendants from raising the

13   defense.  While Defendants will face an uphill battle if simply seeking to have the Court revisit what

14   it has already visited, any party is entitled to seek reconsideration of a court order, and a subsequent

15   change in the law is one example of a meritorious ground for doing so.  <u>See</u> <u>United States v. Smith</u>,

16   389 F.3d 944, 949 (9th Cir. 2004) (the court has the power to reconsider its own orders at any time

17   prior to entry of judgment and is not precluded from doing so by the law of the case doctrine).  The

18   Court rejects Plaintiff's argument that the screening of his complaint for cognizability bars

19   Defendants from ever asserting as a defense the failure to state a claim.

20   Finally, Plaintiff seeks to strike affirmative defenses two through seven because Defendants

21   failed to support them with facts.  Defendants are required to "affirmatively state any avoidance or

22   affirmative defenses."  Fed. R. Civ. P. 8(c)(1).  An affirmative defense is sufficient if it gives fair

23   notice of the defense.  <u>Hernandez v. Balakian</u>, 2007 WL 1649911, at *1 (citing <u>Wyshak v. City</u>

24   <u>National Bank</u>, 607 F.2d 824, 827 (9th Cir. 1979)).  As the moving party, Plaintiff bears the burden

25   on his motion to strike and the standard for granting such a motion is high.  <u>Willis v. Mullins</u>, No.

26   CIV-F-04-6542 AWI LJO, 2006 WL 2792857, at *1 (E.D.Cal. Sept. 28, 2006).

27   "'Motions to strike a defense as insufficient are not favored by the federal courts because of

28   their somewhat dilatory and often harassing character,'" <u>Hernandez</u>, 2007 WL 1649911, at *1

2

1  (quoting Wright & Miller, Federal Practice and Procedure: Civil 3d § 1381, pp.421-425), and they

2  are infrequently granted, Allen v. Woodford, No. 1:05-CV-01104-OWW-LJO, 2006 WL 1748587,

3  at *20 (E.D. Cal. 2006) (citing Bassiri v. Xerox Corp., 292 F.Supp.2d 1212, 1220 (C.D. Cal. 2003)).

4  "'[E]ven when technically appropriate and well-founded, Rule 12(f) motions often are not granted

5  in the absence of a showing of prejudice to the moving party.'" Hernandez, 2007 WL 1649911, at

6  *1; also McArdle v. AT&T Mobility, LLC, No. C 09-1117 CW, 2009 WL 2969463, at *9 (N.D.Cal.

7  Sept. 14, 2009).  Further, "a motion to strike an affirmative defense 'will not be granted unless it

8  appears to a certainty that plaintiffs would succeed despite any state of the facts which could be

9  proved in support of the defense and are inferable from the pleadings.'" Acacia Corporate

10  Management, LLC v. United States, No. CIV F-07-1129 AWI GSA, 2008 WL 191029, at *5

11  (E.D.Cal. Jan. 22, 2008) (quoting Williams v. Jader Fuel Co., 944 F.2d 1388, 1400 (7th Cir. 1991)).

12      Although Plaintiff correctly states that affirmative defenses two through seven are not

13  supported by any specific facts, Plaintiff is seeking to have the defenses stricken based on his bald

14  assertion that they do not provide him with fair notice.  The Court finds that Plaintiff has not met his

15  burden as moving party, have made no showing that the defenses do not place him on fair notice.

16  Willis, 2006 WL 2792857, at *1.  In addition, the Court cannot find that it appears to a certainty that

17  Plaintiff will succeed.  Acacia Corporate Management, LLC, 2008 WL 191029, at *5.

18      Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's motion to strike, filed

19  August 28, 2009, be DENIED in its entirety.

20      These Findings and Recommendations will be submitted to the United States District Judge

21  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

22  **days** after being served with these Findings and Recommendations, the parties may file written

23  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

24  Findings and Recommendations."  The parties are advised that failure to file objections within the

25  ///

26  ///

27  ///

28  ///

1    specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d

2    1153 (9th Cir. 1991).

3

4

5           IT IS SO ORDERED.

6       **Dated:    November 20, 2009**                    **/s/ Gary S. Austin**
                                                     UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28