# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE H. ROBINSON,<br><br>            Plaintiff,<br><br>    v.<br><br>D. ADAMS, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:08-cv-01380-AWI-SKO PC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL<br><br>(Doc. 41) |

Plaintiff George H. Robinson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On January 19, 2010, Plaintiff filed a motion to compel discovery responses from Defendants. (Doc. #41.)

Plaintiff's motion describes three discovery disputes. First, Plaintiff contends that Defendants did not respond to Plaintiff's requests to depose each Defendant. Second, Plaintiff contends that Defendants failed to respond to a set of interrogatories and request for production of documents that Plaintiff sent on September 21, 2009. Third, Plaintiff contends that Defendants' response to his August 25, 2009 request for production of documents was inadequate.[1]

///
///
///

---

[1] The Court notes that the discovery cut-off date set forth in the Court's August 20, 2009 discovery and scheduling order has already passed. However, in an order issued concurrently with this order, the Court will extend the discovery period by 60 days.

1

**I.     Discussion**

    **A.     Plaintiff's Request to Depose Defendants**

Plaintiff complains that Defendants failed to respond to Plaintiff's September 1, 2009 request to depose Defendants. Defendants contend that they responded to Plaintiff's requests by informing Plaintiff that his request to depose Defendants did not comply with the applicable requirements of the Federal Rules of Civil Procedure. Specifically, Defendants informed Plaintiff that his notice failed to specify the method of recording the deposition as required by Rule 30. Further, Plaintiff did not provide the name or contact information for the officer conducting the deposition as required under Rule 28.

Defendants' objections to Plaintiff's failure to specify the method of deposition appear to be unfounded. Plaintiff's notice, attached to his motion as an exhibit, explicitly states that Plaintiff wished to depose Defendants at Salinas Valley State Prison using audio and video recorders. Defendants' opposition appears to express skepticism over Plaintiff's ability to pay for the audiovisual recording of the deposition.[2] However, there is no indication from Plaintiff's notice or Defendants' opposition that Plaintiff cannot afford or cannot otherwise make arrangements for recording and/or transcribing the deposition. Defendants have made no effort to contact Plaintiff to clarify the arrangements for taking the deposition and the Court finds no defects on the face of Plaintiff's notice to Defendants.

Defendants also complains that Plaintiff failed to provide the name or contact information of the officer/court reporter conducting the deposition. Federal Rule of Civil Procedure 30(b)(5) states "[u]nless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28." Federal Rule of Civil Procedure 28 provides that a deposition must be taken before "an officer authorized to administer oaths" or "a person appointed by the court." Further, Federal Rule of Civil Procedure 28(c) states "[a] deposition must not be taken before a person who is any party's relative, employee, <u>or attorney</u>; who is related to or employed by any party's attorney; or who is financially interested in the action." (Emphasis added.) Plaintiff

---

[2] Plaintiff is advised that he is required to bear the costs of recording the deposition. Federal Rule of Civil Procedure 30(b)(3)(A), (B).

2

1  requested that Defendants' attorney conduct the deposition, which is expressly prohibited by the
2  Federal Rules of Civil Procedure. However, Rule 29 expressly states that the parties may stipulate
3  to having a deposition taken "before any person, at any time or place, on any notice, and in the
4  manner specified." Federal Rule of Civil Procedure 29(a). Similarly, Rule 30(b)(5) allows the
5  parties to stipulate to arrangements regarding the use of an officer to conduct the deposition.

6  The Court interprets Plaintiff's notice as requesting that the Defendants stipulate to having
7  the Rule 28(b)(5) duties conducted by Defendants' attorney. While it is Defendants' prerogative to
8  consent or object to Plaintiff's request, the Court finds that Defendants' response to Plaintiff's notice
9  is inadequate. Instead of addressing any possible stipulation regarding the arrangements for the
10 deposition, Defendants merely dismiss Plaintiff's notice on the grounds that it is deficient because
11 it fails to contain contact information for the official conducting the deposition. The Court notes that
12 the Federal Rules of Civil Procedure do not require Plaintiff's deposition notice to identify the
13 officer conducting the deposition. See Federal Rule of Civil Procedure 30(b)(1). Therefore, the
14 Court will require Defendants to make some effort to resolve the dispute with Plaintiff, rather than
15 simply ignore the issue. The Court will order Defendants to meet and confer with Plaintiff within
16 twenty (20) days of the date of service of this order to discuss the arrangements for the depositions.

17 **B.     September 21, 2009 Interrogatories/Request for Production of Documents**

18 Plaintiff claims that he sent a set of interrogatories and request for production of documents
19 to Defendants on August 25, 2009. Plaintiff contends that Defendants have failed to respond to the
20 interrogatories and requests for production. Defendants contend that they never received Plaintiff's
21 interrogatories and request for production of documents. If Defendants have still not responded to
22 Plaintiff's interrogatories and document production requests, Defendants are ordered to do so within
23 thirty (30) days of the date of service of this order.[3]

24 ///
25 ///
26

---

27  [3] If Defendants still have not received Plaintiff's interrogatories and document production requests, a copy
28  of Plaintiff's Interrogatories and Request for Production of Documents is attached as Exhibit C to Plaintiff's motion
to compel.

3

### C. August 25, 2009 Request for Production of Documents

Plaintiff challenges Defendants' objections to his August 25, 2009 request for production of documents. Defendants objected to a number of Plaintiff's requests for documents on the grounds that they were overly broad, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

As an initial matter, the Court notes that Plaintiff's motion to compel suffers from substantial defects. Plaintiff's objections to Defendants' responses are generalized and abstract. Although the Court does not hold pro se litigants to the same standard that it holds attorneys, the moving party must bear the burden of informing the Court of which discovery requests are the subject of the motion to compel, which of the responses are disputed, why the responses are deficient, why the objections are not justified, and why the information sought is relevant to the prosecution of this action. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (moving party bears burden of showing that denial of discovery results in actual and substantial prejudice); see, e.g., Brooks v. Alameida, No. 03-2343, 2009 WL 331358, at *2 (E.D. Cal. Feb.10, 2009) ("Without knowing which responses plaintiff seeks to compel or on what grounds, the court cannot grant plaintiff's motion"); Ellis v. Cambra, No. 02-5646, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008) ("Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the court why the information sought is relevant and why Defendant's objections are not justified"). Plaintiff does not provide specific arguments regarding specific discovery requests. Plaintiff instead makes vague and generalized arguments regarding every discovery request. For example, Plaintiff challenges Defendants' objection that the discovery requests are not relevant to the prosecution of this action. However, Plaintiff's argument in support of this position is only a conclusory assertion that Defendant's objection is without merit, and that the discovery requests are, in fact, relevant. Plaintiff makes no effort to inform the Court of how each specific discovery request is reasonably calculated to lead to the discovery of admissible evidence.

The Court will not address any objection by Plaintiff that fails to identify a specific discovery request and fails to provide specific arguments as to why Defendants' objection to that particular

4

1  discovery request was not justified. Plaintiff complains that "[he] can go line by line and address
2  each request and the reasons why [he] need[s] the documents that [he] requested. But the result
3  would be a lengthy motion repeating the same thing over and over. . . . [Plaintiff] respectfully
4  request[s] a little leeway and ask the court to review the complaint and the Exhibits presented with
5  the motion and herein." (Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion to
6  Compel at 6.) If Plaintiff does not bear the burden of explicitly setting forth the arguments behind
7  his motion to compel, the Court will not do it for him. The Court cannot go through every single
8  document request and attempt to determine how they are relevant to the prosecution of this action
9  and speculate on whether they are overly broad, overly burdensome, or reasonably calculated to lead
10 to the discovery of admissible evidence. It is Plaintiff's burden to identify which objections are not
11 justified and why the document requests are reasonably calculated to lead to the discovery of
12 admissible evidence.

13 While the majority of Plaintiff's motion to compel is a single narrative raising vague and
14 generalized challenges to Defendants' objections, Plaintiff's motion does specifically address
15 Defendants' responses to three production requests. The Court will address Plaintiff's arguments
16 related to these three specific document production requests. Plaintiff's motion to compel related
17 to the other requests will be denied without prejudice to Plaintiff's ability to re-file a motion to
18 compel that specifically identifies each specific request and raises particularized arguments that
19 demonstrate why Defendants' response was unjustified.

### 1. Request No. 22

Request No. 22 states:

> All Pleadings of complaints, filed in either State or Federal Courts in a civil proceedings [sic] that set-forth [sic] a cause of action of excessive force or assault and battery, and named any of the defendants in this present matter. I want all complaints & case numbers.

Defendants' response states:

> Defendants object to this request on the grounds that it is overly burdensome, overly broad, not relevant to this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendants are not in possession, custody, or control of documents responsive to this request.

In their opposition, Defendants' clarify their objections. Defendants contend that the request is overly burdensome because the California Department of Corrections and Rehabilitation ("CDCR") does not maintain copies of civil complaints organized by officer name. Therefore, Defendants would have to sort through every complaint filed in the last eight (8) years to produce the documents requested. Defendants further argue that the request is overbroad and is not limited to factual situations similar to those alleged by Plaintiff. Finally, Defendants argue that Plaintiff has not demonstrated the relevance of these documents.

Plaintiff states that it is his intention to demonstrate that Defendants David and Miranda have a long history of using excessive force on inmates that is evinced in their litigation history. While Plaintiff is prohibited from using Defendants' history of bad acts "to prove the character of a person in order to show action in conformity therewith," the Court notes that information about prior litigation involving the alleged use of excessive force may lead to the discovery of evidence admissible for purposes such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Federal Rule of Evidence 404. Access to such information may also lead to the discovery of evidence admissible for the purpose of proving habit or routine. Federal Rule of Evidence 406. Most significantly, the Court notes that information regarding past excessive force lawsuits may be highly probative in proving whether Defendants Adams and Ruiz were aware that the other Defendants posed a threat to Plaintiff's safety.

The Court finds that Request No. 22 is indeed likely to lead to the discovery of admissible evidence. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Federal Rule of Civil Procedure 26(b)(1). The Court will overrule Defendants' objections regarding the burden imposed on Defendants by Plaintiff's requests. Defendants have not persuasively demonstrated that the burden is so great that it outweighs the potential probative value of this information to Plaintiff's theory of liability against Defendants Adams and Ruiz. The Court will also overrule Defendants' objection that the request is overbroad. Plaintiff has limited his request to information regarding the complaints filed against the named Defendants that accused Defendants of using excessive force; thus, Plaintiff's request is sufficiently narrow.

1    Finally, Plaintiff's contention that they are not in possession, custody, or control of the
2 documents in question is not persuasive.  The Court finds it highly unlikely that Defendants are not
3 in possession, custody, or control of documents related to other civil litigation against them.  Further,
4 Plaintiff's objections regarding the burden imposed by the request implies that they have access to
5 the documents in question.  "A party may be ordered to produce a document in the possession of a
6 non-party entity if that party has a legal right to obtain the document or has control over the entity
7 who is in possession of the document."  Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal.
8 1995) (citing Buckley v. Vidal, 50 F.R.D. 271, 274 (S.D.N.Y. 1970)).  Although the California
9 Department of Corrections and Rehabilitation ("CDCR") is not a party to this action, in the Court's
10 experience, Defendants who are employed by CDCR can generally obtain documents such as the
11 ones at issue here by requesting them.  Thus, it is likely that Defendants have access to the requested
12 documents, and can produce them.  Plaintiff's motion to compel with respect to Request No. 22 will
13 be granted and the Court will order Defendants to produce the documents requested.

14       **2.      Request No. 29**

15    Request No. 29 states:

16> All documents relating, pertaining, and/or referring to the investigation conducted by Corcoran State Prison and/or CDCR
17> concerning George H. Robinson's allegations of excessive force and misconduct.  As set-forth in the complaint [sic].
18

19    Defendants' response states:

20> Documents responsive to this request are contained in Plaintiff's
21> central file, which is available for inspection and copying pursuant to institutional policies and procedures.

22    Plaintiff argues that although some of the documents responsive to this request may be
23 available to Plaintiff via his central file, other documents are not available.  Plaintiff contends that
24 some of the documents generated in the course of the investigation of the incident described in
25 Plaintiff's complaint may not be placed in Plaintiff's central file.  He specifically contends that video
26 taped interviews responsive to this request exist, but and are not in Plaintiff's central file.

27    The Court finds Defendants' response to be inadequate.  It is unclear whether it is
28 Defendants' contention that <u>all</u> documents responsive to this request are contained in Plaintiff's

1 central file. Defendants have not responded to Plaintiff's contention that documents exist that are related to Plaintiff's allegations of excessive force that are not contained in Plaintiff's central file. Plaintiff specifically identifies video-taped interviews. Defendants are warned that the failure to produce documents in response to Plaintiff's request may result in the exclusion of that evidence under Federal Rule of Civil Procedure 37(c)(1), as well as other appropriate sanctions. Defendants will be ordered to serve Plaintiff with a further response that clarifies whether documents exist that are responsive to this request and are not contained in Plaintiff's central file. Defendants' response must be served within thirty (30) days of the date of service of this order.

### 3. Request No. 32

Request No. 32 states:

> All videos and photographs taken of George Robinson as part of the investigation.

Defendants' response states:

> Defendants object to this request on the grounds that it vague [sic] as to date and to which incident Plaintiff is referring. Without waiving these objections, and assuming Plaintiff is referring to the incident of January 22, 2007, as reflected in Crime/Incident Report, Log No. COR-04A-07-01-0039, there are no documents responsive to this request.

The Court finds that Defendants' response is inadequate. In his motion to compel, Plaintiff claims that he was interviewed twice and each interview was video-taped. Defendants contend that there are no documents responsive to Plaintiff's request, but fails to respond to Plaintiff's specific contention regarding the existence of at least two video-taped interviews. While Defendants' objection regarding the vagueness of Plaintiff's request is duly noted, the Court will order Defendants to respond to the request with respect to the investigation of the incidents alleged in Plaintiff's complaint. The Court will order Defendants to serve Plaintiff with a further response that addresses whether the video tapes specifically identified by Plaintiff exist, and are in Defendants' possession, custody, or control. If they exist but are not available, Defendants must explain what happened to the video tapes. Defendants' response must be served on Plaintiff within thirty (30) days of the date of service of this order.

1    **D.     Plaintiff's Request to Sanction Defendants for Untimely Objections**

2    In his reply to Defendants' objections, Plaintiff contends that Defendants' objections to
3 Plaintiff's motion to compel were filed untimely and that Defendants should, therefore, be
4 sanctioned. Plaintiff contends that he served his motion to compel on December 27, 2009. Plaintiff
5 argues that the Court "mistakenly" found that the motion was received and filed on January 19, 2010
6 and that Defendants also contend that they received Plaintiff's motion on January 19, 2010.
7 Defendants filed a motion requesting the Court's permission to file a late opposition to Plaintiff's
8 motion to compel. (Doc. #45.) The Court granted Defendants' motion on March 4, 2010. (Doc.
9 #47.) Plaintiff's objection to the Court's granting of an extension of time is in essence a motion for
10 reconsideration governed by Local Rule 230(j). Under Local Rule 230(j), any motion for
11 reconsideration of a Court's order granting or denying a motion must set forth the facts and
12 circumstances justifying reconsideration, such as new or different facts or circumstances which did
13 not exist or were not shown upon such prior motion, or what other grounds exist for the motion, and
14 why the facts or circumstances were not shown at the time of the prior motion.

15    Even taking into consideration the objections filed by Plaintiff after the Court granted
16 Defendants' motion, Plaintiff has failed to demonstrate that reconsideration of the Court's order is
17 warranted. The Court's docket indicates that Plaintiff's motion was not received by the Court until
18 January 19, 2010. Plaintiff states that he "takes offense at the inference that he has lied about
19 mailing out request or motions." The Court makes no inference regarding the date on which Plaintiff
20 mailed his motion to compel. Plaintiff's motion to compel may have experienced delayed delivery
21 due to a number of circumstances outside Plaintiff's, Defendants' or the Court's control. However,
22 the docket states that the Court received and filed Plaintiff's motion sometime on or around January
23 19, 2010, lending support to Defendants' contention that they did not receive Plaintiff's motion until
24 sometime around January 19, 2010. Defendants' attorney, Ms. Hammond, also claimed that good
25 cause existed for an extension of time due to illness. Plaintiff's objection that the motion to compel
26 could have been handled by another attorney in Ms. Hammond's office is without merit, as another

27 ///

28 ///

attorney may not have been familiar with the facts of this case. Accordingly, Plaintiff's request for sanctions will be denied.[4]

### E. Meet and Confer

Plaintiff complains that Defendants have failed to respond to Plaintiff's numerous requests to meet and confer pursuant to Federal Rule of Civil Procedure 37(a)(1). Defendants provide no explanation for this failure to respond. Therefore, the Court will order Defendants to meet and confer with Plaintiff regarding any outstanding discovery disputes after serving the responses to Plaintiff's discovery requests specified in this order. Defendants are ordered to contact Plaintiff and/or the institution where Plaintiff is housed to arrange the time, place and manner (whether it be in person, or via telephone) when they are to meet and confer. Such meeting shall take place after the discovery responses are served but no later than forty-five (45) days after the date of service of this order. Defendants are forewarned that the failure to comply with this order may result in sanctions. See Local Rules 110 and 251(d).

## II. Conclusion and Order

Based on the foregoing, the Court HEREBY ORDERS that:

1. Within twenty (20) days of the date of service of this order, Defendants are to meet and confer with Plaintiff regarding the arrangements for conducting Plaintiff's requested depositions;

2. Within thirty (30) days of the date of service of this order, Defendants are to provide responses to Plaintiff's September 21, 2009 "Interrogatories and Request for Production of Documents Set No. One";

3. Plaintiff's motion to compel is GRANTED with respect to Request No. 22. Defendants are to provide the requested documents within thirty (30) days of the date of service of this order;

4. Within thirty (30) days of the date of service of this order, Defendants are to provide further responses to Request No. 29 and Request No. 32 from Plaintiff's August 25,

---

[4] The Court also reminds Plaintiff that Plaintiff's own request for extension of time on April 1, 2009 was granted by the Court. (Doc. #28.)

1 | 2009, Request for Production of Documents;

2 | 5. Plaintiff's request to sanction Defendants for their failure to file timely objections to Plaintiff's motion to compel is DENIED; and

4 | 6. Following service of the discovery responses specified in this order, but no later than forty-five (45) days after the date of service of this order, Defendants are ordered to arrange a time, place and manner to meet and confer, and conduct a meet and confer with Plaintiff regarding any further discovery disputes.

IT IS SO ORDERED.

**Dated:   May 10, 2010**                           /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE