# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE H. ROBINSON, | CASE NO. 1:08-cv-01380-AWI-SKO PC |
| Plaintiff, | ORDER RE MOTIONS |
| v. | (Docs. 62, 63) |
| D. ADAMS, et al., | |
| Defendants. | |

Plaintiff George H. Robinson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On July 8, 2010, Plaintiff filed a motion requesting reconsideration of the Court's June 29, 2010 order partially granting Plaintiff's motion for an extension of time to conduct discovery. (Doc. #62.) On July 9, 2010, Plaintiff filed a motion requesting leave to file an amended complaint. (Doc. #63.)

Plaintiff's July 8, 2010 motion for reconsideration requests the Court to reconsider Plaintiff's motion seeking an extension of time to conduct discovery and to file an amended complaint. Plaintiff argues that reconsideration is warranted because he is scheduled to attend a trial in the future and may be separated from his legal property and will be unable to participate in discovery. Plaintiff requests an extension of the discovery deadline to accommodate the delay caused by the trial. Plaintiff contends that the deficiencies in his original motion for an extension of time were caused by the fact that "[t]here are times that [Plaintiff] can't get to the law library to make copies" and he must "re-type or re-write motions to serve a copy" and he is not a "good fast typer." (Pl.'s

///

Mot. for Reconsideration of Magistrate Judge's Order Denying Pl.'s Mot. to Extend Deadling[sic] to Conduct Discovery and to Amend Compl. 1-2, ECF No. 62.)

Pursuant to Local Rule 230(j), an application for reconsideration must set forth the material facts and circumstances for which reconsideration is sought.  The Court finds Plaintiff's arguments in support of his motion for reconsideration to be unpersuasive.  Plaintiff claims that there are additional discovery issues that need to be resolved because Plaintiff needs to "propound additional interrogatories and admissions" and needs to amend his complaint "to correct legal claims regarding Deliberate Indifference that were skipped over during the screening process."  (Mot. for Reconsideration 2, ECF No. 62.)  Plaintiff's prior motion for an extension of time was partially granted by giving Plaintiff an extension of time to file a motion to compel.  Plaintiff did not even mention the need to propound additional interrogatories.  Further, Plaintiff did not explain why he needed to amend his complaint.  Moreover, Plaintiff's request for an extension of time through February 1, 2011 to amend the pleadings and conduct discovery, and March 1, 2011 to file dispositive motions was highly excessive in light of the justifications set forth in his motion.  Instead of permitting Plaintiff to further delay this litigation by filing new discovery requests and amending his complaint, the Court only partially granted Plaintiff's motion for an extension of time.  The Court found that Plaintiff had only demonstrated good cause to extend the deadline for filing his motion to compel.  The Court will not reconsider its ruling on Plaintiff's prior motion simply because Plaintiff cannot type fast.  Plaintiff's motion for reconsideration will be denied.

Since Plaintiff's motion for reconsideration will be denied, Plaintiff's motion to amend his complaint will be denied as untimely.  The deadline for amending the pleadings was June 30, 2010.  Plaintiff's motion to compel was signed on July 6, 2010.  Further, even if Plaintiff's motion for leave to amend was not untimely, Plaintiff has failed to demonstrate good cause to amend his complaint.  Under Federal Rule of Civil Procedure 15(a)(2), Plaintiff may only amend his complaint with the opposing party's written consent or leave of court.  Although "the court should freely give leave when justice so requires," Plaintiff has made no attempt to demonstrate why "justice so requires" the Court to grant Plaintiff leave to amend his complaint this late in the course of litigation.  Plaintiff only offers the conclusory argument that the motion is made in good faith, and is not a dilatory tactic.

Plaintiff also concludes that the granting of leave to amend will not cause any prejudice to Defendants, which is an untenable conclusion as Defendants have been defending and conducting discovery with respect to the claims raised in Plaintiff's original complaint for nearly a year and Plaintiff is seeking to add new claims when the discovery deadline has already passed. Plaintiff's new claims will only extend discovery further and cause further delay. Plaintiff does not explain why he took so long to request leave to amend his complaint.

Further, the only new claims explicitly identified by Plaintiff in his amended complaint are his claims against the California Department of Corrections and Rehabilitations ("CDCR") and J. Denney. After reviewing Plaintiff's allegations against CDCR and J. Denney, the Court finds any amendment to be futile. Plaintiff's allegations against CDCR and J. Denney are not sufficient to state a claim.[1] Therefore, Plaintiff's motion for leave to amend will be denied.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's July 8, 2010 motion for reconsideration is DENIED; and

2. Plaintiff's July 9, 2010 motion requesting leave to amend is DENIED.

IT IS SO ORDERED.

**Dated:   August 23, 2010**          /s/ Sheila K. Oberto
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant CDCR is immune from liability under the Eleventh Amendment. See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Hyland v. Wonder, 117 F.3d 405, 413 (9th Cir.), amended by 127 F.3d 1135 (9th Cir. 1997); see also Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (stating Board of Corrections is agency entitled to immunity); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity). Plaintiff's only allegation against Defendant Denney is that he is "a person [Plaintiff has] never meet[sic] or heard of before" who issued a document that was titled "PROPERTY RESTRICTION STATUS" that falsely alleged that Plaintiff covered his cell light and placed a sheet that "prevent[ed] visibility to the rear of [Plaintiff's] cell." (Am. Compl. 7, ECF No. 64.) Plaintiff also vaguely alleges that Denney was "negligent in responding to [Plaintiff's] complaints of not having a mattress and demand for my legal documents." (Am. Compl. 19, ECF No. 64.) Plaintiff's scant factual allegations against J. Denney are not sufficient to support a claim under any theory.