# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE H. ROBINSON, | CASE NO. 1:08-cv-01380-AWI-SKO PC |
| Plaintiff, | ORDER DENYING MOTIONS |
| v. | (Docs. 71, 73) |
| D. ADAMS, et al., | |
| Defendants. | |

Plaintiff George H. Robinson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On August 26, 2010, Plaintiff filed a motion "for a status conference or court filing docket." (Doc. #71.) On August 30, 2010, Plaintiff filed a motion requesting permission to perform a polygraph examination, presumably on himself. (Doc. #73.)

In his motion for a status conference, Plaintiff states that he was temporarily transferred to the R.J. Donovan Correctional Facility in July and returned to Salinas Valley state prison on August 3, 2010. Plaintiff requests a status conference or copy of the Court's docket to determine whether Plaintiff missed any filings while he was away. As a courtesy, the Court will order the Clerk's Office to provide Plaintiff with a printout of the docket for this case. However, Plaintiff is advised that he is responsible for keeping the court apprised of his most current address in order to ensure that he receives all court filings in a timely manner.

In his motion requesting permission to take a polygraph examination, Plaintiff argues that a polygraph examination is necessary to "level the playing field" in terms of the credibility of Plaintiff's testimony compared to the testimony of correctional officers. Plaintiff's three-page

1  motion requests permission to take a polygraph examination and introduce the results as evidence
2  during trial.  However, Plaintiff has failed to explain why he needs the court's permission to take the
3  examination and has failed to provide any arguments regarding the admissibility of the examination.

4        Presumably, Plaintiff's incarceration interferes with his access to the equipment necessary
5  to conduct the examination.  However, the Court will not rule on Plaintiff's motion based on
6  presumptions.  If Plaintiff is unable to perform a polygraph examination without court intervention,
7  Plaintiff must seek a preliminary injunction requiring prison officials to provide him with access to
8  polygraph equipment.  Plaintiff has failed to present any argument regarding the propriety of
9  preliminary injunctive relief.  See Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365,
10 374 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed
11 on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the
12 balance of equities tips in his favor, and that an injunction is in the public interest" ).

13       Plaintiff also requests permission to introduce the results of the polygraph examination as
14 evidence during his trial.  To the extent that Plaintiff requests the Court to rule on the admissibility
15 of a polygraph examination, Plaintiff is advised that he may request that this evidence be admitted
16 at trial; however, Defendants may file a motion seeking to exclude this evidence at trial.  The Court
17 will not rule on the admissibility of Plaintiff's polygraph examination until it is properly raised
18 before the Court, such as in a motion in limine.  Accordingly, Plaintiff's motion will be denied.

19       Based on the foregoing, it is HEREBY ORDERED that:
20     1.    Plaintiff's August 26, 2010, motion for a status conference is DENIED;
21     2.    The Clerk is directed to mail Plaintiff a printout of the docket for this case; and
22     2.    Plaintiff's August 30, 2010, motion for permission to conduct a polygraph
23         examination is DENIED.

24
25 IT IS SO ORDERED.

26 **Dated:   January 13, 2011**           /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE
27
28