# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE H. ROBINSON, | CASE NO. 1:08-cv-01380-AWI-SKO PC |
| Plaintiff, | ORDER DENYING MOTIONS FOR RECONSIDERATION |
| v. | (Docs. 72, 74) |
| D. ADAMS, et al., | |
| Defendants. | |

Plaintiff George H. Robinson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court are two motions for reconsideration from Plaintiff. (Docs. #72, 74.)

Plaintiff requests reconsideration by a district judge of the court order denying Plaintiff's request for leave to amend his complaint. On June 29, 2010, the Court denied Plaintiff's request for an extension of time to file an amended complaint. (Doc. #61.) The deadline for amending the pleadings was June 30, 2010. Plaintiff filed a motion requesting leave to amend on July 9, 2010. The Court's August 23, 2010 order denied Plaintiff's request for leave to amend and Plaintiff's request for reconsideration of the order denying the extension of time. (Doc. #70.)

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). A motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enterprises v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). To succeed, a party must set forth facts or law of a strongly

1  convincing nature to introduce the Court to reverse its prior decision.  See, e.g., Kern-Tulare Water
2  Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part
3  on other grounds, 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration, Local
4  Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist
5  which did not exist or were not shown upon such prior motion, or what other grounds exist for the
6  motion."  The Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly
7  erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A); Federal Rule of Civil
8  Procedure 72(a).

9       The Magistrate Judge denied Plaintiff's motion to amend because it was untimely and
10 because the motion failed to set forth sufficient arguments why Plaintiff's attempt to cure the
11 deficiencies identified in the February 11, 2009 screening order came after over a year.  Although
12 Plaintiff claims that discovery was delayed because Defendants failed to cooperate with Plaintiff's
13 discovery requests, Plaintiff did not identify any evidence or information obtained during the course
14 of discovery that lead to the discovery of the new or different claims presented in Plaintiff's amended
15 complaint filed on July 9, 2010.

16      Accordingly, the Court HEREBY ORDERS that Plaintiff's motions for reconsideration are
17 DENIED.

19 IT IS SO ORDERED.

20 Dated:   January 14, 2011
21                                                                 CHIEF UNITED STATES DISTRICT JUDGE