1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8
9  GEORGE H. ROBINSON,                     CASE NO. 1:08-cv-01380-AWI-SKO PC

10               Plaintiff,                ORDER PARTIALLY GRANTING PLAINTIFF'S
                                           MOTION TO COMPEL
11     v.
                                           (Doc. 65)
12  D. ADAMS, et al.,

13               Defendants.
                                    /
14

15         Plaintiff George H. Robinson ("Plaintiff") is a state prisoner proceeding pro se in this civil

16  rights action pursuant to 42 U.S.C. § 1983.  On July 15, 2010, Plaintiff filed a motion to compel.

17  (Doc. #65.)  Defendants filed a reply on November 5, 2010 and an amended reply on November 8,

18  2010.  (Doc. #83-84.)  Plaintiff filed a reply on November 29, 2010 and a supplemental reply on

19  December 8, 2010.  (Doc. #91-92.)

20  **I.    Background**

21         Plaintiff claims that correctional officers used excessive force against him on three separate

22  occasions.  On January 22, 2007, Plaintiff alleges he was attacked by Defendants David and Miranda,

23  and that Defendants Melo, Garcia, Mendoza, and Martinez failed to intervene.  Plaintiff also alleges

24  that he was pepper sprayed by Martinez while he was unconscious.  On January 23, 2007, Plaintiff

25  was interviewed about the incident and David allegedly pulled Plaintiff's ears and hit him during the

26  interview.  On February 11, 2007, Plaintiff alleges that Garcia held Plaintiff's arm while Miranda hit

27  him in the back and the head with his fist and kicked him in the butt.  Plaintiff also alleges that

28  Defendant Adams and Ruiz knew the other correctional officers posed a threat to Plaintiff after the

1

first incident and failed to take reasonable measures to protect Plaintiff by transferring him to another location.

On February 11, 2009, the Court screened Plaintiff's complaint and determined that Plaintiff stated cognizable claims against Defendants David, Miranda, Melo, Garcia, Mendoza, Martinez, and Masiel for the use of excessive force in violation of the Eighth Amendment, and cognizable claims against Defendants Adams and Ruiz for failing to protect Plaintiff in violation of the Eighth Amendment. The Court also determined that Plaintiff stated state law claims for assault and battery against Defendants Martinez, David, Miranda, and Garcia, claims for intentional infliction of emotional distress against David, Miranda, Melo, Garcia, Mendoza, Martinez, and Masiel, and claims for negligence against Defendants David, Miranda, Melo, Garcia, Mendoza, Martinez, and Masiel.

## II.  Discussion

Plaintiff seeks to compel further responses to interrogatories propounded on Defendants Adams, Melo, and Garcia. Plaintiff also seeks to compel further responses to document production requests propounded on Defendants.

Pursuant to Federal Rule of Civil Procedure 26(b), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Federal Rule of Civil Procedure 26(b). Further:

> [T]he court must limit the frequency or extent of discovery otherwise allowed . . . if it determines that:
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Federal Rule of Civil Procedure 26(b)(2)(C).

Under Federal Rule of Civil Procedure 37(a), a party propounding discovery may move for

an order compelling disclosure or discovery if a party has failed to respond to a discovery request or provided evasive or incomplete responses to a discovery request.

**A.      Plaintiff Has Failed to Demonstrate That Defendants' Objections Are Untimely**

Plaintiff argues that "Defendants all have failed to provide a timely response to the interrogatories and requests for production of documents.  Their response and objections constitute a waiver." (Mot. to Compel 9, ECF No. 65.)  However, Defendants correctly note that Plaintiff has failed to offer evidence regarding when his discovery requests were served on Defendants or when Defendants served their responses on Plaintiff.

In his reply, Plaintiff argues that he propounded the requests on September 21, 2009, and Defendants did not serve their responses within 45 days.  However, Defendants indicated that they did not receive Plaintiff's discovery requests and the Court ordered Defendants to respond within 30 days on May 11, 2010.  Plaintiff has not shown that Defendants failed to respond within 30 days of May 11, 2010.  Accordingly, the Court finds that Plaintiff has failed to demonstrate how or why Defendants' objections are untimely.

**B.      Defendant Adams' Responses to Plaintiff's Interrogatories**

Plaintiff propounded a set of interrogatories and document production requests on Defendant Adams on September 21, 2009.  After Adams failed to respond, Plaintiff filed a motion to compel. (Doc. #41.)  Defendants claimed they did not receive the interrogatories and the Court ordered Defendants to respond to them on May 11, 2010. (Doc. #55.)  Plaintiff propounded five additional interrogatories on March 7, 2010.  Defendant Adams responded to the original interrogatories but did not respond to the five additional interrogatories.  Plaintiff seeks an order compelling Defendant Adams to respond to the five additional interrogatories, identified as Interrogatories Nos. 16-20.

Plaintiff also seeks further responses to Interrogatories Nos. 2-5, 7 and 11.

**1.      Interrogatory No. 2**

Plaintiff's Interrogatory No. 2 states:

> State all "YOUR" procedures in effect from January 1, 2003 through the present, relating, pertaining, and/or referring to the handling of inmates housed in the Security Housing Units, (hereinafter "SHU"), at CORCORAN.  If those procedures are set-forth in any policies, directives or other documents, produce any and all DOCUMENTS.

Defendant Adams' response states:

> Responding Party objects to this request on the grounds that it is vague as to the terms "all your procedures" and "handling of inmates," is overly broad, overly burdensome, is inarticulate, lacks foundation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff claims the interrogatory is relevant because the procedures that were in place will be relevant to the subject matter at trial.  However, Plaintiff does not provide an adequate explanation as to how Defendant's answer would be relevant.  Plaintiff claims that other inmates suffered similar injuries as Plaintiff and that Plaintiff may be able to establish "a habit and pattern which should have [put] Defendant Adams [on] notice of a risk of harm to all inmates at the hands of the officer defendants."  (Pl.'s Mot. to Compel Further Discovery 2, ECF No. 65.)  However, Plaintiff's interrogatory does not ask about previous incidents regarding the use of force committed by Defendants.  It is unclear how information regarding the procedures in place related to the "handling" of inmates in the SHU will lead to the discovery of any admissible evidence.  Procedures regarding the "handling" of inmates are an overly broad category of procedures that would cover topics as mundane as procedures that include the feeding of inmates, the clothing of inmates, use of the showers, access to outdoor exercise, and access to medical treatment.  Plaintiff himself admits that "handling" should be construed to include "how you deal with inmates in every particular situation." (Mot. to Compel 2, ECF No. 65.)  The majority of topics covered by the interrogatory are not clearly relevant to the subject matter of this action.  Contrary to Plaintiff's arguments in his reply, it is not Defendants' burden to narrow the scope of Plaintiff's interrogatory to identify the procedures and policies that are relevant to this litigation.

Accordingly, the Court will narrow the scope of the interrogatory to ask only what policies or procedures were in place between January 2003 and the present regarding complaints from prisoners regarding the use of excessive force.  The prison's policies and procedures regarding other aspects of everyday prison life in the SHU are not clearly relevant to Plaintiff's claims.  Defendant will be ordered to provide a further response to the interrogatory by setting forth the policies and procedures that were in place between January 2003 and the present regarding complaints from prisoners relating to the use of excessive force.

1

2.   **Interrogatory No. 3**

2       Plaintiff's Interrogatory No. 3 states:

3               State the names, titles and duties of all "OFFICERS" at CORCORAN
4               who had a responsibility of the control and custody of each inmate
                housed in Facility 4A housing unit 2L, from January 1, 2007 through
                April 1, 2007.  If those duties are set-forth in any job description or
5               other document, produce any and all DOCUMENTS.

6       Defendant Adams' response states:

7               Responding Party objects to this request on the grounds that it is vague
                as to the terms "all your procedures" and "handling of inmates," is
8               overly broad, overly burdensome, is inarticulate, lacks foundation, and
                is not reasonably calculated to lead to the discovery of admissible
9               evidence.  Without waiving these objections, Responding Party does
                not know the names of the Officers who were assigned to that facility
10              during that time frame.

11      The Court is satisfied with Defendant Adams' response to Plaintiff's interrogatory.  Plaintiff

12 complains that "[i]t is hard to believe that there's no documents the correctional staff who worked

13 in the said mentioned area during the period of time in questioned." (Mot. to Compl 3, ECF No. 65.)

14 Defendant reiterated that he did not know the names of the officers assigned to Facility 4A unit 2L

15 during the time period identified by Plaintiff.  Plaintiff has not presented any evidence to suggest that

16 Defendant Adams does in fact know who was working during that specific time frame or has access

17 to any documentation or other sources that would answer Plaintiff's interrogatory.  Accordingly,

18 Defendant's response is sufficient.  If Plaintiff can prove that Defendant Adams' response was

19 untruthful, the Court may consider the issuance of sanctions.  However, the Court will not compel

20 any further response based on Plaintiff's argument that "it is hard to believe" that Defendant's

21 response is truthful.

22

3.   **Interrogatory No. 4**

23      Plaintiff's Interrogatory No. 4 states:

24              State the names title and duties of all "OFFICERS" at CORCORAN
                who had a responsibility of investigating and/or processing staff
25              complaints and/or Inmate Appeals, from January 1, 2007 through
                January 1, 2008.  If those duties are set-forth in any job description or
26              other document, produce any and all "DOCUMENTS."

27 ///

28 ///

5

Defendant Adams' response states:

> Responding Party objects to this request on the grounds that it is vague, is overly broad, overly burdensome, lacks foundation, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Responding Party does not know the names of the Officers who were assigned to either investigate staff complaints or inmate appeals. That duty is assigned to different staff depending on the situation, the staff member involved, the type of incident alleged, and the facility in which the alleged incident took place.

Plaintiff argues that this interrogatory is relevant because he filed staff complaints that were ignored and Defendant's response may help identify prison officials who may be liable for ignoring Plaintiff's staff complaints. Defendant argues that a response would be overly burdensome because "staff would have to identify each inmate housed at CSP-Corcoran for that year, then check every central file to determine which officer investigated the matter." (Notice of Errata Ex. A, at 5, ECF No. 84.) It is unclear why prison staff would have to undertake such arduous efforts. Plaintiff's interrogatory does not ask Defendant to research and identify the appeals reviewers who investigated certain inmates' appeals. Plaintiff's interrogatory simply requests a list of the names of all the prison staff members who investigated or processed staff complaints or inmate appeals from Corcoran from January 1, 2007 through January 1, 2008 and a description of each staff member's job duties. The Court will order Defendant to provide a further response to Plaintiff's interrogatory.

### 4.   Interrogatory No. 5

Plaintiff's Interrogatory No. 5 states:

> State any all procedures in effect from January 1, 2007 through the present, for "CDCR" and "CORCORAN" relating, pertaining and referring to staff complaints or complaints of staff misconduct. If thopse[sic] procedures are set-forth in any policy, directive or other document produce any and all "DOCUMENTS".

Defendant Adams' response states:

> Responding Party objects to this request on the grounds that it is vague, is overly broad, overly burdensome, lacks foundation, and is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff argues that this interrogatory is relevant because "[a]n examination of the procedures and a comparison of the actions taken in plaintiff's allegations can either support his claim of

deliberate indifference or lead to other relevant evidence to support claims or refute defenses." (Mot. to Compel 4, ECF No. 65.)  Defendant did not provide any further argument.

The Court finds that Plaintiff's interrogatory may lead to the discovery of admissible evidence because Plaintiff is claiming that Defendants ignored a known threat to Plaintiff's safety.  Plaintiff correctly argues that a comparison of the official policies and Defendants' actual response may reveal that Defendants failed to follow official protocol and therefore deliberately ignored a known threat to Plaintiff's safety.  However, the Court also acknowledges that the interrogatory is not phrased clearly and may be overly broad.  Accordingly, the Court will narrow the scope of Plaintiff's interrogatory to cover only the prison's official policies and procedures regarding the processing of complaints against prison staff for the alleged use of excessive force.  Plaintiff has failed to demonstrate how complaints regarding other types of staff misconduct are reasonably calculated to lead to the discovery of admissible evidence.  The Court will order Defendant to identify all policies and procedures in effect during the time period identified by Plaintiff that relate to the processing of such complaints.

## 5.   **Interrogatory No. 7**

Plaintiff's Interrogatory No. 7 states:

> What, if any, procedures were in effect in 2007 that articulate each step that must be taken following an allegation by an officer that he or she has been assaulted by an inmate? (7b) Are there any steps taken to insure that the officer and inmate no longer come in direct contact with each other?  If there are any procedures that are set-forth in any policy, directive or any other documents, produce any and all "DOCUMENTS".

Defendant Adams' response states:

> Responding Party objects to this request on the grounds that it is vague as to what type of assault, is overly broad, overly burdensome, lacks foundation, and is not reasonably calculated to lead to the discovery of admissible evidence.   Without waiving these objections, the procedures are different depending on the type of assault.

Plaintiff argues that it is Defendant's contention that Plaintiff assaulted prison officials and was not assaulted by any prison officials.  Plaintiff contends that the interrogatory is relevant to disprove Defendant's allegations and "the procedures regarding the steps to separate the victims from the attacker would be very much relevant and may lead to other relevant evidence." (Mot. to Compel.

4-5, ECF No. 65.)

The Court finds that the interrogatory may lead to relevant evidence for use at trial to rebut Defendant's factual contentions. The prison's policies and procedures following an inmate assault may refute Defendant's contentions if Plaintiff can demonstrate that Defendant's post-assault behavior is not consistent with the prison's policies and procedures. Accordingly, Defendant Adams' response to Plaintiff's interrogatory is inadequate. The Court will order Adams to provide a further response that identifies the different "types" of assaults and the policies and procedures for responding to each type of assault.

### 6. **Interrogatory No. 11**

Plaintiff's Interrogatory No. 11 states:

> What are the purposes for an inmate placement on "property restriction" and/or management status? Produce any and all documents relating, pertaining and/or referring to "property restriction" and "management status" that were in effect in 2007 at CORCORAN.

Defendant Adams' response states:

> Responding Party objects to this request on the grounds that it is vague, lacks foundation, calls for speculation, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, the reasons for placing an inmate of[sic] property restriction or management cell status are set forth in the Department Operations Manual which is available for inspection and copying pursuant to institutional policies and procedures.

Plaintiff has not adequately explained how this interrogatory is reasonably calculated to lead to the discovery of admissible evidence. Although Plaintiff alleged that he was placed on "management status," the Court explicitly found that "Plaintiff's Eighth Amendment claim based on the conditions of the management status cell is not viable" and "Plaintiff has not adequately linked anyone to the conditions he was subjected to while on management cell status, and fails to state a viable IIED claim arising from those conditions." (Order Requiring Pl. To Either File Am. Compl. Or Notify Court of Willingness to Proceed Only On Claims Found To Be Cognizable In This Order 4:20-21, 8:21-23, ECF No. 19.) This action is proceeding solely on Plaintiff's claims that Defendants used excessive force against him, or deliberately ignored threats of harm to Plaintiff. It is unclear how the prison's policies for placement of inmates on management status are relevant to Plaintiff's

allegations of excessive force.  The Court will not compel Defendant to provide any further response to Plaintiff's interrogatory.

### 7.    Interrogatories No. 16-20

Plaintiff claims Defendant Adams did not respond to Interrogatories Nos. 16-20.  Defendant contends that he responded to all interrogatory requests that were received by counsel, implying that Plaintiff did not send Interrogatories Nos. 16-20 to Defendant.

According to the arguments in Plaintiff's motion to compel and the exhibits attached to Plaintiff's motion to compel, Plaintiff propounded the first set of interrogatories on Defendant Adams on September 21, 2009.  Plaintiff amended the interrogatories on March 7, 2010 by adding five additional interrogatories.  The amended interrogatories which are attached to Plaintiff's motion to compel are not labeled as "amended."  There is no indication that the second set of interrogatories is any different from the first set of interrogatories until the last page, which states "THE FOLLOWING INTERROGATORIES WERE NOT PART OF THE ORIGINAL."  (Mot. to Compel, Ex. A, at 5, ECF No. 65.)  Since it was not clear that the second set of interrogatories contained any new or different requests than the first set, Defendant may not have realized that Plaintiff propounded an additional five interrogatories.

The Court will not sanction Defendant for failing to respond to Interrogatories 16-20.  However, since the interrogatories were timely, the Court will order Defendant to provide responses to these interrogatories within thirty (30) days of the date of service of this order.

### C.    Defendant Melo's Responses to Plaintiff's Interrogatories

Plaintiff seeks to compel Defendant Melo to provide further responses to certain Interrogatories.  There appears to be some confusion regarding the numbering of the interrogatories.  It appears Defendant renumbered Interrogatories 7(a), 7(b), 7(c), and 7(d) as Interrogatories 7, 8, 9,

///
///
///
///

and 10, respectively.[1]  Further, Defendant Melo has apparently misnumbered some of his responses.[2]
As a result, the entire numbering scheme was misaligned.  Plaintiff objects to Defendants' responses
to Interrogatories Nos. 12-16, which refer to Interrogatories Nos. 9, 10, 12, 13, and 14, as they are
numbered by Plaintiff.

**1.    Interrogatory No. 12 (Plaintiff's Interrogatory No. 9)**

Interrogatory No. 12 (Plaintiff's Interrogatory No. 9) states:

> Describe (by date, names and description of all Use of Force Incidents)
> all "Use of Force Incidents" in which you have been involved in four
> years prior to the January 22, 2007 Incident.  If there are any
> documents (i.e. Incident Reports) responsive to this question produce
> any and all documents.

Defendant Melo's response states:

> Responding Party objects to this request on the grounds that it is
> lacks[sic] foundation, presumes as true facts that have not been
> established as true, is overly broad, vague as to what type of incident,
> what type of force was deemed necessary, where the incidents
> occurred, and is not reasonably calculated to lead to the discovery of
> admissible evidence.

Defendant claims that the request is overly broad and overly burdensome.  Defendant contends
that use of force incidents are maintained by log number, not by officer name, and staff members
would have to retrieve all incident reports for a four-year period to determine whether Defendant
Melo was involved in the incident.

The Court finds that the probative value of these reports outweighs the burden imposed on
Defendant.  Plaintiff may discover reports that would corroborate his claim that supervisory
Defendants were aware of the violent tendencies of Defendant Melo or the other subordinate
Defendants in this action.  Plaintiff may also discover evidence directly relevant to whether Melo used
excessive force against Plaintiff, such as evidence of motive, intent, or habit, or evidence that

///

---

[1]Presumably, Defendant felt that Plaintiff was attempting to circumvent the limit of 25 interrogatories by combining four interrogatories into one interrogatory with four sub-parts.  This does not appear to be an issue because Plaintiff never attempted to propound more than 25 interrogatories using either numbering scheme.

[2]Page 7 of Defendant Melo's responses begins with Interrogatory No. 13, Melo's response to Interrogatory No. 13, and another interrogatory identified as Interrogatory No. 13.  The second "Interrogatory No. 13" is actually Interrogatory No. 14 which resulted in Defendant's misnumbering the interrogatories that followed.

could be used to impeach Melo's testimony.  Accordingly, the Court will order Defendant to provide a further response to this interrogatory.[3]

### 2. Interrogatory No. 13 (Plaintiff's Interrogatory No. 10)

Interrogatory No. 13 (Plaintiff's Interrogatory No. 10) states:

> Describe (by date, names and description of the "Use of Force Incident") all "Use of Force Incidents" in which you have been involved since the January 22, 2007 incident.

Defendant Melo's response states:

> Responding Party objects to this request on the grounds that it is lacks[sic] foundation, presumes as true facts that have not been established as true, is overly broad, vague as to what type of incident, what type of force was deemed necessary, where the incidents occurred, and is not reasonably calculated to lead to the discovery of admissible evidence.

The Court will order Defendant to provide a further response to this interrogatory for the same reasons set forth above for Interrogatory No. 12.

### 3. Interrogatory No. 14 (Plaintiff's Interrogatory No. 12)

Interrogatory No. 14 (Plaintiff's Interrogatory No. 12) states:

> Describe every incident (by date, name and CDCR number and a full description of all the facts that took place) in which an inmate has set-forth allegations of you participating in either unreasonable or excessive force.

Defendant Melo's response states:

> Responding Party objects to this request on the grounds that it lacks foundation, presumes as true facts that have not been established as true, is overly broad, overly burdensome, is vague and ambiguous as to time, what type of incident, what inmate, and where the incident may have occurred, and is not reasonably calculated to lead to the discovery of admissible evidence.

The Court finds that the burden imposed by consulting the records is outweighed by the probative value of the information requested.  The information requested may provide Plaintiff with

---

[3]The Court also notes that Federal Rule of Civil Procedure 33(d) provides Defendant with the option of giving Plaintiff a reasonable opportunity to examine and audit the records to obtain answers to his interrogatory. Thus, the burden of retrieving the use of force incident records could be shifted to Plaintiff and Defendant's objections would be moot.

evidence of Defendant's motive, intent, habit, or evidence to impeach Defendant's testimony. The information may also provide Plaintiff with evidence that supervisory Defendants were aware of Defendant's violent tendencies. The Court will order Defendant to consult the sources of information available to Defendant and provide a further response to Plaintiff's interrogatory.

### 4.   Interrogatory No. 15 (Plaintiff's Interrogatory No. 13)

Interrogatory No. 15 (Plaintiff's Interrogatory No. 13) states:

> State each time and identify by case name and case number each civil right cause of action that has been filed in any court that has named you as a defendant.

Defendant Melo's response states:

> Responding Party objects to this request on the grounds that it is overly broad, overly burdensome, is vague and ambiguous as to time, what type of civil rights cause of action, what inmate was involved, and where the incident may have occurred, and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, Responding Party does not recall the cases filed against her by prison inmates because I have never been required to go to trial. However, Plaintiff has been provided with a printout showing all cases in which M. Melo was listed as a Defendant. These cases could involve another officer named M. Melo.

Defendant argues that she does not recall all the lawsuits filed against her by prison inmates and that she has provided Plaintiff with a printout showing all lawsuits in which "M. Melo" was listed as a defendant, with the caveat that "M. Melo" may refer to someone other than Defendant. Plaintiff argues that the printout provided states that there are no matches for lawsuits filed against "M. Melo." The Court is satisfied with Defendant's response.

If Plaintiff proves that Defendant Melo's response was inaccurate by identifying a lawsuit which should have appeared on the printout but was omitted, the Court may issue sanctions against Melo for providing a false and misleading response to Plaintiff's interrogatory. See Federal Rule of Civil Procedure 37(c). However, Plaintiff has failed to come forward with any evidence at this time that suggests Melo's response was false or misleading.[4] Accordingly, the Court will not compel any further response from Defendant Melo.

---

[4]Plaintiff claims that the printout stated there was only one civil action filed against Defendant David when Plaintiff can prove Defendant David was sued more than one time. This does not, however, prove that there were any actions filed against Defendant Melo.

**5.** **Interrogatory No. 16 (Plaintiff's Interrogatory No. 14)**

Interrogatory No. 16 (Plaintiff's Interrogatory No. 14) states:

> Please state all the facts relied upon that support your affirmative defenses which you have raised in your answer to Plaintiff's complaint.

Defendant Melo's response states:

> Responding party objects to this request on the grounds that it lacks foundation, is overly broad, and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, Responding Party did not prepare the answer and is not familiar with the affirmative defenses or why they were raised.

Defendant provides no arguments in the opposition to this interrogatory. Accordingly, the Court will order Defendant to provide a further response. Defendant's argument that he is unfamiliar with the affirmative defenses is without merit, as Defendant can read the answer prepared on his behalf and disclose all facts that support the defenses asserted in the answer. The assertion of affirmative defenses without consultation with a client or the assertion of affirmative defenses that have no factual basis would raise serious questions as to whether sanctions should be imposed under Federal Rule of Civil Procedure 11. See National Academy of Recording Arts & Sciences, Inc. v. On Point Events, LP, 256 F.R.D. 678, 682 (C.D. Cal. 2009) ("Requiring a defendant to answer a contention interrogatory and to produce documents that support its affirmative defenses is consistent with Rule 11 of the Federal Rules of Civil Procedure which requires parties to have some factual basis for their claims and allegations.") (internal quotations and citations omitted). If Plaintiff is unaware of any facts in support of an affirmative defense raised in the answer, Defendant must make such an admission in his response.

**D.** **Defendant Garcia's Responses to Plaintiff's Interrogatories**

Plaintiff seeks a further response to Interrogatory No. 11 propounded on Defendant Garcia. Plaintiff also requests leave to propound more than 25 interrogatories on Defendant Garcia. However, the deadline for conducting any new discovery has already passed. The Court has already informed the parties that they may not propound any new discovery requests. (Order Re Motions 2:17-18, ECF No. 61.) Accordingly, the Court will deny Plaintiff's request to propound more than 25 interrogatories against Defendant Garcia.

1    Plaintiff's Interrogatory No. 11 states:

2          Describe (by date, names and description of all Use of Force Incident)
          all "Use of Force Incidents" in which you have been involved in four
3          years prior to the January 22, 2007 incident.  Produce any and all
          documents responsive to this Interrogatory.
4

5    Defendant Garcia's response states:

6          Defendant objects to this request on the grounds that it is overly broad,
          vague as to what type of incident, what type of force was deemed
7          necessary, and where the incident occurred, and is not reasonably
          calculated to lead to the discovery of admissible evidence.
8          Notwithstanding these objections, I do not recall being involved in any
          incident prior to that date because I worked in the control booth.
9

10        Defendant argues that he does not recall being involved in any other incidents requiring the

11   use of force because he worked as a control booth officer during the time frame identified by Plaintiff.

12   The Court is satisfied with Defendant's response.  If Plaintiff is able to present evidence to

13   demonstrate that Defendant's response was false because he was involved in other use of force

14   incidents, the Court may impose sanctions against Defendant Garcia.

15        **E.    Document Production Requests**

16        Plaintiff also seeks to compel Defendants to produce certain documents requested by Plaintiff.

17   Plaintiff separates his document requests into several groups.[5]  Plaintiff has not identified the specific

18   recipient of his document production requests.  Presumably, Plaintiff is directing his document

19   production requests collectively to all Defendants.

20        **1.    Requests for Production Nos. 2-10**

21        The first group of requests consists of Requests for Production Nos. 2-10.  For each request,

22   Defendants respond that they are not in possession, custody, or control of any documents responsive

23   to the request.  The Court is satisfied with Defendants' response.  It is Plaintiff's burden to prove that

24   Defendants withheld specific documents responsive to Plaintiff's requests that were within their

25   possession, custody, or control.  Until Plaintiff comes forth with evidence proving Defendants'

26   ///

27

28
          [5]The grouping used by the Court to discuss Plaintiff's requests is the same grouping used by Plaintiff.

withheld such documents, the Court will not compel further responses or issue sanctions.

### 2.   Request for Production No. 12

Plaintiff's Request for Production No. 12 states:

> The names, addresses, telephone numbers, and any other information which would assist the Plaintiff in locating all persons interviewed in response to any complaints made against the named defendants, that alleged misconduct and/or use of excessive force.

Defendants' response states:

> Defendants object to this request on the grounds that it is not a request for an identifiable document, and Defendants are not required to create such a document in response to this request.

Defendants' response is sufficient. Defendants are not required to create a document responsive to Plaintiff's request. Plaintiff argues that Defendants should be ordered to refrain from redacting the names and addresses from the documents they produced in response to his other document production requests. However, such a request is beyond the scope of this specific request for production. If Plaintiff is dissatisfied with the documents produced in response to a different request because they were redacted, Plaintiff must identify which document production request is at issue and which documents were redacted. Plaintiff has not identified any documents that were produced in redacted form. Accordingly, the Court is unable to rule on whether the redaction was appropriate.

### 3.   Requests for Production Nos. 14, 16-19

Plaintiff's Request for Production No. 14 states:

> Copies of any and all of Corcoran State Prison, Watch Commander's Incident Report Log, for the period from January 1, 2002 through April 1, 2007 and from April 2, 2007 through present.

Defendants' response states:

> Defendants object to this request on the grounds that it is overly burdensome, overly broad, not relevant to this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff argues that the documents requested may demonstrate Defendants' motive, intent, or habit related to the use of force against inmates. It is unclear whether the "Incident Report Log" includes "incidents" beyond the use of force. To the extent that it does, the request is overly broad.

Further, the request is overly broad because Plaintiff has not demonstrated how incidents recorded in the Incident Report Log that do not involve the defendants named in this action would be relevant to Plaintiff's claims. Accordingly the Court will narrow the request to those entries in the Incident Report Log related to the use of excessive force by Defendants during the time period identified by Plaintiff. Defendants will be ordered to produce the documents responsive to this revised request.

Plaintiff's Request for Production No. 16 states:

> All manuals and handbooks provided to officers at Corcoran State Prison, between January 1, 2002 through the present relating, pertaining, and/or referring to the handling of inmates housed in the Security Housing Unit (SHU).

Defendants' response states:

> Defendants object to this request on the grounds that it is overly burdensome, overly broad, not relevant to this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request on the grounds that the documents requested contain information that is considered confidential for the safety and security of the institution.

As discussed previously, Plaintiff's request for documents related to the "handling" of inmates housed in the SHU is over broad. See discussion supra Part II.B.1. Plaintiff has not adequately demonstrated the relevance of documents that would pertain to broad topics such as the feeding of inmates, the clothing of inmates, and the provision of medical services.

Even if the Court were to narrow the scope of Plaintiff's request to only request documents, manuals, or handbooks related to the use of force against inmates, Defendants argue that such materials may contain information that is considered confidential for the safety and security of the institution. Defendants request an in-camera review to determine whether the probative value of these materials outweigh any threat to institutional security. Since such a hearing appears to be the only feasible means for the Court to evaluate the probative value of the documents and the potential threats to institutional security, the Court will order Defendants to submit the responsive documents to the Court for an in-camera review.

Plaintiff's Request for Production No. 17 states:

> Facility 4A building 2 Left SHU log book from January 1, 2002 through the present.

Defendants' response states:

> Defendants object to this request on the grounds that it is overly burdensome, overly broad, not relevant to this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff provides no explanation regarding what the "Facility 4A building 2 Left SHU log book" is or what information is contained in the log book. Accordingly, Plaintiff has not demonstrated the relevance of the document or how it is reasonably calculated to lead to the discovery of admissible evidence. Thus, the Court will not compel Defendants to provide any further response to Plaintiff's request.

Plaintiff's Request for Production No. 18 states:

> The training records of each of the named defendants.

Defendants' response states:

> Defendants object to this request on the grounds that it is overly burdensome, overly broad, not relevant to this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence, and on the grounds that these documents, if they exist, are protected by Defendants' right to privacy under both State and Federal constitutions and statutes.

Plaintiff's request may lead to the discovery of evidence that may corroborate his allegation that the supervisory Defendants named in this action knew their subordinates were not properly trained and posed a threat to the safety of the inmates. Plaintiff alleges that the subordinate Defendants had a history of using excessive force against inmates and records of their training history, or lack thereof, would be relevant to prove the supervisory Defendants' response was deliberately indifferent.

Defendants claim that such documents would violate Defendants' right to privacy because they may contain sensitive personal information. Defendants also contend that the information contained in the documents may compromise the security of the prison. Accordingly, the Court must balance the probative value of the documents against the burden of producing it. Since such an <u>in-camera</u> review would be the only feasible means for the Court to evaluate the probative value of the documents and the potential threats to institutional security, the Court will order Defendants to submit

the responsive documents for an <u>in-camera</u> review.

Defendants also argue that production of the documents requested, even for an <u>in-camera</u> review, would be overly burdensome because of the large number of documents responsive to the request. The Court will narrow the scope of the request to those training records related to the use of force against inmates. Plaintiff has failed to provide any argument why any other training documents would be relevant or reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff's Request for Production No. 19 states:

> Performance evaluations of each named defendant.

Defendants' response states:

> Defendants object to this request on the grounds that it is overly burdensome, overly broad, not relevant to this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence, and on the grounds that these documents, if they exist, are protected by Defendants' right to privacy under both State and Federal constitutions and statutes.

Defendants argue that the documents responsive to this request invade Defendants' privacy, threaten institutional security, and the production of the documents is overly burdensome. As discussed previously, the Court will order Defendants to submit the responsive documents to the Court for an <u>in-camera</u> review.

### 4.   Request for Production No. 20

Plaintiff's Request for Production No. 20 states:

> All DOCUMENTS showing whether the Officers named in the complaints were alleged to have been victims of an "ASSAULT" or "BATTERY" from JANUARY 1, 2002 through the present.

Defendants' response states:

> Defendants object to this request on the grounds that it is overly burdensome, overly broad, not relevant to this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request on the grounds that the documents requested contain information that is considered confidential for the safety and security of the institution.

The documents requested may lead to admissible evidence rebutting Defendants' allegation that Plaintiff assaulted prison officials. The documents requested may reveal evidence of habit,

motive, intent, or a modus operandi for making false allegations of assault against inmates. Thus, the

Court finds that the request is reasonably calculated to lead to the discovery of admissible evidence.

Defendants are ordered to submit the responsive documents to the Court for an in-camera review.

### 5.   Request for Production No. 21

Plaintiff's Request for Production No. 21 states:

> ALL DOCUMENTS, including but not limited to notes, documents, letters, memoranda, files, records, record books, logs, grievance reports, written communications, audio and/or video recordings, relating, pertaining, and/or referring to complaints or claims against any of the named defendants while employed by the California Department of Corrections and Rehabilitation (CDCR) alleging excessive or unreasonable force, misconduct, racism, prejudice, dishonesty, and/or perjury from January 1, 2002 through the present.

Defendants' response states:

> Defendants object to this request on the grounds that it is overly burdensome, overly broad, not relevant to this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence, and on the grounds that these documents, if they exist, are protected by Defendants' right to privacy under both State and Federal constitutions and statues[sic].

Plaintiff argues that the requested documents are relevant because they could reveal that the

supervisory Defendants were aware of the subordinate Defendants' propensity to use excessive force

against inmates. The documents may also lead to the discovery of evidence regarding Defendants'

motive, intent, or habit.

Defendants contend that the documents invade their right to privacy. The Court will order

Defendants to submit the responsive documents to the Court for an in-camera review.

### 6.   Request for Production No. 22

Plaintiff's Request for Production No. 22 states:

> All Pleadings of complaints, filed in either state or Federal Courts in a civil proceedings that set-forth a cause of action of excessive force or ASSAULT and Battery, and named any of the defendants in this present matter. I want all complaints & case numbers.

Defendants' response states:

> Defendants object to this request on the grounds that it is overly burdensome, overly broad, not relevant to this lawsuit, nor reasonably

1

calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendants are not in possession, custody, or control of documents responsive to this request.

2

3    In a supplemental response, Defendants informed Plaintiff that they do not recall every lawsuit

4 filed against them.  Defendants provided Plaintiff with a printout displaying the results of a search

5 performed on PACER for lawsuits involving persons with the same last name as Defendants.

6    Plaintiff claims that Defendants are deliberately withholding information from Plaintiff.

7 Plaintiff states that he "know[s] for a fact that there are[sic] more than one inmate who has filed a

8 lawsuit against Defendant David." (Mot. to Compel 16, ECF No. 65.)  However, Plaintiff does not

9 identify any specific lawsuits against Defendant David.  Plaintiff also argues that Defendants have

10 failed to produce copies of the complaints from all the lawsuits.  Plaintiff further argues that

11 Defendants should undertake more effort to identify which lawsuits involve excessive force, rather

12 than other unrelated causes of action.

13    Defendants respond that they are not currently in possession of documents responsive to

14 Plaintiff's request.  Although Defendant has reasonable access to the complaints Plaintiff requests

15 because they are public documents, Defendants argue that Plaintiff's request poses an undue burden

16 because the complaints are public records equally acceptable to Plaintiff.  Defendants argue that

17 Plaintiff should bear the burden of hiring someone to search and retrieve the documents requested.

18    Under Federal Rule of Civil Procedure 26(b)(2)(C), the Court may limit the frequency or

19 extent of discovery otherwise allowed if the discovery sought can be obtained from some other source

20 that is more convenient, less burdensome, or less expensive, or the burden imposed by the discovery

21 outweighs its likely benefit considering the parties' resources.  The Court finds that Plaintiff's

22 document production requests are unduly burdensome because the documents requested are equally

23 available to Plaintiff.  Plaintiff can either retrieve the court documents himself, or retain someone else

24 to do so.  Plaintiff has failed to offer any persuasive arguments as to why the cost and burden of

25 retrieving the court documents should be shifted to Defendants.  Accordingly, the Court will not order

26 Defendants to provide a further response to Plaintiff's request.

27    **7.    Requests for Production Nos. 23-24**

28    Plaintiff's Request for Production No. 23 states:

20

1

> All Citizen Complaints filed against named defendants at Corcoran
> State Prison or any other State Prison from January 1, 2002 through
> January 1, 2008 and from January 1, 2008 through the present.

2

3

Defendants' response states:

4

> Defendants object to this request on the grounds that it is overly
> burdensome, overly broad, not relevant to this lawsuit, nor reasonably
> calculated to lead to the discovery of admissible evidence, and on the
> grounds that these documents, if they exist, are protected by
> Defendants' right to privacy under both State and Federal constitutions
> and statues[sic]. Without waiving these objections, Defendants are not
> in possession, custody, or control of documents responsive to this
> request.

5

6

7

8

9  Defendants have indicated that they do not have possession, custody, or control of any

10  documents responsive to Plaintiff's request. Plaintiff has not presented any evidence that proves

11  otherwise. Accordingly, the Court will not order Defendants to provide any further response to the

12  request.

13  Plaintiff's Request for Production No. 24 states:

14

> All DOCUMENTS that involve the use of force in which any of the
> defendants were present or recorded a report from January 1, 2002
> through January 1, 2008 any from January 1, 2008 through the present.

15

16

17  Defendants' response states:

18

> Defendants object to this request on the grounds that it is overly
> burdensome, overly broad, not relevant to this lawsuit, nor reasonably
> calculated to lead to the discovery of admissible evidence.

19

20  Plaintiff's requests may lead to the discovery of admissible evidence regarding Defendants

21  motive, intent, and habits, or evidence that could be used to impeach Defendants' testimony.

22  Accordingly, the Court will order Defendants to produce the documents requested.

### 8.    Requests for Production Nos. 26-27

23  Plaintiff's Request for Production No. 26 states:

24

> All "Use of Force Critique Documents," referencing any of
> defendants, for Corcoran State Prison from January 1, 2002 through
> the present.

25

26  Defendants' response states:

27

28

> Defendants object to this request on the grounds that it is overly
> burdensome, overly broad, not relevant to this lawsuit, nor reasonably

1

2

3

4

> calculated to lead to the discovery of admissible evidence, and on the grounds that these documents, if they exist, are protected by Defendants' right to privacy under both State and Federal constitution and statues[sic]. Without waiving these objections, Defendants are not in possession, custody, or control of documents responsive to this request.

5   Defendants have indicated that they do not have possession, custody, or control of any

6   documents responsive to Plaintiff's request.  Plaintiff has not presented any evidence to prove

7   otherwise.  Accordingly, the Court will not order Defendants to provide any further response to the

8   request.

9   Plaintiff's Request for Production No. 27 states:

10

> All "Use of Force logs" for Corcoran State Prison from January 1, 2002 through the present.

11

12   Defendants' response states:

13

14

> Defendants object to this request on the grounds that it is overly burdensome, overly broad, not relevant to this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.

15   The Court finds that Plaintiff's request is reasonably calculated to lead to the discovery of

16   admissible evidence because it may corroborate Plaintiff's allegations that the supervisory Defendants

17   were aware of Defendants' propensity to use excessive force against inmates.  The documents

18   requested may also lead to admissible evidence regarding Defendants motive, intent, and habits.

19   Accordingly, the Court will order Defendants to produce the documents requested.

20   **9.   Request for Production No. 28**

21   Plaintiff's Request for Production No. 28 states:

22

23

24

> All DOCUMENTS relating, pertaining, and/or referring to any disciplinary action taken against any of the named defendants resulting from allegations of excessive force, unreasonable force, and/or misconduct from January 1, 2002 through the present.

25   Defendants' response states:

26

27

28

> Defendants object to this request on the grounds that it is overly burdensome, overly broad, not relevant to this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence, and on the grounds that these documents, if they exist, are protected by Defendants' rights to privacy under both State and Federal

constitutions and statues[sic].

Plaintiff argues that the documents requested may lead to the discovery of admissible evidence corroborating his allegation that the supervisory Defendants ignored serious threats posed by the subordinate Defendants. Defendants argue that such information would violate their privacy and the likely benefits of the documents are outweighed by the invasion of privacy. The Court will order Defendants to submit the documents responsive to Plaintiff's request for an <u>in-camera</u> review to enable the Court to evaluate Defendants' privacy claim.

### 10. <u>Requests for Production Nos. 34-35</u>

Plaintiff's Request for Production No. 34 states:

> The CDC Correctional Employee's Component Program for January 1, 2002 through the present.

Defendants' response states:

> Defendants object to this request on the grounds that it is overly burdensome, overly broad, not relevant to this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendants are not in possession, custody, or control of documents responsive to this request.

Defendants have indicated that they do not have possession, custody, or control of any documents responsive to Plaintiff's request. Plaintiff has not presented any evidence to prove otherwise. Accordingly, the Court will not order Defendants to provide any further response to the request.

Plaintiff's Request for Production No. 35 states:

> Any and all policies, procedures, regulations, instructions, notes, memoranda, internal communication and directives in effect for January 1, 2002 through the present relating to the Use of Force at Corcoran State Prison.

Defendants' response states:

> Defendants object to this request on the grounds that it is overly broad, overly burdensome, not relevant to this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request on the grounds that it seeks documents deemed confidential for the safety and security of the institution. Without waiving these objections, Defendants are providing the

23

Article 1.5 of the California Code of Regulations, title 15, section 3268 et seq. for 2007 at Attachment 2.

Plaintiff's request may lead to the discovery of admissible evidence corroborating his claim that Defendants failed to follow the prison's policies and procedures regarding the use of force. The absence of sufficient policies and procedures may be relevant for the purpose of proving that the supervisory Defendants' response to past uses of force was deliberately indifferent.

Defendants argue that such documents would compromise institutional security. To the extent that Defendants withheld documents responsive to Plaintiff's request, the Court will order Defendants to submit such documents to the Court for an in-camera review.

## 11.   Request for Production No. 36

Plaintiff's Request for Production No. 36 states:

The full names of each person who worked in building 2 Left on facility 4A at Corcoran State Prison. In addition to each officer name, their badge & Identification Numbers, for the period from January 22, 2007 to March 31, 2007. To include their post order duties and all watches.

Defendants' response states:

Defendants object to this request on the grounds that it is overly burdensome, overly broad, not relevant to this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request on the ground that it is not a request for an identifiable document, and Defendants are not required to create a document in response to this request.

///

Defendants correctly argue that Plaintiff's request does not ask for any identifiable or existing document. Plaintiff's request for production does not request a document; it asks for information. Defendants are not required to prepare a document responsive to Plaintiff's request. Accordingly, Plaintiff's request is improper. The Court will not order Defendants to provide any further response to the request.

## III.   Conclusion and Order

The Court will order Defendants to provide further responses to Plaintiff's discovery request as set forth in this order. Defendants shall submit their responses within thirty (30) days of the date

24

of service of this order.

The Court will order Defendant Adams to provide further responses to Interrogatories Nos. 2, 4, 5, 7, and 16-20. The Court will order Defendant Melo to provide further responses to Interrogatories Nos. 12, 13, 14, and 16 (Interrogatories Nos. 9, 10, 12, and 14 as numbered by Plaintiff). The Court will order Defendants to provide further responses to Document Production Request Nos. 14, 24, and 27.

The Court will order Defendants to submit the documents responsive to Document Production Request Nos. 16, 18, 19, 20, 21, 28, and 35 to the Court for an <u>in-camera</u> review. Defendants must also submit a separate brief providing specific and particularized arguments for each document explaining how the document constitutes an invasion of privacy and/or poses a threat to institutional security. Defendants must demonstrate that the likely probative value of these documents is outweighed by the invasion of privacy and/or threat to institutional security.

The Court will not order Defendant Garcia to provide any further responses to Plaintiff's Interrogatories.

The Court will decline to issue any sanctions against either party because Plaintiff's motion was granted in part and denied in part. <u>See</u> Federal Rule of Civil Procedure 37(a)(5)(C).

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendant Adams shall serve further responses to Interrogatories Nos. 2, 4, 5, 7, and 16-20;

2. Defendant Melo shall provide further responses to Interrogatories Nos. 12, 13, 14, and 16 (Interrogatories Nos. 9, 10, 12, and 14 as numbered by Plaintiff);

3. Defendants shall provide further responses to Document Production Request Nos. 14, 24, and 27;

4. Defendants shall submit the documents responsive to Document Production Request Nos. 16, 18, 19, 20, 21, 28, and 35 to the Court for an <u>in-camera</u> review.

///

///

///

5.      Defendants shall submit their further responses to Plaintiff within thirty (30) days of the date of service of this order and shall submit the documents identified for an <u>in-camera</u> review within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

**Dated:    January 14, 2011**                          /s/ Sheila K. Oberto
                                                                  UNITED STATES MAGISTRATE JUDGE