# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE H. ROBINSON,<br><br>        Plaintiff,<br><br>    v.<br><br>D. ADAMS, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:08-cv-01380-AWI-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BE DENIED<br><br>(Doc. 75)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff George H. Robinson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On September 3, 2010, Defendants filed a motion for summary judgment. (Doc. #75.) Plaintiff filed an opposition on October 25, 2010 and a supplemental opposition on October 28, 2010. (Docs. #81-82.) Defendant filed a reply on November 22, 2010. (Docs. #89-90.) For the reasons set forth below, the Court recommends that Defendants' motion for summary judgment be denied.

## I.    Background

### A.    Plaintiff's Claims

Plaintiff claims that correctional officers used excessive force against him on three separate occasions. On January 22, 2007, Plaintiff alleges he was attacked by Defendants David, Miranda, and Garcia and Defendants Melo, Mendoza, Martinez, and Masiel failed to intervene. Plaintiff also alleges that he was pepper sprayed by Martinez while he was unconscious. On January 23, 2007, Plaintiff was interviewed about the incident and David allegedly pulled Plaintiff's ears and hit him

during the interview. Plaintiff alleges that on February 11, 2007, Garcia held Plaintiff's arm while Miranda hit him in the back and the head with his fist and kicked him in the butt. Plaintiff also alleges that Defendant Adams and Ruiz knew the other correctional officers posed a threat to Plaintiff after the first incident and failed to take reasonable measures to protect Plaintiff by transferring him to another location.

On February 11, 2009, the Court screened Plaintiff's complaint and determined that Plaintiff stated cognizable claims against Defendants David, Miranda, Melo, Garcia, Mendoza, Martinez, and Masiel for the use of excessive force in violation of the Eighth Amendment, and cognizable claims against Defendants Adams and Ruiz for failing to protect Plaintiff in violation of the Eighth Amendment. The Court also determined that Plaintiff stated state law claims for assault and battery against Defendants Martinez, David, Miranda, and Garcia, claims for intentional infliction of emotional distress against David, Miranda, Melo, Garcia, Mendoza, Martinez, and Masiel, and claims for negligence against Defendants David, Miranda, Melo, Garcia, Mendoza, Martinez, and Masiel.

**B.     Defendants' Motion for Summary Judgment**

Defendants raise several arguments in their motion for summary judgment. Defendants argue that some of Plaintiff's claims should be dismissed because Plaintiff failed to comply with the Prison Litigation Reform Act, which requires prisoners to exhaust their administrative remedies prior to filing suit in court. Defendants argue that Plaintiff failed to exhaust his claims against Defendants Martinez, Melo, Masiel, or Mendoza for failing to intervene during the January 22, 2007, altercation and failed to exhaust his claims against Defendants Adams and Ruiz for failing to protect Plaintiff.

Defendants also argue that Plaintiff's state law causes of actions should be dismissed because Plaintiff failed to comply with the California Tort Claims Act. Defendants argue that Plaintiff failed to submit a proper government claim form prior to initiating suit. Defendants contend that Plaintiff's government claim form failed to separately list his state law causes of action and the form did not mention the allegations of improper pepper spraying made in his complaint.

Defendants further argue that the undisputed facts show that they used appropriate force to restrain Plaintiff and contend that Plaintiff assaulted the correctional officers. Defendants also

contend that there is no evidence that Defendant Adams or Ruiz knew of or disregarded a substantial risk of harm to Plaintiff.

Finally, Defendants contend that they are entitled to qualified immunity because they did not violate Plaintiff's constitutional rights, and to the extent they did, those rights were not clearly established at the time of their actions.

## II. Summary Judgment Legal Standards

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Entry of summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. "A moving party without the ultimate burden of persuasion at trial-usually, but not always, a defendant-has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment." Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc., 210 F.3d 1099, 1102 (9th Cir. 2000). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." Id.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Federal Rule of Civil Procedure 56(c);

3

1  Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention
2  is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson
3  v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors
4  Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such
5  that a reasonable jury could return a verdict for the nonmoving party, Anderson, 477 U.S. at 248
6  (1986) ("summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if
7  the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

8        To establish the existence of a factual dispute, the opposing party need not establish a
9  material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be
10 shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  T.W.
11 Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings
12 and to assess the proof in order to see whether there is a genuine need for trial.'"  Matsushita, 475
13 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

14       In resolving the summary judgment motion, the Court examines the pleadings, depositions,
15 answers to interrogatories, and admissions on file, together with the affidavits, if any.  Federal Rule
16 of Civil Procedure 56(c).  The evidence of the opposing party is to be believed, Anderson, 477 U.S.
17 at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must
18 be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (citing United States v.
19 Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam).  Nevertheless, inferences are not drawn out
20 of the air, and it is the opposing party's obligation to produce a factual predicate from which the
21 inference may be drawn.  Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal.
22 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

23       Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show
24 that there is some metaphysical doubt as to the material facts.  Where the record taken as a whole
25 could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for
26 trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

27 ///
28 ///

## III. Discussion

### A. Failure to Exhaust

Defendants argue that Plaintiff's claims should be dismissed because Plaintiff failed to exhaust his administrative remedies prior to filing suit, as required by the Prison Litigation Reform Act. Plaintiff contends that Defendants' failure to exhaust arguments should be disregarded because they are untimely.

On August 20, 2009, the Court issued a scheduling order requiring motions to dismiss regarding the failure to exhaust administrative remedies to be filed by October 20, 2009. Defendants' motion for summary judgment was filed long past the deadline, on September 3, 2010. Defendants request that the Court exercise its discretion to modify the scheduling order and treat Defendants' arguments with respect to exhaustion as timely.

The Court finds that Defendants have failed to show good cause for a modification of the scheduling order. Defendants admit they failed to comply with the scheduling order because counsel for Defendants failed to calendar the deadline. Nonetheless, Defendants are attempting to raise their exhaustion defense nearly a year after the October 20, 2009, deadline. Even if counsel for Defendants had properly calendared the deadline and properly requested extensions of the deadline, Defendants have not identified grounds for a more than ten-month extension of the deadline. Accordingly, Defendants' arguments regarding Plaintiff's failure to exhaust are untimely and will be disregarded.

### B. Compliance With California Tort Claims Act

Defendants argue that Plaintiff's state law causes of actions are not cognizable because he failed to comply with the claim presentation requirements of the California Tort Claims Act ("CTCA"). California Government Code Section 945.4 provides that:

> no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have

5

been rejected by the board. . . ."[1]

Cal. Govt. Code § 945.4. Section 905.2 requires all claims for money or damages against the state "for an injury for which the state is liable" to be filed with the California Victim Compensation and Government Claims Board. Cal. Govt. Code § 950.2. Section 910 requires a CTCA claim to state the "date, place and other circumstances of the occurrence or transaction which gave rise to the claim asserted," "[a] general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim," and "[t]he name or names of the public employee or employees causing the injury, damage, or loss, if known." Cal. Govt. Code § 910.

The purpose of the CTCA is "'to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation.'" Phillips v. Desert Hospital Dist., 49 Cal. 3d. 699, 705 (1989) (quoting City of San Jose v. Superior Court, 12 Cal. 3d 447, 455 (1974)). A CTCA claim is sufficient if there is some compliance with all the statutory requirements and the claim discloses sufficient information to enable the public entity to investigate the merits of the claim so as to settle the claim, if appropriate. City of San Jose, 12 Cal. 3d at 456-57.

### 1. Contents of Plaintiff's Government Claim Form

Defendants argue that Plaintiff's CTCA claim failed to comply with the CTCA because it failed to separately list his state law causes of action for negligence, emotional distress, or assault and battery. Defendants also argue that Plaintiff's CTCA claim was deficient because his claim form failed to mention any use of pepper spray, while the complaint in this action attempts to hold Defendants liable for improperly using pepper spray.

Plaintiff's claim form states that the "agencies or employees against whom this claim is filed" are "[the] California Department of Corrections and Rehabilitation also several state employees

///

---

[1] California Government Code Section 950.2 extends this requirement to "public employees or former public employees for injury resulting from an act or omission in the scope of his employment as a public employee." Cal. Govt. Code § 950.2.

which include C/O Miranda, David, Melo, Garcia & John Doe 1-20." (Defs.' Statement of Undisputed Facts, Ex. C, at 2, ECF No. 75.)

In the section titled "indicate the type of civil case," Plaintiff wrote "Civil Right Violation." (Defs.' Statement of Undisputed Facts, Ex. C, at 2, ECF No. 75.)

In the section titled "[d]escribe the specific damage or injury," Plaintiff wrote "C/O's beat me causing injuries one includes a broken bone, I was then subjected to torture for over 3 months. The falsified reports to cover up the violation of my Civil Rights & their Supervisors Failed to take action." (Defs.' Statement of Undisputed Facts, Ex. C, at 3, ECF No. 75.)

In the section titled "[e]xplain the circumstances that led to the damage or injury," Plaintiff wrote "I was taken out of the cell and beat by guards all my property was taken and I was forced to sleep in a cell with No Blanket and only had underware[sic] for weeks. I was cold." (Defs.' Statement of Undisputed Facts, Ex. C, at 3, ECF No. 75.)

In the section titled "[e]xplain why you believe the state is responsible for the damage or injury," Plaintiff wrote "[t]he Guards were acting under the color of authority and Prison Officials allow Guards to get away with this conduct." (Defs.' Statement of Undisputed Facts, Ex. C, at 3, ECF No. 75.)

### 2. **Plaintiff's Government Claim Form Provided Sufficient Notice**

Several of Plaintiff's state law causes of action were dismissed on July 20, 2009. (Doc. #33.) The Court screened Plaintiff's complaint on February 11, 2009, and informed him of deficiencies in some of his state law claims. (Doc. #19.) The Court ordered Plaintiff to either amend his complaint to cure the deficiencies in his claims, or notify the Court that he wished to proceed only on the claims found to be cognizable. On July 13, 2009, Plaintiff informed the Court that he wished to proceed only on the claims found to be cognizable in the February 11, 2009, screening order. (Doc. #32.) Accordingly, the non-cognizable claims were dismissed without prejudice, leaving Plaintiff with the option of amending his complaint in the future to remedy the defective claims. Plaintiff failed to amend his complaint in a timely manner. Accordingly, the only state law claims raised in this lawsuit are the claims found to be cognizable in the February 11, 2009, screening order.

///

The February 11, 2009, screening order found that Plaintiff stated cognizable state law claims for assault and battery against Defendants Martinez, David, Miranda, and Garcia, claims for intentional infliction of emotional distress against David, Miranda, Melo, Garcia, Mendoza, Martinez, and Masiel, and claims for negligence against Defendants David, Miranda, Melo, Garcia, Mendoza, Martinez, and Masiel. All the claims stem from the use of excessive force against Plaintiff.

"[A CTCA] claim need not contain the detail and specificity required of a pleading, but need only 'fairly describe what [the] entity is alleged to have done.'" Stockett v. Association of California Water Agencies Joint Powers Insurance Authority, 34 Cal. 4th 441, 446 (2004) (quoting Shoemaker v. Myers, 2 Cal. App. 4th 1407, 1426 (1992); Turner v. State of California, 232 Cal. App. 3d 883, 888 (1991)). "[T]he purpose of the claim is to give the government entity notice sufficient for it to investigate and evaluate the claim, not to eliminate meritorious actions," therefore, "the claims statute should not be applied to snare the unwary where its purpose has been satisfied." Id. (internal quotations and citations omitted).

Plaintiff's government claim form alleged beatings by correctional officers between January 22, 2007, to April 12, 2007. Plaintiff's complaint describes use of excessive force incidents on January 22, 2007, where Plaintiff was beaten and pepper sprayed, an incident on January 23, 2007, where Defendant David pulled Plaintiff's ears and hit him, and a February 11, 2007 incident where Defendants Miranda and Garcia beat Plaintiff. While Plaintiff's CTCA claim does not contain the detail and specificity that would be required of a pleading, the Court finds that it does contain sufficient information for a government entity to investigate and evaluate Plaintiff's claims.

Defendants argue that Plaintiff's CTCA claim was deficient because it failed to specifically identify claims for negligence, intentional infliction of emotional distress, assault, or battery. However, Plaintiff's CTCA claim only needs to describe what the alleged entity or public officials have done. The CTCA claim does not have to enumerate the specific causes of action or "contain the detail and specificity required of a pleading." Stockett, 34 Cal. 4th at 446. Accordingly, the Court finds that Plaintiff's failure to specifically identify his causes of action in his CTCA claim form is not fatal to his state law claims in this lawsuit.

Defendants argue that Plaintiff's government claim only names Defendants Miranda, David, Melo, and Garcia when Plaintiff raises state law claims against Defendants Mendoza, Martinez, and Masiel. However, Plaintiff's CTCA claim does refer to "John Doe 1-20." California Government Code Section 910 only requires Plaintiff to provide "[t]he name or names of the public employee or employees causing the injury, damage, or loss, if known." Cal. Govt. Code § 910 (emphasis added). Accordingly, the Court finds that Plaintiff's failure to identify Mendoza, Martinez, or Masiel in his CTCA claim form is not fatal to his state law causes of action. Plaintiff's CTCA claim provided sufficient notice of his claims related to the injuries he suffered from the various assaults by correctional officers.

Defendants argue that Plaintiff's CTCA claim fails to mention any use of pepper spray. However, Plaintiff's CTCA claim "need not specify each particular act or omission later proven to have caused the injury." Stockett, 34 Cal. 4th at 447. The content of Plaintiff's CTCA claim is sufficient "so long as the complaint is not based on an 'entirely different set of facts.'" Id. (quoting Stevenson v. San Francisco Housing Authority, 24 Cal. App. 4th 269, 278 (1994)). The statements in Plaintiff's government claim form regarding the beatings he received at the hands correctional officers are sufficient to encompass claims premised on the use of pepper spray. Accordingly, the Court finds that Plaintiff has complied with the requirements of the California Tort Claims Act.

### C. Adequacy of Plaintiff's Allegations and Evidence

Defendants argue that they are entitled to judgment with respect to Plaintiff's Eighth Amendment claims because they used appropriate force to restrain Plaintiff after he refused orders and assaulted prison officials. Defendants also argue that there is no evidence that Defendants Adams or Ruiz knew of a substantial risk of serious harm to Plaintiff.

#### 1. Eighth Amendment Legal Standards

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective

requirement that the prison official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective "sufficiently culpable state of mind" requirement is met when a prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Where prison officials are accused of using excessive physical force, the issue is "'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Hudson v. McMillian, 503 U.S. 1, 6 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 320-321 (1986)). Factors relevant to the analysis are the need for the application of force, the relationship between the need and the amount of force that was used and the extent of the injury inflicted. Whitley, 475 U.S. at 321. Other factors to be considered are the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response. Id. The infliction of pain in the course of a prison security measure "does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied was unreasonable, and hence unnecessary." Id. at 319. Prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Id. at 321-322 (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970)).

Plaintiff alleges that supervisory Defendants were deliberately indifferent toward a serious risk to Plaintiff's safety because they did not protect Plaintiff from the use of excessive force by correctional officers. "Prison officials have a duty to take reasonable steps to protect inmates from

10

physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer, 511 U.S. at 837.

### 2. Claims Related to the January 22, 2007 Incidents

Defendants' version of the facts differs substantially from Plaintiff's version of the facts. With respect to the January 22, 2007 incidents, Defendants allege that Plaintiff refused to obey orders and began kicking and bucking his body when he was ordered to lie prone and submit to leg restraints. Responding officers allegedly wrestled with Plaintiff in an attempt to gain control and did not hit, kick, or punch him. Martinez used a short burst of pepper spray when Plaintiff continued to resist. After he was restrained, Plaintiff was decontaminated, placed on a gurney, and slid into his cell. Defendants argue that Plaintiff had not suffered any serious injuries and the use of force was justified under the circumstances.

Later that day, Defendants allege that inmates yelled "man down" and officers responded to find Plaintiff lying down on the floor of his cell. Plaintiff refused to respond to orders to get up and cuff up. Martinez then tossed a roll of toilet paper into the cell, striking Plaintiff in the leg and causing his body to flinch. As a result, Martinez believed Plaintiff was pretending to be unconscious in order to assault responding staff. When Martinez discharged pepper spray into the cell, Plaintiff did not respond. Martinez repeated the process, causing Plaintiff to stand up and wash his face in the sink. Plaintiff then submitted to handcuffs and was removed from the cell. Defendants argue that the use of pepper spray was justified because Plaintiff was feigning unconsciousness to assault the staff.

Since Defendants' version of the facts differs substantially from the facts alleged in Plaintiff's complaint, Defendants are only entitled to summary judgment if Plaintiff cannot present

11

sufficient evidence in support of his version of the facts. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) ("summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Defendants argue that Plaintiff failed to present the evidence in support of his opposition in proper form by failing to identify factual disputes with citations to specific materials in the record and for failing to authenticate the plethora of documents attached to his opposition. The Court will construe Plaintiff's pro se filings liberally and will treat Plaintiff's verified complaint and opposition as evidence in the form of an affidavit or declaration, so long as the facts alleged are clearly based on Plaintiff's personal knowledge. Plaintiff's complaint is verified and may be treated as evidence in support of his opposition so long as the allegations are based on his personal knowledge. See Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004) ("because [the plaintiff] is pro se, we must consider as evidence in his opposition to summary judgment all of Jones's contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [the plaintiff] attested under penalty of perjury that the contents of the motions or pleadings are true and correct.")

Plaintiff alleges that he was beaten by Defendants David, Miranda, and Garcia while he was lying down in restraints. Plaintiff alleges Defendants Melo, Mendoza, and Martinez failed to intervene during the beating, despite Plaintiff's pleas for help, and Defendant Martinez pepper sprayed him during the attack. These allegations made in Plaintiff's verified complaint are facts that would be within Plaintiff's personal knowledge. Similarly, Plaintiff's allegations with respect to the harassments on January 23, 2007, and February 11, 2007, would have been based on facts within Plaintiff's personal knowledge.

Plaintiff also claims that Defendant Martinez pepper sprayed Plaintiff while he was unconscious. Although this fact presumably would not be within Plaintiff's personal knowledge because Plaintiff was unconscious at the time it happened, Plaintiff has submitted a declaration from Pierre C. Davey, an inmate who claims to have observed Defendant Martinez pepper spray Plaintiff in an excessive manner. (Pl.'s Opp'n to Defs.' Mot. for Summ. J., Ex. B, ECF No. 81.) Plaintiff would have personal knowledge of his own unconsciousness. Taken together, Plaintiff has sufficient

evidence to support the inference that Defendant Martinez pepper sprayed Plaintiff while Plaintiff posed no threat because he was unconscious. The Court finds that Plaintiff has set forth sufficient information to establish a genuine issue of material fact with respect to the disputed version of the events.

### 3. Claims Against Defendants Ruiz and Adams

Defendants argue that Plaintiff has presented no evidence that Defendants Adams or Ruiz knew that Plaintiff faced a substantial risk of harm. Defendants argue that Plaintiff's claims of staff assault were reviewed and investigated and Plaintiff's claims were unfounded. Accordingly, Defendants Adams and Ruiz did not know or have reason to know that Plaintiff was at risk of being assaulted by officers.

Plaintiff alleged in his complaint that he told Defendant Ruiz on January 26, 2007 that he wanted to make a staff complaint and needed to be moved out of the building where he was housed. Ruiz allegedly ignored Plaintiff and walked away. Plaintiff also allegedly wrote a letter to Defendant Adams on January 26, 2007 describing the incident four days earlier which was ignored and eventually returned to Plaintiff by an appeals coordinator. These facts are within Plaintiff's personal knowledge. Plaintiff claims that the February 11, 2007, use of force incident could have been avoided but for Ruiz and Adams' deliberately indifferent response. Plaintiff also argues that Ruiz and Adams may have known about the incident because Plaintiff filed a staff complaint and was interviewed by other officials about it.

The Court finds that Plaintiff's evidence is sufficient to defeat Defendants' motion for summary judgment. Plaintiff is not required to establish the material facts conclusively in his favor. See T.W. Elec. Serv., 809 F.2d at 631 (opposing party need only show that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial"); Matsushita, 475 U.S. at 587 ("purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial"). Plaintiff's evidence is sufficient to support the inference that Ruiz and Adams were aware that the Defendants had assaulted Plaintiff before and could pose a risk to Plaintiff's safety in the future. Accordingly, the Court finds that Plaintiff has established a genuine issue of material fact with respect to Ruiz and

1  Adams' alleged deliberate indifference.

**D.     Defendants Are Not Entitled to Qualified Immunity**

Defendants argue that they are entitled to qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 129 S. Ct. 808, 815 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). "The protection of qualified immunity applies regardless of whether the government official's error 'is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" Id. (quoting Groh v. Ramirez, 540 U.S. 551, 567 (2004) (Kennedy, J., dissenting)). Questions regarding qualified immunity should be resolved at the earliest possible stage in litigation because qualified immunity serves as an immunity from suit rather than a mere defense to liability. Id.

In Saucier v. Katz, 533 U.S. 194 (2001), the Supreme Court mandated a two-step sequence for resolving claims of qualified immunity. First, a court must decide whether the facts alleged by a plaintiff set forth a violation of a constitutional right. Saucier, 533 U.S. at 201. Second, if the plaintiff has satisfied the first step, the court must decide whether the right at issue was "clearly established" at the time of defendant's alleged misconduct. Id. If the defendant did not violate a clearly established constitutional right, the defendant is entitled to qualified immunity from plaintiff's claims. Pearson, 129 S. Ct. at 816 (citing Anderson v. Creighton, 483 U.S. 635, 640 (1987)). However, the Supreme Court has since held that the Saucier sequence is not mandatory in all cases and courts may resolve the "clearly established" question first when the Saucier sequence would result in a "substantial expenditure of scarce judicial resources on difficult questions that have no effect on the outcome of the case." Id. at 818.

Defendants argue that they are entitled to qualified immunity based on their version of the facts. As discussed earlier, Plaintiff has established a genuine dispute over these facts. Additionally, when analyzing Defendants' claim to qualified immunity, the Court must view the facts in the light most favorable to Plaintiff. Saucier, 533 U.S. at 201.

///

Viewing the facts in the light most favorable to Plaintiff, Defendants gratuitously attacked Plaintiff and used excessive amounts of pepper spray on him without any legitimate penological purpose. Plaintiff's right to be free from gratuitous beatings by prison officials was clearly established by Whitley v. Albers, 475 U.S. 312 (1986) (unnecessary and wanton infliction of pain against prisoner violates Eighth Amendment) and Hudson v. McMillian, 503 U.S. 1 (1992) (use of excessive force against prisoner violates Eighth Amendment even when plaintiff suffers no significant injury).

When viewing the facts in the light most favorable to Plaintiff, Defendant Martinez pepper sprayed Plaintiff while Plaintiff was unconscious and posed no threat to institutional security. The Court finds that Plaintiff's right to be free from such excessive use of pepper spray was clearly established not only by the Supreme Court cases prohibiting the use of excessive force, but by cases prohibiting the use of "intermediate force" against persons who did not pose any threats. See Cabral v. County of Glenn, 624 F. Supp 2d 1184, 1192 (E.D. Cal. 2009) (finding law was clearly established that jail officials could not use "stun-type shield" and pepper spray against detainee who was naked, unarmed, and hiding behind a toilet merely because detainee would not follow orders); Jennings v. Debritz, No. CV 07-2312-JFW (RNB), 2008 WL 4375617, at *6 (C.D. Cal. August 26, 2008) (finding right to be free from excessive pepper spray was clearly established); Browning v. Woodford, No. 1:05-cv-00342-AWI-NEW (DLB) PC, 2007 WL 1189367, at *9 (E.D. Cal. August 20, 2007) (same).

Finally, when viewing the facts in the light most favorable to Plaintiff, Defendants Adams and Ruiz knew of a substantial risk to Plaintiff's safety and ignored the risk. Plaintiff's right to be free from deliberate indifference toward serious risks to Plaintiff's safety was established by Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982), and Farmer v. Brennan, 511 U.S. 825, 834 (1994). Thus, Defendants are not entitled to qualified immunity.

**IV.    Conclusion and Recommendation**

The Court finds that Defendants' arguments regarding Plaintiff's failure to exhaust his administrative remedies are untimely and should be disregarded. The Court further finds that Plaintiff has complied with the requirements of the California Tort Claims Act. The Court further

finds that Plaintiff has presented sufficient evidence to establish a genuine issue of material fact with respect to his Eighth Amendment claims. Finally, the Court finds that Defendants are not entitled to qualified immunity.

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion for summary judgment be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty (30) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 4, 2011**                    /s/ Sheila K. Oberto
                                                 UNITED STATES MAGISTRATE JUDGE