# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

GEORGE H. ROBINSON,

                Plaintiff,

  v.

D. ADAMS, et al.,

                Defendants.

_____/

CASE NO. 1:08-cv-01380-AWI-SMS PC

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS

(ECF Nos. 65, 83, 84, 91, 92, 96, 103)

ORDER DENYING PLAINTIFF'S MOTION FOR A STATUS CONFERENCE AND MOTION TO CONDUCT FURTHER DISCOVERY

(ECF No. 107)

RESPONSES DUE WITHIN THIRTY DAYS

## I.   Procedural History

Plaintiff George H. Robinson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  On September 11, 2008, pursuant to 28 U.S.C. § 1441, Defendants Adams, David, Melo, Martinez, Ruiz, Miranda, Mendoza, and Masiel removed this action from Kings County Superior Court.  This action is proceeding on the complaint against Defendants David, Miranda, Melo, Garcia, Mendoza, Martinez, and Masiel for excessive force and Defendants Adams and Ruiz for failure to protect in violation of the Eighth Amendment, and state law assault and battery claims against Defendants David, Miranda, Melo, Garcia, Mendoza,

1    Martinez, and Masiel.[1]

2        On August 20, 2009, a scheduling order issued setting the discovery cut-off date on April 20,

3    2010. (ECF No. 35.) Plaintiff filed a motion to compel on January 19, 2010. (ECF No. 41.)

4    Plaintiff filed motions to modify the scheduling order on February 16, 2010 and March 26, 2010.

5    (ECF Nos. 44, 51.) On April 27, 2010, Plaintiff filed a supplemental motion to compel. (ECF No.

6    53.) On May 11, 2010, an order issued granting in part and denying in part Plaintiff's motion to

7    compel. (ECF No. 55.) The order extended the discovery deadline to June 30, 2010. On June 7,

8    2010, Plaintiff filed a motion to amend the pleadings, discovery cut-off and dispositive motion

9    deadlines. (ECF No. 58.) On June 29, 2010, an order issued granting Plaintiff's motion to compel,

10   filed February 25, 2010, and allowing him thirty days to file a motion to compel once he received

11   Defendants' responses to the disputed discovery requests. (ECF No. 61.) On July 8, 2010, Plaintiff

12   filed a motion for reconsideration of the order denying Plaintiff's motion to extend discovery. (ECF

13   No. 62.) Plaintiff's motion for reconsideration was denied on August 23, 2010. (ECF No. 70.)

14       On July 15, 2010, Plaintiff filed a motion to compel. (ECF No. 65.) On January 14, 2011,

15   an order partially granting Plaintiff's motion to compel issued. (ECF No. 94. Defendants filed a

16   motion for reconsideration on January 31, 2011, and Plaintiff filed a motion for reconsideration

17   requesting an evidentiary hearing and sanctions on March 10, 2011. (ECF No. 96, 103.) On March

18   23, 2011, the case was reassigned to the undersigned. (ECF No. 105.) Plaintiff filed a motion for

19   a status conference and a motion to conduct further discovery on May 2, 2011. (ECF No. 107.) The

20   District Court Judge issued an order vacating the prior order partially granting Plaintiff's motion to

21   compel and referred the motion back to the undersigned on May 18, 2011. (ECF No. 108.)

22   **II.    Summary of Allegations Contained in Complaint**

23       On January 22, 2007, Plaintiff alleges that while he was face down on the ground in hand and

24   leg restraints, Defendant David and Miranda began hitting and kneeing him, and Defendants Melo,

25   Garcia, Mendoza and Martinez failed to stop them. Defendant Martinez pepper sprayed Plaintiff,

26   and Defendant David "tweaked" his fingers and ears, breaking one of his fingers. Later that same

27

28       [1]Following Defendants' motion for summary judgment the state law claims for negligence and intentional
     infliction of emotional distress will be dismissed from the action by separate order.

day, Plaintiff alleges that while he was unconscious in his cell, Defendant Martinez pepper sprayed him.

On January 23, 2007, Plaintiff was taken for an interview regarding his allegations of staff misconduct.  Plaintiff claims Defendant David was present and pulled Plaintiff's ears and hit him during the interview.  Plaintiff claims he sent two staff misconduct complaints to Defendant Adams, and on January 26, 2007, he informed Defendant Ruiz that he wanted to make a staff complaint and needed to be moved out of the building he was housed in.   Defendant Ruiz ignored his request and walked away.  On February 11, 2007, Defendant Garcia held Plaintiff's right arm while Defendant Miranda hit Plaintiff with a closed fist in the back and head and kicked him in the butt.

## III.   Motion to Compel

### A.   Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  For document production requests, responding parties must produce documents which are in their "possession, custody or control."  Fed. R. Civ. P. 34(a)(1).  "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand."  Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D.Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D.Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D.Cal. Mar. 19, 2010).

If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden on his motion to compel to demonstrate why the objection is not justified.  In general, Plaintiff must inform the Court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendants' objections are not meritorious.

**B.**   **Timeliness of Defendant's Objections**

Plaintiff argues that Defendants failed to provide a timely response to the interrogatories and request for production of documents, and their failure to respond in a timely manner constitutes a waiver. (Mot. To Compel 9, ECF No. 65.)  Plaintiff states that he propounded the requests on September 21, 2009, and Defendants did not respond in a timely manner.  However, Defendants indicated that they did not receive the requests, and the Court ordered Defendants to respond within thirty days on May 11, 2010.  Plaintiff has failed to show that Defendants failed to respond within thirty days of May 11, 2010.  Accordingly, the Court finds that Plaintiff has failed to demonstrate why or how Defendants' objections were untimely.

**C.**   **Defendant Adams' Responses to Plaintiff's Interrogatories and Request for Production of Documents**

Plaintiff propounded interrogatories to Defendant Adams on September 21, 2009.  After failing to receive a response, Plaintiff filed a motion to compel on January 19, 2010. (ECF No. 41.) On March 7, 2010, due to Defendants' contention that they did not receive the interrogatories, Plaintiff amended the set, adding five additional interrogatories, and served them on Defendant Adams.  The Court granted Plaintiff's motion, in part, on May 11, 2010, and ordered Defendant Adams to respond to the interrogatories.  Plaintiff seeks responses to the five additional interrogatories, numbered 16-20 and additional responses to some of the interrogatories propounded.

"An interrogatory is a written question propounded by one party to another who must answer under oath and in writing.  These questions are limited to anything within the permissible scope of discovery, namely, any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 33, 26(b)(1).  The responding party is to answer each interrogatory fully, to the extent that it is not objected to, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4).  Generally, the responding party does not need to conduct extensive research in answering the interrogatory, however, a reasonable effort to respond must be made. Evans, 2010 WL 1136216 at *7.

1.   Interrogatory No. 2

Plaintiff's Interrogatory No. 2 states:

4

> State all "YOUR" procedures in effect from January 1, 2003 through the present, relating, pertaining, and/or referring to the handling of inmates housed in the Security Housing Units, (hereinafter "SHU"), at CORCORAN. If those procedures are set-forth in any policies, directives or other documents, produce any and all DOCUMENTS.

Defendant Adams' response states:

> Responding Party objects to this request on the grounds that it is vague as to the terms "all your procedures" and "handling of inmates," is overly broad, overly burdensome, is inarticulate, lacks foundation, and is not reasonably calculated to lead to the discovery of admissible evidence.

**Plaintiff's Argument:** Plaintiff argues that Defendant Adams created a policy of inaction that was deliberately indifferent to inmates. He alleges he was beaten by staff, mistreated and deprived of his property and legal documents. Plaintiff claims that other inmates have suffered similar injuries and the response to this request will show a habit and pattern. Defendant Adams should have noticed a risk of harm to all inmates at the hands of these Defendants. Additionally, these policies and procedures will be relevant evidence as to whether Defendant supervisors failed to properly train or supervise and were deliberately indifferent by creating a policy of inaction.

Additionally, Plaintiff argues in his reply to Defendant's opposition that Defendant had the opportunity to identify all procedures that would be relevant to this action.

**Defendant's Objection:** Defendant objects that the request is overly broad. The procedures in the SHU include subject matter beyond the scope of this litigation and are not relevant to the matters at issue.

**Ruling:** Plaintiff's claim that this information is relevant to show that failure to properly train and supervise is without merit. Plaintiff's claim against supervisory defendants for failure to train and supervise was dismissed and is not at issue in this action. This action is proceeding against Defendants for excessive force and failure to protect. Plaintiff's allegations that he was deprived of property are irrelevant. Defendant is correct that the request is overly broad and includes subject matter beyond the scope of this litigation.

Plaintiff's argument that Defendant could have provided only relevant documents is without merit. It is Plaintiff's responsibility to propound discovery, and Defendant is not required to

reinterpret Plaintiff's discovery requests and provide answers based on what Plaintiff could have requested. **Plaintiff's request is denied.**

2.   <u>Interrogatory No. 3</u>

Plaintiff's Interrogatory No. 3 states:

> State the names, titles and duties of all "OFFICERS" at CORCORAN who had a responsibility of the control and custody of each inmate housed in Facility 4A housing unit 2L, from January 1, 2007 through April 1, 2007. If those duties are set-forth in any job description or other document, produce any and all DOCUMENTS.

Defendant Adams' response states:

> Responding Party objects to this request on the grounds that it is vague as to the terms "all your procedures" and "handling of inmates," is overly broad, overly burdensome, is inarticulate, lacks foundation, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Responding Party does not know the names of the Officers who were assigned to that facility during that time frame.

**Plaintiff's Argument:** Plaintiff argues that the interrogatory is relevant because it may identify unknown defendants or witnesses. Additionally, Plaintiff states it is hard to believe that there are no documents of correctional staff who worked in the area during the time period in question.

**Defendant's Objection:** Defendant objects that the names of officers who worked during shifts unrelated to the incidents alleged is irrelevant, over broad and not reasonably calculated to lead to the discovery of admissible evidence.

**Ruling:** The Court fails to see how the identify of officers who were working at times other than when the incidents occurred would be relevant or be reasonably calculated to lead to the discovery of admissible evidence. However, records must exist of employees working at the times these incidents occurred.

Under Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request . . . to inspect and copy any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1). "[A] party need not have actual possession of documents to be deemed in control of them." <u>Clark v. Vega Wholesale Inc.</u>, 181 F.R.D. 470, 472

1  (D.Nev., 1998) quoting Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D.Nev., 1991).  A party

2  is deemed to have control of documents when it has a legal right to obtain the documents.  Evans,

3  2010 WL 1136216 at *1.  The relationship between the party and the person or entity having control

4  of the documents is central to the inquiry of whether the party has control.  Clark, 181 F.R.D. at 472.

5  The special relationship that allows the party to command release of the documents usually exists

6  under statute, affiliation or employment.  Id.  Defendant Adams, as the warden of the institution, has

7  the ability to command release of the documents requested.

8          Under Rule 34(b), the party to whom the request is directed must respond in writing that

9  inspection and related activities will be permitted as requested, or state an objection to the request,

10 including the reasons.  Fed. R. Civ. P. 34(b)(2).  Also, "[a] party must produce documents as they

11 are kept in the usual course of business or must organize and label them to correspond to the

12 categories in the request." Fed. R. Civ. P. 34(b)(E)(I).  **The Court orders that Defendant produce**

13 **the names of employees who had responsibility of custody and control of inmates that were**

14 **working in Facility 4A housing unit 2L on the dates and times of the incidents alleged in this**

15 **action.**

16                    3.    Interrogatory No. 4

17 Plaintiff's Interrogatory No. 4 states:

18          State the names, title and duties of all "OFFICERS" at CORCORAN
             who had a responsibility of investigating and/or processing staff
19          complaints and/or Inmate Appeals, from January 1, 2007 through
             January 1, 2008. If those duties are set-forth in any job description or
20          other document, produce any and all "DOCUMENTS."

21 Defendant Adams' response states:

22          Responding Party objects to this request on the grounds that it is
             vague, is overly broad, overly burdensome, lacks foundation, and is
23          not reasonably calculated to lead to the discovery of admissible
             evidence. Without waiving these objections, Responding Party does
24          not know the names of the Officers who were assigned to either
             investigate staff complaints or inmate appeals. That duty is assigned
25          to different staff depending on the situation, the staff member
             involved, the type of incident alleged, and the facility in which the
26          alleged incident took place.

27          **Plaintiff's Argument:** Plaintiff argues that his contention is that he was submitting staff

28 complaints while he was being mistreated by officers, and those appeals were screened out.

Identifying those officials would lead to additional defendants or produce witnesses.

**Defendant's Objection:** Defendant contends that the staff member assigned to investigate allegations against an officer depends upon the type of incident, where it occurred, and the type of complaint. Incidents that are not designated as a "staff complaint" are not maintained by officer name and would require staff to identify every inmate housed at Corcoran during the time period requested and search each inmates central file to determine which officer investigated the allegation. The complaint is not proceeding on a claim that Plaintiff's appeal was improperly screened out and the information sought is irrelevant.

**Ruling:** The current action alleges excessive force and failure to protect Plaintiff. As such the Court fails to see how the information requested, all personnel who investigated complaints or appeals from January 1, 2007 to January 1, 2008, would be likely to lead to admissible evidence in this action. Plaintiff alleges that his complaints were screened out, however, even if true, the processing of complaints by other inmates would be irrelevant to this claim.

Plaintiff's allegation is that Defendant Adams was aware that he was in danger and failed to act. The investigation into Plaintiff's staff complaint could potentially be relevant to whether Defendant Adams was aware of a potential danger to Plaintiff. **Defendant is ordered to produce the names of employees who investigated Plaintiff's complaints regarding the incidents alleged in this action.**

4.    Interrogatory No. 5

Plaintiff's Interrogatory No. 5 states:

> State any all procedures in effect from January 1, 2007 through the present, for "CDCR" and "CORCORAN" relating, pertaining and referring to staff complaints or complaints of staff misconduct. If thopse [sic] procedures are set-forth in any policy, directive or other document produce any and all "DOCUMENTS".

Defendant Adams' response states:

> Responding Party objects to this request on the grounds that it is vague, is overly broad, overly burdensome, lacks foundation, and is not reasonably calculated to lead to the discovery of admissible evidence.

**Plaintiff's Argument:** Plaintiff argues that the objection lacks merit and should be rejected.

An examination of the procedures compared to the actions of Defendant can support Plaintiff's claim for deliberate indifference or lead to relevant evidence to support his claims or refute defenses.

**Defendant's Objection:** Defendant argues that the request is facially over broad.

**Ruling:** Plaintiff's request is overly broad and seeks information and documents that would be irrelevant to the current action. **Plaintiff's request is denied.**

> 5. <u>Interrogatory No. 7</u>

Plaintiff's Interrogatory No. 7 states:

> What, if any, procedures were in effect in 2007 that articulate each step that must be taken following an allegation by an officer that he or she has been assaulted by an inmate? (7b) Are there any steps taken to insure that the officer and inmate no longer come in direct contact with each other? If there are any procedures that are set-forth in any policy, directive or any other documents, produce any and all "DOCUMENTS".

Defendant Adams' response states:

> Responding Party objects to this request on the grounds that it is vague as to what type of assault, is overly broad, overly burdensome, lacks foundation, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, the procedures are different depending on the type of assault.

**Plaintiff's Argument:** Plaintiff argues that excessive force was used against him on more than one occasion, and he was falsely accused of kicking at staff. Therefore, the procedures regarding steps to separate the inmate from the correctional officers would be relevant and lead to admissible evidence.

**Defendant's Argument:** Defendant argues that the type of action taken depends upon the extent of the assault and where the inmate was housed. Plaintiff assaulted an officer during a scuffle. The officer was treated and returned to work. Plaintiff was provided this information by way of the incident reports.

**Ruling:** It is clear that Plaintiff is not seeking what occurred in this instance, but what should happen when there has been an assault by an inmate. Therefore, the incident reports for these events are not responsive to Plaintiff's request. The Court appreciates Defendant's argument that the response is dependant on the type of assault and where the inmate was housed, so Plaintiff's request will be granted with the following limitation: **Defendant is to respond to the interrogatory with**

**the procedure that was to be taken in February 2007, when an officer was physically assaulted by an inmate, as alleged in this action, while housed in the SHU.**

      6.    Interrogatory No. 11

Plaintiff's Interrogatory No. 11 states:

> What are the purposes for an inmate placement on "property restriction" and/or management status? Produce any and all documents relating, pertaining and/or referring to "property restriction" and "management status" that were in effect in 2007 at CORCORAN.

Defendant Adams' response states:

> Responding Party objects to this request on the grounds that it is vague, lacks foundation, calls for speculation, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, the reasons for placing an inmate of[sic] property restriction or management cell status are set forth in the Department Operations Manual which is available for inspection and copying pursuant to institutional policies and procedures.

**Plaintiff's Argument:**  Plaintiff contends that he was placed on property restriction, which is not an authorized punishment.

**Defendant's Objection:**  Defendant states that the purposes for placement on property restriction or management cell status are set forth in the Department Operations Manual.  Non-confidential portions of the manual are maintained in the prison library and are available for inspection and copying.

**Ruling:** Plaintiff fails to adequately explain how this interrogatory is reasonably calculated to lead to admissible evidence.  Plaintiff's claims based on the conditions of management cell status were not found to be cognizable and are not at issue in this action.  **Plaintiff's request for further response is denied.**

      7.    Interrogatories 16-20

Plaintiff sent an amended set of interrogatories to Defendant Adams on March 7, 2010, adding interrogatories 16 through 20.  The interrogatories did not indicate that they were amended, and Defendant Adams only responded to those interrogatories propounded on September 21, 2009.  There is no indication that this amended set of interrogatories was different from those originally propounded until the last page which states "THE FOLLOWING INTERROGATORIES WERE

NOT PART OF THE ORIGINAL." Since it was not clear that this set of interrogatories was different from the original, Defendant may not have realized that it contained additional interrogatories.

**The Court will not sanction Defendant Adams for failing to respond to these requests. The additional interrogatories were propounded in a timely manner, however, and the Court will order Defendant to provide responses to these interrogatories within thirty (30) days of the date of service of this order.**

### D. Defendant Mello's Responses to Plaintiff's Interrogatories and Request for Production of Documents

Plaintiff seeks to compel Defendant Mello to provide further responses to certain interrogatories. The parties numbered the interrogatories differently, Plaintiff is objecting to Defendant's responses to interrogatories Nos. 12-16, which refer to interrogatories No. 9, 10, 12, 13, and 14 as numbered by Plaintiff.

#### 1. Interrogatory No. 12 (Plaintiff's Interrogatory No. 9)

Interrogatory No. 12 (Plaintiff's Interrogatory No. 9) states:

> Describe (by date, names and description of all Use of Force Incidents) all "Use of Force Incidents" in which you have been involved in four years prior to the January 22, 2007 incident. If there are any documents (i.e. Incident Reports) responsive to this question produce any and all documents.

Defendant Melo's response states:

> Responding Party objects to this request on the grounds that it is lacks [sic] foundation, presumes as true facts that have not been established as true, is overly broad, vague as to what type of incident, what type of force was deemed necessary, where the incidents occurred, and is not reasonably calculated to lead to the discovery of admissible evidence.

**Plaintiff's Argument:** Plaintiff argues that all prisons maintain a CDCR "Watch Commander's Incident Log" and "Use of Force Log" that list and identify all use of force incidents that take place at the prison. Plaintiff alleges that Defendant is exaggerating the burden that would be required to produce the requested information as the prison is mandated to keep such information. Although Defendant Mello did not hit him, the information is relevant as she held his legs as he was

battered by the other defendants.

**Defendant's Objection:** Defendant objects that it would be extremely burdensome and expensive to provide this information as the reports are kept by log number, not officer name. Staff would be required to retrieve all Crime/Incident reports for the four year period and go through them to determine if Defendant Mello was involved.

Defendant argues that she did not use any force against Plaintiff, and therefore the requested information would not be reasonably calculated to lead to discoverable evidence. Defendant argues that the undue burden outweighs any likely benefit of the information.

**Ruling:** Plaintiff's allegation is that Defendant Mello held his legs down while he was battered by other officers. The discovery requested would be relevant to whether she used excessive force against Plaintiff and additionally could be used to impeach her testimony. This Court has reviewed officer personnel files in other prisoner litigation cases and has seen copies of reports by prisoners of use of excessive force in the officer's files. However, Plaintiff's request is overly broad as to the time period requested and the Court will limit the request as follows: **Defendants are ordered to respond and produce all responsive documents that contain information on excessive force use by Defendant Mello for the period from January 22, 2005 through January 22, 2007. Defendant does not have to create a factual statement regarding incidents for Plaintiff.**

## 2. Interrogatory No. 13 (Plaintiff's Interrogatory No. 10)

Interrogatory No. 13 (Plaintiff's Interrogatory No. 10) states:

> Describe (by date, names and description of the "Use of Force Incident") all "Use of Force Incidents" in which you have been involved since the January 22, 2007 incident.

Defendant Melo's response states:

> Responding Party objects to this request on the grounds that it is lacks[sic] foundation, presumes as true facts that have not been established as true, is overly broad, vague as to what type of incident, what type of force was deemed necessary, where the incidents occurred, and is not reasonably calculated to lead to the discovery of admissible evidence.

**Plaintiff's Argument:** Plaintiff argues that the information will establish motive and intent.

12

1    Additionally it will establish a habit or pattern that would support claims of deliberate indifference.

2        **Defendant's Objection:** As stated above, the information is maintained by log number and

3    staff would be required to retrieve all reports for the requested time period to determine if Defendant

4    Mello was involved in the incident.  The undue burden of gathering the information far outweighs

5    the likely benefit.

6        **Ruling:  For the reasons stated above, Defendants are ordered to respond and produce**

7    **responsive documents from January 22, 2007 through December 31, 2009.**

8           3.    <u>Interrogatory 14 (Plaintiff's Interrogatory No. 12)</u>

9    Interrogatory No. 14 (Plaintiff's Interrogatory No. 12) states:

10          Describe every incident (by date, name and CDCR number and a full
          description of all the facts that took place) in which an inmate has set
11          forth allegations of you participating in either unreasonable or
          excessive force.
12

13    Defendant Melo's response states:

14          Responding Party objects to this request on the grounds that it lacks
          foundation, presumes as true facts that have not been established as
15          true, is overly broad, overly burdensome, is vague and ambiguous as
          to time, what type of incident, what inmate, and where the incident
16          may have occurred, and is not reasonably calculated to lead to the
          discovery of admissible evidence.

17        **Plaintiff's Argument:** Plaintiff argues that this is relevant as it will show whether officials

18    ignored inmate complaints and will show motive, intent, habits and practices at Corcoran State

19    Prison.

20        **Defendant's Objection:** Defendant argues that the request is facially over broad.  This

21    information is only kept by officer name where there has been a reprimand of the officer.  Defendant

22    Mello has no reprimands in her personnel file.  This information would be found in the prison

23    grievance system.  This would requiring knowing the name of the inmate who made a complaint and

24    retrieving the document from the inmate's file.

25        **Ruling:** The information requested is relevant to the issue of use of excessive force by

26    Defendant Mello.  However, the Court will narrow the request to allegations of unreasonable or

27    excessive force between January 22, 2005 and January 22, 2009. **Defendant is to provide a further**

28    **response to this interrogatory, but only to the extent that the documents produced pursuant**

**to Interrogatory 12 (Plaintiff's Interrogatory No. 9) are not responsive. Defendant does not have to create a factual statement regarding incidents for Plaintiff.**

4.     Interrogatory No. 15 (Plaintiff's Interrogatory No. 13)

Interrogatory No. 15 (Plaintiff's Interrogatory No. 13) states:

> State each time and identify by case name and case number each civil right cause of action that has been filed in any court that has named you as a defendant.

Defendant Melo's response states:

> Responding Party objects to this request on the grounds that it is overly broad, overly burdensome, is vague and ambiguous as to time, what type of civil rights cause of action, what inmate was involved, and where the incident may have occurred, and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, Responding Party does not recall the cases filed against her by prison inmates because I have never been required to go to trial. However, Plaintiff has been provided with a printout showing all cases in which M. Melo was listed as a Defendant. These cases could involve another officer named M. Melo.

**Plaintiff's Argument:** Plaintiff requests sanctions against Defendant based upon her response to this interrogatory. Defendant provided a printout that shows no matches for Defendant Melo. Since Defendant Melo states she does not recall the cases filed against her, Plaintiff states that the responsive is evasive and misleading. Additionally, Plaintiff claims that he is aware that Defendants have been sued more times than they are revealing in their discovery responses, and this raises questions as to the truthfulness of Defendants' responses. Since Defendants are represented by the Attorney General, Plaintiff finds it hard to believe that this information is not readily available.

**Defendant's Objection:** Defendant has properly responded to the request. The interrogatory is facially over broad, and Defendant does not recall if and when she has been sued. Defendant has offered the Public Access to Court Electronic Records (PACER) printout listing all cases filed against M. Melo.

**Ruling:** Plaintiff's request for all civil rights causes of action cases is overly broad. Since the allegations in this action are excessive force, only such cases would be relevant. Additionally, the Court is aware that a defendant may not be aware that a suit has been filed against them in

Federal Court.  In a federal prisoner civil rights action, the defendant is not served until after the complaint is screened and cognizable claims are found.  **Accordingly, the Court will order that Defendant respond to the request by providing the information requested on all cases alleging her use of excessive force in which she has been served as a defendant.**

> 5.    Interrogatory No. 16 (Plaintiff's Interrogatory No. 14)

Interrogatory No. 16 (Plaintiff's Interrogatory No. 14) states:

> Please state all the facts relied upon that support your affirmative defenses which you have raised in your answer to Plaintiff's complaint.

Defendant Melo's response states:

> Responding party objects to this request on the grounds that it lacks foundation, is overly broad, and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, Responding Party did not prepare the answer and is not familiar with the affirmative defenses or why they were raised.

**Ruling: The Court will order Defendant to provide a further response.  Defendant's argument that she is unfamiliar with the affirmative defenses is without merit, as Defendant can read the answer prepared on her behalf and disclose all facts that support the defenses asserted in the answer.**  The assertion of affirmative defenses without consultation with a client or the assertion of affirmative defenses that have no factual basis would raise serious questions as to whether sanctions should be imposed under Federal Rule of Civil Procedure 11.  See National Academy of Recording Arts & Sciences, Inc. v. On Point Events, LP, 256 F.R.D. 678, 682 (C.D.Cal.2009) ("Requiring a defendant to answer a contention interrogatory and to produce documents that support its affirmative defenses is consistent with Rule 11 of the Federal Rules of Civil Procedure which requires parties to have some factual basis for their claims and allegations.") (internal quotations and citations omitted).  If Defendant is unaware of any facts in support of an affirmative defense raised in the answer, Defendant must make such an admission in her response.

E.    **Defendant Garcia's Responses to Plaintiff's Interrogatories and Request for Production of Documents**

Plaintiff seeks a further response to Interrogatory No. 11 propounded to Plaintiff Garcia and leave to propound more that twenty five interrogatories.  Plaintiff states that Defendant Garcia

separated his interrogatories and requests leave to propound more than twenty five interrogatories and for the Court to order Defendant to respond to the remaining interrogatories.  Plaintiff argues that since Defendants would not stipulate that he could depose each Defendant he must rely on interrogatories to seek information.  Twenty five interrogatories is not enough and his additional requests are reasonable.  Plaintiff bears the burden of demonstrating the need for additional interrogatories.  See Waterbury v. Scribner, 1:05-cv-0764 OWW DLB PC, 2008 WL 2018432, *8 (E.D. Cal. May 8, 2008) (particularized showing required) (citing Archer Daniels Midland Co. v. Aon Serv. Risk, Inc. of Minn., 187 F.R.D. 578, 586 (D. Minn. Jun. 7, 1999)); Williams v. County of Sacramento Sheriff's Dept., No. CIV S-03-2518 FDC DAD P, 2007 WL 587237, *2 (E.D. Cal. Feb. 26, 2007) (plaintiff bears burden of establishing need for additional interrogatories and that information sought is not duplicative). **Plaintiff has failed to meet his burden of demonstrating the need for additional interrogatories and his request is denied.**

Plaintiff's Interrogatory No. 11 states:

> Describe (by date, names and description of all Use of Force Incident) all "Use of Force Incidents" in which you have been involved in four years prior to the January 22, 2007 incident. Produce any and all documents responsive to this Interrogatory.

Defendant Garcia's response states:

> Defendant objects to this request on the grounds that it is overly broad, vague as to what type of incident, what type of force was deemed necessary, and where the incident occurred, and is not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding these objections, I do not recall being involved in any incident prior to that date because I worked in the control booth.

**Plaintiff's Argument:** Plaintiff argues that the response is evasive.

**Defendant's Objection:** Defendant objects that he has properly responded to the request and Plaintiff cannot compel another response because he dislikes Defendant's response.

**Ruling: The Court finds that Defendant has responded to the request and Plaintiff's request for further response is denied.**

### F.   Plaintiff's Request for Production of Documents, Set One

Plaintiff is requesting further responses to his request for production of documents and groups his requests and arguments.  Although Plaintiff has not addressed his request to any specific

Defendant, the Court will assume they are addressed to Defendants collectively.

1.      Request for Production Nos. 2 through 10

Plaintiff's Request for Production No. 2 states:

All DOCUMENTS relating to each named defendant, for the period from January 2, 2002 through January 1, 2008. Any and all copies of CDC Adverse Actions Data Bank Computer Log on identified CDC Correctional Staff during their tenure with CDCR. Copy of any and all punitive and non-punitive actions on file with the Institution Employee Relations Officer or the Employee Relations Officer where any of the defendants may have been previously employed, to include Letters of Instruction since January 1, 2007 through present.

Plaintiff's Request for Production No. 3 states:

All DOCUMENTS relating to any of the defendants, for the period of January 28, 2002 through January 1, 2008. Any and all copies of CDC-989's and CDC 989A's on file with the Office of Internal Affairs which would indicate the initiation of an investigation into any act or course of conduct intended to impede any law enforcement, use of excessive force or any misconduct investigations. This would include, but not be limited to, any investigation conducted by CDCR, any police, or sheriff's department, any county district attorney's office or any federal agency.

Plaintiff's Request for Production No. 4 states:

All DOCUMENTS relating to any of the defendants, for the period from January 1, 2002 through January 1, 2008. Copies of any and all complaints as recorded by the Warden's Citizen Complaint Log at the Institution relating to any of the named defendants.

Plaintiff's Request for Production No. 5 states:

Copies of any and all investigative reports (relating to any defendants) on file with the Institution Investigative Services Unit-Internal Affairs, to include CDC-989 and CDC-989A's. Copies of any and all audio and/or video investigatory interview tapes and transcription documentation.

Plaintiff's Request for Production No. 6 states:

Copies of any and all confidential and non-confidential memoranda on file (relating to any defendant) with the State Office of Inspector General. Copies of any and all audio and/or video investigatory interview tapes on file and transcription documentation.

Plaintiff's Request for Production No. 7 states:

All DOCUMENTS of any and all investigative reports on file (relating to any defendant) with the Office of Internal Affairs (OIA) Northern Region Headquarters Sacramento both Administrative and Criminal documentation, to include CDC-989's and CDC-989A's.

> Copies of any and all audio and/or video investigatory interview tapes on file and transcription documentation.

Plaintiff's Request for Production No. 8 states:

> All DOCUMENTS relating to any of defendants, for the period from January 1, 2002 through present. Copies of any and all confidential and non-confidential investigative reports on file with CDC Law Enforcement Liaison Unit, to include copies of all audio and/or video investigatory interview tapes on file and transcription documentation.

Plaintiff's Request for Production No. 9 states:

> All DOCUMENTS relating to any of the defendants, for the period from January 1, 2002 through present. Copies of any formal Adverse Actions served on any of the Defendants. Copies of all Skelly Notes taken at the time of the Skelly hearings. Copies of any modifications, recessions, alterations and final recommendations to the Adverse Actions.

Plaintiff's Request for Production No. 10 states:

> All DOCUMENTS relating to any of the Defendants, for the period from January 1, 2002 through present. Copies of any and all State Personnel Board Administrative Law Judge's finding and copy of the State Personnel Board Executive Boards final decision.

Defendants' responses to these requests states:

> Defendants object to this request on the grounds that it is overly burdensome, overly broad, not relevant to this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence, and on the grounds that personnel records are protected by the right of privacy under both state and federal law. Without waiving these objections, Defendants are not in possession, custody, or control of documents responsive to this request.

**Plaintiff's Argument:** The documents that Plaintiff requests are relevant and will support claims of deliberate indifference or lead to other relevant evidence. Plaintiff asserts that these documents will demonstrate how Defendant Adams and the CDCR responded to complaints against the named defendants and whether there was any meaningful investigation or merely turned a blind eye to complaints.

**Defendants Objection:** Defendants object that the documents that Plaintiff requests are not in their custody and control, nor do they have the right to demand them. Defendants are not obligated to do Plaintiff's work for him by requesting documents from other agencies.

**Ruling:** Indeed, parts of several of the requests are overly broad and seek documents from

18

other agencies that would not be in the custody and control of Defendants.  With regard to Requests for Production Nos. 2 through 10, the Court has consolidated the letter and spirit of the requests, and orders as follows:  **Defendants have been directed to provide any and all information regarding allegations of the use of unreasonable or excessive force between January 22, 2005 and January 22, 2009,** *as to any prisoner complainant***, for each defendant in this action.  The Court will expand the order to provide any and all documents in Defendants' personnel files of professional reprimands (including findings of policies and procedures violations, colleague complaints by other officers against Defendants, written findings and conclusions, and all documents relating to any review or evaluation of the job performance of each of the herein Defendants during his/her employment with CDCR, etc.) by supervisors of unnecessary use of excessive force while on the job.** *Defendants' counsel shall first peruse each such personnel file, extract all documents that are not related to unreasonable or excessive force, then submit copies to this Court for in camera review within thirty (30) days of the date of service of this order.*

There are no claims of supervisory liability against Defendants' supervisors in this action, and Plaintiff cannot assert any claims against the prison or the California Department of Corrections and Rehabilitation ("CDCR") as they are not "persons" subject to suit within the meaning of section 1983.  **Therefore, all other requests pursuant to requests Nos. 2 through 10 are DENIED.**

2.     Request for Production No. 12

Plaintiff's Request for Production No. 12 states:

> The names, addresses, telephone numbers, and any other information which would assist the Plaintiff in locating all persons interviewed in response to any complaints made against the named defendants, that alleged misconduct and/or use of excessive force.

Defendants' response states:

> Defendants object to this request on the grounds that it is not a request for an identifiable document, and Defendants are not required to create such a document in response to this request.

**Plaintiff's Argument:** Plaintiff requests that the Court order Defendants not to redact the names and other requested information from documents that are compelled in other requests for production of documents.

**Ruling: Defendants are correct that they do not have to create responsive documents, thus their response is sufficient.  Plaintiff's request that Defendants be ordered not to redact the names and contact information in responsive documents is beyond the scope of this specific request for production.**

3.   Request for Production No. 14

Plaintiff's Request for Production No. 14 states:

> Copies of any and all of Corcoran State Prison, Watch Commander's Incident Report Log, for the period from January 1, 2002 through April 1, 2007 and from April 2, 2007 through present.

Defendants' response states:

> Defendants object to this request on the grounds that it is overly burdensome, overly broad, not relevant to this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.

**Plaintiff's Argument:** Plaintiff propounds the same argument for Requests for Production 14 through 20.  He argues that the requested documents are needed to show Defendants' motive and intent.  Additionally, the documents will show the habits and practices at Corcoran State Prison related to use of excessive force and investigation of claims of excessive force.

**Ruling:** Plaintiff's request is overly broad in that it requests information on incidents beyond the scope of this action.  The information requested involves incidents other than excessive force and that do not involve Defendants in this action.  **The Court will partially grant Plaintiff's request and order that the Watch Commander's Incident Report Log containing information on excessive force use by Defendants in this action be provided to Plaintiff for the period from January 1, 2005 through December 31, 2009.**

4.   Request for Production No. 16

Plaintiff's Request for Production No. 16 states:

> All manuals and handbooks provided to officers at Corcoran State Prison, between January 1, 2002 through the present relating, pertaining, and/or referring to the handling of inmates housed in the Security Housing Unit (SHU).

Defendants' response states:

> Defendants object to this request on the grounds that it is overly burdensome, overly broad, not relevant to this lawsuit, nor

reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request on the grounds that the documents requested contain information that is considered confidential for the safety and security of the institution.

**Ruling:** Plaintiff's request for all documents that relate to the handling of inmates housed in the SHU is overly broad. Plaintiff has not demonstrated how the requested information contained in these documents would be calculated to lead to admissible evidence in this action. **Plaintiff's request for production of documents is denied.**

5. Request for Production No. 17

Plaintiff's Request for Production No. 17 states:

Facility 4A building 2 Left SHU log book from January 1, 2002 through the present.

Defendants' response states:

Defendants object to this request on the grounds that it is overly burdensome, overly broad, not relevant to this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.

**Ruling:** Plaintiff has failed to state what information is contained in the log book or how it would be calculated to lead to admissible evidence in this action. **Therefore, Plaintiff's request for a further response is denied.**

6. Request for Production No. 18

Plaintiff's Request for Production No. 18 states:

The training records of each of the named defendants.

Defendants' response states:

Defendants object to this request on the grounds that it is overly burdensome, overly broad, not relevant to this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence, and on the grounds that these documents, if they exist, are protected by Defendants' right to privacy under both State and Federal constitutions and statutes.

**Ruling:** Plaintiff's request is overly broad, as he has failed to identify how training records in general would be reasonably calculated to lead to the discovery of admissible evidence in this action. However, Plaintiff has stated that his intention is to show that there is a habit and pattern of excessive force and therefore documents relating to training in use of force may be relevant.

**Therefore, the Court will modify the request and order Defendants to produce any training records in use of force.**  Defendants argue that due to privacy and safety concerns any documents ordered be subject to *in camera* review.  **The Court will order Defendants to produce responsive documents for an *in camera* review.**

> 7.    Request for Production No. 19

Plaintiff's Request for Production No. 19 states:

> Performance evaluations of each named defendant.

Defendants' response states:

> Defendants object to this request on the grounds that it is overly burdensome, overly broad, not relevant to this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence, and on the grounds that these documents, if they exist, are protected by Defendants' right to privacy under both State and Federal constitutions and statutes.

**Ruling:** While the documents requested could lead to the discovery of admissible evidence, Plaintiff's request for production is overly broad in that it does not state a time frame for the records requested.  **Due to the privacy concerns, the Court will order Defendants to produce all performance evaluations for each named defendant from January 1, 2005 to December 31, 2009, for *in camera* review.**

> 8.    Request for Production Nos. 20-21

Plaintiff's Request for Production No. 20 states:

> All DOCUMENTS showing whether the Officers named in the complaints were alleged to have been victims of an "ASSAULT" or "BATTERY" from JANUARY 1, 2002 through the present.

Defendants' response states:

> Defendants object to this request on the grounds that it is overly burdensome, overly broad, not relevant to this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request on the grounds that the documents requested contain information that is considered confidential for the safety and security of the institution.

Plaintiff's Request for Production No. 21 states:

> ALL DOCUMENTS, including but not limited to notes, documents, letters, memoranda, files, records, record books, logs, grievance reports, written communications, audio and/or video recordings,

relating, pertaining, and/or referring to complaints or claims against any of the named defendants while employed by the California Department of Corrections and Rehabilitation (CDCR) alleging excessive or unreasonable force, misconduct, racism, prejudice, dishonesty, and/or perjury from January 1, 2002 through the present.

Defendants' response states:

Defendants object to this request on the grounds that it is overly burdensome, overly broad, not relevant to this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence, and on the grounds that these documents, if they exist, are protected by Defendants' right to privacy under both State and Federal constitutions and statues [sic].

**Ruling:** Plaintiff's request for all documents is vague as it does not specify the category of documents requested. Defendants are correct that Request for Production 20 is overly broad in that such production could include documentation of assaults both inside and outside the institution and does not limit the request to assaults by inmates. It is unclear if Plaintiff is seeking documents from the personnel files of Defendants, grievances, medical records, court documents, etc. **Plaintiff's request for further production is denied.**

9.     Request for Production No. 22

Plaintiff's Request for Production No. 22 states:

All Pleadings of complaints, filed in either state or Federal Courts in a civil proceedings that set-forth a cause of action of excessive force or ASSAULT and Battery, and named any of the defendants in this present matter. I want all complaints & case numbers.

Defendants' response states:

Defendants object to this request on the grounds that it is overly burdensome, overly broad, not relevant to this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendants are not in possession, custody, or control of documents responsive to this request.

**Plaintiff's Argument:** Plaintiff contends that Defendants are deliberately withholding information from him and seeks an order to compel and sanctions against Defendants. Defendants provided a supplemental response listing cases and Plaintiff wants Defendants to "do a better job at identifying excessive force cases." (ECF No. 65 at 16.)

**Ruling:** Under Federal Rule of Civil Procedure 26(b)(2)(C), "[o]n motion or on its own, the

23

court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive . . . ." The discovery sought by Plaintiff are public records and are equally accessible to him. Plaintiff can retrieve the documents himself or retain someone to obtain them for him. Plaintiff has failed to offer any persuasive argument to shift the cost and burden of retrieving the court documents to Defendants. **The Court will not order Defendants to provide a further response to Plaintiff's request.**

> 10.    Request for Production No. 23

Plaintiff's Request for Production No. 23 states:

> All Citizen Complaints filed against named defendants at Corcoran State Prison or any other State Prison from January 1, 2002 through January 1, 2008 and from January 1, 2008 through the present.

Defendants' response states:

> Defendants object to this request on the grounds that it is overly burdensome, overly broad, not relevant to this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence, and on the grounds that these documents, if they exist, are protected by Defendants' right to privacy under both State and Federal constitutions and statues [sic]. Without waiving these objections, Defendants are not in possession, custody, or control of documents responsive to this request.

**Ruling:** Defendants have indicated that they do not have possession, custody, or control of any documents responsive to Plaintiff's request. As discussed, documents on file with the CDCR would be within the control of Defendants. To the extent that Plaintiff is seeking complaints filed with the CDCR Plaintiff's request is overly broad as it seeks all citizen complaints without specifying the underlying complaint. **The Court will order Defendants to produce any citizen complaints filed with the CDCR that allege the use of excessive force by any named defendant from January 1, 2005 through December 31, 2009.**

> 11.    Request for Production No. 24

Plaintiff's Request for Production No. 24 states:

> All DOCUMENTS that involve the use of force in which any of the defendants were present or recorded a report from January 1, 2002

through January 1, 2008 and from January 1, 2008 through the present.

Defendants' response states:

> Defendants object to this request on the grounds that it is overly burdensome, overly broad, not relevant to this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence.

**Plaintiff's Argument:** Plaintiff argues that the requested documents will show motive, intent, habits and practices, and if there is a pattern of abuse that Defendants were aware of.

**Defendants' Objection:** Defendants object that it would be overly burdensome to produce the requested documents because incident reports are not kept by the name of staff involved, but by incident log number. Producing the documents requested would require a search of each incident report for the past nine years to determine if any of the named defendants were present or wrote the report. In 2010, there were 812 such incidents at Corcoran.

**Ruling:** Plaintiff is seeking documents that indicate that a named Defendant was present during an incident where force was used. Defendants mere presence at a use of force incident is not likely to lead to admissible evidence. The Court finds that the burden of producing the documents requested would outweigh any possible benefit to Plaintiff. As to any potentially relevant documents, much of the information requested would be duplicative of documents that Defendants have already been ordered to produce. **No further production is required.**

### 12.   Request for Production No. 26

Plaintiff's Request for Production No. 26 states:

> All "Use of Force Critique Documents," referencing any of defendants, for Corcoran State Prison from January 1, 2002 through the present.

Defendants' response states:

> Defendants object to this request on the grounds that it is overly burdensome, overly broad, not relevant to this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence, and on the grounds that these documents, if they exist, are protected by Defendants' right to privacy under both State and Federal constitution and statues [sic]. Without waiving these objections, Defendants are not in possession, custody, or control of documents responsive to this request.

**Plaintiff's Argument:** Plaintiff argues that these documents are maintained in every prison and will show whether Defendants named in this action have been involved in previous use of force incidents and whether the force was reasonable or excessive.

**Defendants' Objection:** Defendants state that they do not have custody or control of the documents requested and therefore are not required to produce them.

**Ruling:** The request for use of force critique documents is reasonably calculated to lead to admissible evidence.  Plaintiff is alleging that Defendants used excessive force and if a review of the incident found that the defendants prior use of force was excessive it would be relevant at trial. As discussed above Defendant is deemed to have custody and control of a document when they have the legal right to request it. **Due to privacy concerns, Defendants are ordered to produce documents responsive to this request for *in camera* review.**

13.   Request for Production No. 27

Plaintiff's Request for Production No. 27 states:

> All "Use of Force logs" for Corcoran State Prison from January 1,
> 2002 through the present.

Defendants' response states:

> Defendants object to this request on the grounds that it is overly
> burdensome, overly broad, not relevant to this lawsuit, nor
> reasonably calculated to lead to the discovery of admissible
> evidence.

**Ruling:** The use of force logs could lead to the discovery of admissible evidence.  However, Plaintiff's request is overly broad as it requests all use of force logs for a ten year period. **Defendants are ordered to produce the Use of Force logs for the period from January 22, 2005 through December 31, 2009, that sets forth information on the use of excessive force by any defendant in this action.**

14.   Request for Production No. 28

Plaintiff's Request for Production No. 28 states:

> All DOCUMENTS relating, pertaining, and/or referring to any
> disciplinary action taken against any of the named defendants
> resulting from allegations of excessive force, unreasonable force,
> and/or misconduct from January 1, 2002 through the present.

Defendants' response states:

> Defendants object to this request on the grounds that it is overly burdensome, overly broad, not relevant to this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence, and on the grounds that these documents, if they exist, are protected by Defendants' rights to privacy under both State and Federal constitutions and statues [sic].

**Ruling:** The evidence requested is reasonably calculated to lead to admissible evidence and **Defendants are ordered to produce any responsive documents for *in camera* review due to Defendants privacy concerns.**

### 15.    Request for Production No. 34

Plaintiff's Request for Production No. 34 states:

> The CDC Correctional Employee's Component Program for January 1, 2002 through the present.

Defendants' response states:

> Defendants object to this request on the grounds that it is overly burdensome, overly broad, not relevant to this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Defendants are not in possession, custody, or control of documents responsive to this request.

**Plaintiff's Argument:** Plaintiff argues that these documents will support his claims that Defendants failed to train and supervise, whether Defendants followed policies and procedures, and if there were consequences for not following procedures. Additionally, these documents may reveal persons responsible for implementing policies and procedures or for training and enforcing such policies.

**Ruling:** Plaintiff's claim for failure to train and supervise was dismissed at the screening stage. **Defendants will not be ordered to provide further response to the request.**

### 16.    Request for Production No. 35

Plaintiff's Request for Production No. 35 states:

> Any and all policies, procedures, regulations, instructions, notes, memoranda, internal communication and directives in effect for January 1, 2002 through the present relating to the Use of Force at Corcoran State Prison.

Defendants' response states:

> Defendants object to this request on the grounds that it is overly broad, overly burdensome, not relevant to this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request on the grounds that it seeks documents deemed confidential for the safety and security of the institution. Without waiving these objections, Defendants are providing the Article 1.5 of the California Code of Regulations, title 15, section3268 et seq. for 2007 at Attachment 2.

**Plaintiff's Argument:** Plaintiff argues that these documents will support his claims that Defendants failed to train and supervise, whether Defendants followed policies and procedures, and if there were consequences for not following procedures. Additionally, these documents may reveal persons responsible for implementing policies and procedures or for training and enforcing such policies.

**Defendants Objections:** Defendants object to the production of these documents as they have been deemed to be confidential for the safety and security of the institution because they contain tactical information regarding the use of force at the institution.

**Ruling:** The policies and procedures that Defendants were to follow when using force is relevant to whether the force used in this instance was excessive.  While Plaintiff's request for the policies on use of force is reasonably calculated to lead to admissible evidence, the request is over broad in respect to the period of time requested.  **Based upon the security concerns Defendants will be ordered to produce any responsive documents for the period of January 1, 2007 though April 1, 2007, for *in camera* review.**

17.   Request for Production No. 36

Plaintiff's Request for Production No. 36 states:

> The full names of each person who worked in building 2 Left on facility 4A at Corcoran State Prison. In addition to each officer name, their badge & Identification Numbers, for the period from January 22, 2007 to March 31, 2007. To include their post order duties and all watches.

Defendants' response states:

> Defendants object to this request on the grounds that it is overly burdensome, overly broad, not relevant to this lawsuit, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this request on the ground that

it is not a request for an identifiable document, and Defendants are not required to create a document in response to this request.

**Ruling:** Defendants are correct that they do not have to create a responsive document and their response is sufficient. **Defendants will not be ordered to provide further response to the request.**

**IV.     Additional Requests**

      **A.     Plaintiff's Request for Evidentiary Hearing**

Plaintiff alleges that Defendants assertions about record keeping at the prison are incorrect, and requests an evidentiary hearing so he can call the "person most knowledgeable" to show that documents exist that are responsive to his requests. Plaintiff appears to argue that because he has spent the majority of his life since the age of fifteen in some type of correctional institution he is aware of the policies, procedures, and record keeping requirements at Corcoran State Prison. (Plaintiff's Opposition to Defendants' Request for Consideration 4, ECF No. 103.) The Court declines to accept Plaintiff's assertion that based on his personal experience and interpretation of regulations that Defendants are misleading the Court in their responses. The Court declines to hold an evidentiary hearing at this time.

      **B.     Motion for Sanctions**

In Plaintiff's motion to compel he seeks sanctions for each deliberately false or evasive answer submitted by Defendants. In Plaintiff's supplemental reply to Defendants' opposition to his motion to compel, Plaintiff seeks sanctions alleging that Defendants failed to provide responsive documents, specifically a video tape, that is referenced in Defendants' motion for summary judgment. (ECF No. 92.) Defendants had responded that after conducting a search they were unable to locate the first video that was taken of Plaintiff. Plaintiff asserts that since the video has now been found Defendants should be sanctioned. He requests that as a sanction his motion to compel should be granted, Defendants should be required to take polygraph examinations at their own expense, and the court should appoint an attorney to go to the prison to conduct an investigation to determine if all responsive documents have been provided to Plaintiff.

In their opposition to Plaintiff's statement of undisputed facts, Defendants stated that they

"believe the original videotape has been located, and a copy will be forwarded to Plaintiff for review." (Opp. 12:24-25, ECF No. 90). While Plaintiff appears to allege improper conduct by Defendants in failing to locate the video in question at an earlier date, he fails to proffer any evidence of misconduct. It appears that upon further investigation the video in question was discovered and turned over to Plaintiff.

Throughout his motion and responses Plaintiff requests that the Court issue sanctions against Defendants claiming they are refusing to produce or identify documents responsive to his requests, are submitting false and misleading arguments to the Court, and are engaging in gamesmanship intended to delay and frustrate the proceedings. A party may find himself subject to sanctions for making baseless allegations of misconduct against an opposing party or counsel, or for harassing the Court by making such baseless allegations. Plaintiff's unsupported allegations of misconduct are harassing, and Plaintiff is placed on notice that the Court will not tolerate any further mischaracterization of Defendants' counsel's conduct or any further allegations of bad faith conduct with respect to discovery that are unsupported by evidence of willful misconduct. Plaintiff is entitled to responses to timely served and otherwise proper discovery requests, and has recourse available to him. What Plaintiff may not do is impugn the integrity of Defendants' counsel and waste this Court's time seeking sanctions for bad faith conduct where he has no evidence of bad faith conduct. The Court will decline to issue sanctions against either party because Plaintiff's motion was granted in part and denied in part. See Fed. R. Civ. Proc. 37(a)(5)(c).

### C.   Plaintiff's Motion to Conduct Additional Discovery

Plaintiff moves to reopen discovery as responses to his requests may reveal new information. Additionally, Plaintiff still needs to propound interrogatories for Defendants Miranda, Ruiz, and Mendoza. Since he has more than one claim of excessive force he is not prepared to go to trial. In his motion filed May 2, 2011, Plaintiff moves to conduct additional discovery because Defendants filed a motion for reconsideration of the order issued January 14, 2011, without requesting a stay or extension of the deadline for producing document; once Defendants respond he wants the opportunity to direct follow-up requests and requests for additional information that has not previously been requested  Additionally some of his documents related to this matter have

recently been confiscated and he requests additional discovery to replace the documents.  He requests a status conference to discuss the request for further discovery.

The deadline for the completion of all discovery in this action was January 20, 2010. Modification of a scheduling order requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).  If the party seeking to amend the scheduling order fails to show due diligence the inquiry should end and the court should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002).

The scheduling order was issued on May 20, 2009, and Plaintiff had eight months to conduct discovery.  Plaintiff's prior motion for additional time to conduct discovery was denied because Plaintiff failed to show good cause.  Plaintiff has failed to show that he has made any attempts to propound discovery on the additional Defendants while discovery was open.  Plaintiff's current motion, filed over eleven months after discovery in this action has closed, fails to show diligence in attempting to comply with the scheduling order.

To allow a modification of the scheduling order without good cause would render scheduling orders essentially meaningless, and directly interfere with courts' attempts to manage their dockets and with the standard course of litigation in actions such as this.  Johnson, 975 F.2d at 610 ("A scheduling order is not a frivolous piece of paper, idly entered . . . ." (internal quotations and citation omitted)).

Although Plaintiff requests a status conference he fails to set forth a reason to hold such a conference.  Plaintiff has not established good cause to modify the scheduling order or set forth a reason to conduct a status conference.  Plaintiff's  motion to reopen discovery and  motion for a status conference and request to conduct additional discovery shall be denied.

**V.    Conclusion and Order**

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's motion to compel Defendant Adams' responses to interrogatories and request for production is DENIED in part and GRANTED in part as follows:

a.    Defendant's response to Interrogatories Nos. 2, 5, and 11 are sufficient and

1    Plaintiff's request for further response is DENIED;

2    b.    Plaintiff's request for further responses is GRANTED as follows:

3    1.    Interrogatory No. 3, as modified by the Court;

4    2.    Interrogatory No. 4, as modified by the Court;

5    3.    Interrogatory No. 7, as modified by the Court;

6    4.    Interrogatories Nos. 16 through 20;

7    2.    Plaintiff's motion to compel Defendant Mello's responses to Plaintiff's Interrogatories and Request for Production of Documents is GRANTED for Interrogatories Nos. 12 (Plaintiff's Interrogatory No. 9), 13 (Plaintiff's Interrogatory No. 10), 14 (Plaintiff's Interrogatory No. 12), 15 (Plaintiff's Interrogatory No. 13), and 16 (Plaintiff's Interrogatory No. 14), as modified by the Court;

12   3.    Plaintiff's motion to compel Defendant Garcia's Responses to Plaintiff's Interrogatories and Request for Production and motion to propound more than twenty five interrogatories is DENIED;

15   4.    Plaintiff's motion to compel further response to Plaintiff's Request for Production of Documents, Set One is DENIED in part and GRANTED in part as follows:

17   a.    Request for Production Nos. 2 though 10 are DENIED in part and GRANTED in part as they were modified by the Court;

19   b.    Plaintiff's Request for further production is DENIED for Request for Production Nos. 12, 16, 17, 20, 21, 22, 24, 34, and 36;

21   c.    Plaintiff's Request for further production is GRANTED as follows:

22   1.    Request for Production No. 14, as modified by the Court;

23   2.    Request for Production No. 18, as modified by the Court for *in camera* review;

25   3.    Request for Production No. 19, as modified by the Court for *in camera* review;

27   4.    Request for Production No. 23, as modified by the Court;

28   5.    Request for Production No. 26, for *in camera* review;

6. Request for Production No. 27, as modified by the Court;

7. Request for Production No. 28, for *in camera* review;

8. Request for Production No. 35, as modified by the Court for *in camera* review;

5. Plaintiff's request for an evidentiary hearing is DENIED;

6. Plaintiff's motion for sanctions brought in his motion to compel is DENIED;

7. Plaintiff's motion for a status conference and motion for sanctions filed May 2, 2011, are DENIED;

8. Plaintiff's motion to conduct additional discovery is DENIED; and

9. Defendants shall submit their responses within thirty (30) days of the date of the service of this order.

IT IS SO ORDERED.

**Dated: May 26, 2011**     /s/ Sandra M. Snyder
            UNITED STATES MAGISTRATE JUDGE