UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE H. ROBINSON,<br><br>               Plaintiff,<br><br>     v.<br><br>D. ADAMS, et al.,<br><br>              Defendants. | CASE NO. 1:08-cv-01380-AWI-SMS PC<br><br>ORDER PARTIALLY ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 75, 97, 102)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO PRESERVE HIS RIGHT TO FILE AN OPPOSITION TO DEFENDANTS' OBJECTIONS<br><br>(ECF No. 104)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION<br><br>(ECF No. 106) |

**I.     Procedural History**

Plaintiff George H. Robinson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was removed from Kings County Superior Court and is proceeding on the complaint filed May 13, 2008, against Defendants David, Miranda, Melo, Garcia, Mendoza, Martinez, and Masiel for the use of excessive force and Defendants Adams and Ruiz for failing to protect Plaintiff in violation of the Eighth Amendment; and state law claims for assault and battery against Defendants Martinez, David, Miranda, and Garcia; intentional infliction of emotional distress against David, Miranda, Melo, Garcia, Mendoza, Martinez, and

Masiel; and negligence against Defendants David, Miranda, Melo, Garcia, Mendoza, Martinez, and Masiel. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 4, 2011, findings and recommendations were issued recommending Defendants' motion for summary judgment be denied. The parties were given thirty days within which to file objections and Defendants filed an objection to the findings and recommendations on March 8, 2011. Plaintiff filed a motion to preserve his right to file an opposition to Defendants objections on March 21, 2011(ECF No. 104.) On April 4, 2011, Plaintiff filed a motion for a preliminary injunction. (ECF No. 106.)

**II.     Motion to Preserve Right to File Opposition**

Plaintiff has filed a motion to preserve his right to file an opposition if the Court makes a finding that he has failed to exhaust administrative remedies. Based upon the recommendation in the findings and recommendations Plaintiff's request shall be denied as moot.

**III.    Motion for Preliminary Injunction**

Plaintiff requests a preliminary injunction because correctional officers searched his cell on April 10, 2011. He alleges that the officers spent two hours in his cell going through his legal documents. Since this is the only case he has pending he infers that the officers were acting on behalf of Defendants to steal evidence he plans to use at trial. Plaintiff requests a court order to prohibit Defendants or their agents from taking any of his documents relating to this matter.

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 877 (9th Cir. 2009) quoting Winter, 129 S. Ct. at 374. An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Winter, 129 S. Ct. at 376 (citation omitted) (emphasis added).

For each form of relief sought in federal court, Plaintiff must establish standing. Mayfield

1  v. United States, 599 F.3d 964, 969 (9th Cir. 2010), *cert. denied*, 131 S. Ct. 503 (2010). This requires
2  Plaintiff to "show that he is under threat of suffering 'injury in fact' that is concrete and
3  particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be
4  fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial
5  decision will prevent or redress the injury." Summers v. Earth Island Institute, 129 S. Ct. 1142, 1149
6  (2009) (citation omitted); Mayfield, 599 F.3d at 969 (citation omitted).

7       In addition, any award of equitable relief is governed by the Prison Litigation Reform Act,
8  which provides in relevant part, "Prospective relief in any civil action with respect to prison
9  conditions shall extend no further than necessary to correct the violation of the Federal right of a
10 particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless
11 the court finds that such relief is narrowly drawn, extends no further than necessary to correct the
12 violation of the Federal right, and is the least intrusive means necessary to correct the violation of
13 the Federal right." 18 U.S.C. § 3626(a)(1)(A).

14      The case or controversy requirement cannot be met in light of the fact that the issue Plaintiff
15 seeks to remedy in his motion bears no relation to the claim that prison guards used excessive force
16 on him. Lyons, 461 U.S. at 102; 18 U.S.C. § 3626(a)(1)(A); also Summers v. Earth Island Inst., 129
17 S. Ct. 1142, 1148-49 (2009); Steel Co., 523 U.S. at 102-04, 107. Because the case-or-controversy
18 requirement cannot be met, the pendency of *this* action provides no basis upon which to award
19 Plaintiff the injunctive relief he is requesting. Steel Co., 523 U.S. at 102-103. Additionally, the
20 relief sought is not related to the underlying claims in this action and would not remedy the violation
21 of the Federal right at issue here. Therefore, the Court cannot grant the requested relief and
22 Plaintiff's motion for equitable relief shall be denied.

23 **IV.**   **Findings and Recommendations**

24      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a
25 de novo review of this case. Having carefully reviewed the entire file, the Court adopts the findings
26 and recommendations in part and declines to adopt in part for the reasons set forth below.

27      Defendants object to the Magistrate Judges decision to disregard their argument that Plaintiff
28 failed to exhaust administrative remedies as it was not timely. "A scheduling order is not a frivolous

3

piece of paper, idly entered. . . ." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992). Modification requires a showing of good cause, Fed. R. Civ. P. 16(b), and good cause requires a showing of due diligence, Johnson, 975 F.2d at 609. Defendants argue that they moved to modify the scheduling order on July 30, 2010, when they became aware that they had mis-calendared the date the motion was due. "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609. The deadline set for filing a motion to dismiss for failure to exhaust was October 20, 2009. The Magistrate Judge's decision was proper in declining to consider the issue when raised in the motion for summary judgment filed over ten months after the deadline.

Defendants also object that Plaintiff's Government Claim did not raise claims of negligence or emotional distress and, therefore, Plaintiff failed to comply with the requirements of the California Tort Claims Act and those claims are barred. A claim must provide "[t]he date, place, and other circumstances of the occurrence or transaction which give rise to the claim asserted" and provide a "general description of the . . . injury, damage, or loss incurred so far as it may be known at the time of presentation of the claim." Cal. Gov. Code § 910. A claim is not required to be detailed or include the specificity required of a pleading, but must fairly describe what the entity has done. Stockett v. Ass'n of California Water Agencies Joint Powers Ins. Auth., 34 Cal.4th 441, 446 (2004). Where the complaint elaborates or adds further detail, but is based upon the same fundamental actions by the defendants, courts generally find that "the claim fairly reflects the facts pled in the complaint." Id. at 447. Plaintiff's claim stated the dates of incidents occurred from January 22, 2007, to April 12, 2007. Plaintiff alleged that he was beaten by correctional officers causing injuries.

The purpose of the Tort Claim Act is to allow public entities to investigate and settle disputes without the cost of litigation. City of San Jose v. Superior Court, 12 Cal.3d 447, 455 (1974). The substantial compliance test controls where there has been some compliance with the Act, but a claim is defective. The question is whether sufficient information was disclosed on the face of the claim to allow the entity to investigate the claim and settle it without litigation. Id. at 456. Plaintiff's complaint that he was pepper sprayed by Defendant Martinez on January 22, 2007, would be an elaboration of the facts as to what was alleged to have occurred in the claim. Plaintiff's claim would

4

be sufficient to satisfy the substantial compliance test for the pepper spray incident.

However, where "a plaintiff relies on more than one theory of recovery against the [government agency], each cause of action must have been reflected in the timely claim." Dixon v. City of Livermore, 127 Cal.App.4th 32, 40 (2005). Plaintiff's claim stated that he was beaten causing injuries. Additionally, he alleged he was taken from his cell and beaten by correctional officers, his property was taken, and he was cold because he was forced to sleep in a cell with no blanket and underwear for weeks. While Plaintiff's claim did allege assault and battery, it was not sufficient to allege negligence or intentional infliction of emotional distress. Therefore, the Court will dismiss Plaintiff's state law claims of negligence and intentional infliction of emotional distress for failure to comply with the California State Tort Claims Act.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations, filed February 4, 2011, is ADOPTED IN PART;
2. Defendants' motion for summary judgment, filed September 3, 2010, is GRANTED as to the state law claims of negligence and intentional infliction of emotional distress;
3. Defendants' motion for summary judgment is DENIED in all other respects;
4. Plaintiff's motion to preserve his right to file an opposition to Defendants' objections, filed March 21, 2011, is DENIED as moot;
5. Plaintiff's motion for a preliminary injunction, filed April 22, 2011, is DENIED; and
6. This matter is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   August 9, 2011                         _____
                                                CHIEF UNITED STATES DISTRICT JUDGE