# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE H. ROBINSON, | CASE NO. 1:08-cv-01380-AWI-SMS PC |
| Plaintiff, | |
| v. | ORDER RE *IN CAMERA* REVIEW |
| D. ADAMS, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

Plaintiff George H. Robinson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On May 27, 2011, an order issued granting in part and denying in part Plaintiff's motion to compel. (ECF No. 109.) In the order Defendants were ordered to produce documents that they claimed were entitled to protection or where disclosure would jeopardize the security and safety of the institution to the Court for *in camera* review. Pursuant to the order granting in part Plaintiff's motion to compel, Defendants have submitted documents for *in camera* review.

The undersigned has reviewed the documents submitted and has considered Defendants argument that the documents are entitled to protection and request for thirty days to notify named inmates if any personal information is ordered produced as required by California Civil Code Section 1798.24.[1] While Defendants objected that the documents are entitled to protection, a motion for a

---

[1] "No agency may disclose any personal information in a manner that would link the information disclosed to the individual to whom it pertains unless the information is disclosed as follows: . . . To any person pursuant to a subpoena, court order, or other compulsory legal process if, before the disclosure, the agency reasonably attempts to notify the individual to whom the record pertains, and if the notification is not prohibited by law . . . ." Cal. Civ.

1

protective order has not been filed with the Court. By this order the Court is providing the parties with the findings and intended final rulings. The Court will allow the parties thirty days in which to file a motion for a protective order and proposed protective order if one is desired. Additionally this will allow Defendants the thirty days requested to notify inmates that their information shall be provided to Plaintiff.

### Employee Training Records

The Court finds that the records do not contain information that would jeopardize the safety or security of the institution. These records may contain some personal information that is entitled to protection, therefore the Court intends to order the employee training records to be produced with any indicia of personal information, other than the employee name, redacted.

### Personnel Records

The personnel records that have been submitted for *in camera* review contain some relevant and some irrelevant records. Included with the records produced are leave records. The leave records are irrelevant and will not be ordered to be produced. However, the remaining records are potentially relevant. The Court intends to order the personnel records to be produced, with any indicia of personal information, other than the employee name, redacted.

### Incident Report Package Tracking Log

In the order previously issued Defendants were ordered to produce "any and all information regarding allegations of the use of unreasonable or excessive force between January 22, 2005 and January 22, 2009, *as to any prisoner complainant*, for each defendant in this action." (Order Granting in Part and Denying in Part Plaintiff's Motion to Compel 18:27-19:1, ECF No. 109.) The Court finds that the incidents documented in the 2009 Incident Report Tracking Log, which occurred two or more years after the incident alleged in this action are too remote to be relevant. Accordingly, the 2009 Incident Report shall not be ordered produced.

///

---

Code § 1798.24(k). Personal information is defined as "any information that is maintained by an agency that identifies or describes an individual, including, but not limited to, his or her name, social security number, physical description . . . ." Cal. Civ. Code § 1798.3

<u>Use of Force Video/Use of Force Policy</u>

The Court finds that Plaintiff is entitled to review of the Use of Force Video and Use of Force Policy. However, due to the safety and security concerns of the institution these items will not be produced directly to Plaintiff. The Use of Force Video and Use of Force Policy shall be produced and kept in the care of custody of the institutions Litigation Coordinator. The Litigation Coordinator shall make arrangements for Plaintiff to have a reasonable amount of time to view the video and Use of Force policy in the presence of the Litigation Coordinator. Plaintiff may take notes of relevant portions of the Use of Force Policy, but no copy of the policy shall be provided to Plaintiff.

<u>Title 15</u>

To the extent that California Code of Regulations, Title 15 addresses the use of force in the prison, the regulations should be available to Plaintiff in the law library and the document will not be ordered to be produced.

<u>Appeal Records</u>

The Court intends to provide a summary of the appeal inquiries from December 22, 2005 through January 22, 2009, to Plaintiff. The summary shall include the defendant and inmate involved, date of appeal, substance of complaint, and conclusion. By this notice the Court is providing Defendants with thirty days to inform the inmates involved that this information shall be provided to Plaintiff.

Accordingly it is HEREBY ORDERED that the parties are granted thirty days in which to file a motion for a protective order and proposed protective order.

IT IS SO ORDERED.

**Dated:   August 31, 2011**                    /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE