1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

9   GEORGE H. ROBINSON,                    CASE NO. 1:08-cv-01380-AWI-BAM PC

10                    Plaintiff,           ORDER ADDRESSING PLAINTIFF'S MOTION
                                           FOR   CLARIFICATION   AND   DENYING
11       v.                                MOTION FOR MODIFICATION OF ORDER RE
                                           *IN CAMERA* REVIEW
12   D. ADAMS, et al.,
                                           (ECF No. 124)
13                    Defendants.
                                           ORDER GRANTING DEFENDANTS' MOTION
14                                         FOR A PROTECTIVE ORDER

15                                         (ECF No. 125, 127)

16                                         THIRTY-DAY DEADLINE
                                      /
17

18   **I.    Background**

19       Plaintiff George H. Robinson ("Plaintiff") is a state prisoner proceeding pro se in this civil

20   rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the Complaint filed May

21   13, 2008, against Defendants David, Miranda, Melo, Garcia, Mendoza, Martinez, and Masiel for use

22   of excessive force, and Defendants Adams and Ruiz for failing to protect Plaintiff in violation of the

23   Eighth Amendment; and against Defendants Martinez, David, Miranda, and Garcia for assault and

24   battery; and against Defendants David, Miranda, Melo, Garcia, Mendoza, Martinez, and Masiel for

25   intentional infliction of emotional distress and negligence in violation of state law.  On May 18,

26   2011, the Honorable Anthony W. Ishii issued an Order Vacating the Order Partially Granting

27   Plaintiff's Motion to Compel and referred the Motion to Compel back to the Magistrate Judge for

28   consideration.  (ECF No. 108).  On May 27, 2011, an Order Granting in Part and Denying in Part

1

1  Plaintiff's Motion to Compel issued. (ECF No. 109.) On July 1, 2011, Plaintiff filed a Motion for

2  Reconsideration. (ECF No. 113.) On July 15, 2011, Plaintiff filed a Supplemental Motion for

3  Reconsideration, and on July 25, 2011, Plaintiff filed a Second Supplemental Motion for

4  Reconsideration of the Magistrate Judge's order.[1] (ECF Nos. 113, 115, 116.) On September 1,

5  2011, the Magistrate Judge conducted an *in camera* review as discussed in the May 27, 2011 order.

6  The Magistrate Judge determined that certain documents were entitled to a protective order, and an

7  order issued directing Defendants to file a motion for a protective order. (ECF No. 121.) On

8  September 15, 2011, Plaintiff filed a Motion for Clarification and Modification of the September 1,

9  2011 order. (ECF No. 124.) Defendants filed a Motion for a Protective Order on October 3, 2011.

10  (ECF No. 125.) Plaintiff filed an Opposition to the Motion for a Protective Order on October 20,

11  2011. (ECF No. 127.)

12  **II.   Discussion**

13       The Magistrate Judge conducted an *in camera* review of the documents which Defendants

14  claimed are entitled to protection due to the confidentiality of the information or due to the threat to

15  the security and safety of the institution. Pursuant to this review, the Court issued an order informing

16  the parties of the intended rulings and granted Defendants thirty days in which to file a motion for

17  a protective order and proposed protective order.

18       **A.   Plaintiff's Motion for Clarification and Modification of Order**

19       Plaintiff moves for clarification and modification of the order re *in camera* review of

20  documents issued September 1, 2011. Plaintiff states that he was not provided with a list of

21  documents that were reviewed and it is unclear whether any documents were produced regarding

22  request for production nos. 26 and 28. Plaintiff requests that all documents that were reviewed by

23  the Court be produced. Plaintiff moves that he be allowed to contact the inmates involved in prior

24  incidents and provides a letter and form declaration to be sent to each inmate.

25       In the Court's *in camera* review, the Court reviewed the documents produced by defendants

26  and determined which documents are relevant to this action. Plaintiff's request for all documents

27

28
_____

[1]The motions for reconsideration are currently pending decision by the District Judge.

1  to be produced is denied, only relevant documents shall be ordered to be produced.. Fed. R. Civ. P.

2  26(b)(1). Upon production of the documents in compliance with this order, Defendants shall identify

3  the document requests for which the documents are responsive. Fed. R. Civ. P. 34(b)(2)(E)(i).

4  Plaintiff's request to have his letter and form declaration sent to all inmates identified in the

5  documents must be denied because he has not provided evidence that he completed the process to

6  obtain written authorization from the appropriate prison officials. Cal. Code Regs., tit. 15 § 3139

7  (2010). Further, because the Court does not have jurisdiction in this action over anyone other than

8  Plaintiff and Defendants, the Court can only make a request to prison officials and cannot order them

9  to allow Plaintiff to correspond with his witnesses. E.g., City of Los Angeles, 461 U.S. at 102;

10  Valley Forge Christian Coll., 454 U.S. at 471. Such a request shall not be made by the Court without

11  assurances that Plaintiff has followed procedures and used the available resources at the prison to

12  obtain written authorization after consideration by prison officials of safety, security, and procedural

13  priorities. The Court recognizes that prison administrators "should be accorded wide-ranging

14  deference in the adoption and execution of policies and practices that in their judgment are needed

15  to preserve internal order and discipline and to maintain institutional security." Whitley v. Albers,

16  475 U.S. 312, 321-322 (1986) (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970).

17  **B.    Motion for Protective Order**

18  Defendants move for a Protective Order for employee personnel records, appeals records for

19  inmates, and internal use of force policies that were in effect at times material to the issues raised

20  in Plaintiff's complaint. (Defendants' Motion for Protective Order 2, ECF No. 125.) Plaintiff

21  opposes the Protective Order on the grounds that Defendants did not meet and confer as required in

22  Federal Rule of Civil Procedure 26(c)(1),[2] the Order is vague and ambiguous, and there is no need

23  for a protective order. (Plaintiff's Opp. 1, ECF No. 127.) Plaintiff proposes that he be granted single

24  cell status while the documents are in his possession to ensure that no other inmate have access to

25  the documents.

26  "The court may, for good cause, issue an order to protect a party or person from annoyance,

27

28  [2]In the discovery and scheduling order issued August 20, 2009, the parties were informed that the requirements of Rule 26, that the parties meet and confer, shall not apply in this action. (ECF No. 35.)

3

1    embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).  The court has

2    broad discretion to decide when it is appropriate to issue a protective order and the degree of

3    protection required.  Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1211

4    (9th Cir. 2002).  Upon review of the documents provided by Defendants, the Court finds two

5    categories of information that need to be addressed:  the training records and personnel records

6    containing confidential personal information, and those documents containing information that

7    implicates the safety and security of the institution.

8         Certain information will be redacted from the training and personnel records.  The personal

9    identifying information, such as Social Security Numbers, date of birth, address, etc. of individuals,

10   is not relevant to Plaintiff's claims in this action, and this information can be redacted without

11   affecting the substance of the information included in the documents.  Therefore, given the privacy

12   and security concerns of this information and the lack of probative value, Social Security Numbers

13   and other confidential personal information of CDCR employees shall be redacted prior to

14   documents being provided to Plaintiff.  The redacted training and personnel records are not subject

15   to the limitations in the Protective Order and shall be produced directly to Plaintiff.

16        The second category of documents will be subject to a protective order.  Defendants argue

17   that the Use of Force Policy is confidential due to the safety and security concerns of the institution,

18   and a Protective Order is necessary to protect the staff and inmates who work and live in the SHU.

19   The defendants provided the "Use of Force Instructor's Guide" for *in camera* review in response to

20   Plaintiff's Request for Production.  Rather than setting forth the Use of Force Policy, the document

21   is a training manual and discusses how to respond to different situations that could confront a

22   correctional officer within the Use of Force Policy.  The Court has reviewed the document and finds

23   that the probative value of the Instructor's Guide is greatly outweighed by the security risk to the

24   institution if this information were disclosed to the inmate population.  Therefore, the Court finds

25   that good cause exists to issue a Protective Order for the Use of Force Instructor's Guide.  Since the

26   allegations in this action do not involve the use of deadly force or mechanical restraints, those

27   portions of the document that deal with use of deadly force and mechanical restraints are not relevant

28   and will not be ordered produced.  Finally, in weighing the limited probative value of the Use of

1   Force Training Video against the safety and security concerns of the prison,  the Court finds that the

2   potentially relevant information is encompassed in the Use of Force Instructor's Guide, and the

3   Training Video shall not be ordered produced.  Based upon these findings, Defendants shall be

4   ordered to produce the Use of Force Instructor's Guide, up to and including Objective 6 on page 27,

5   and the Use of Force Policy Test Question Nos. 1 through 6, subject to the Protective Order.

6        Plaintiff argues that the Protective Order is unnecessary and proposes that he be granted

7   single cell status to avoid a cellmate having access to the documents.  Plaintiff argues he will agree

8   not to copy or show the documents to non-witness inmates.  While Plaintiff states he will agree not

9   to copy the documents or allow any other inmate to see them unless they are a witness in this action,

10  these conditions do not show that the Protective Order is unnecessary, but indicate Plaintiff's

11  willingness to stipulate to a protective order.

12       To the extent that Plaintiff seeks injunctive relief directing him to be single cell status in

13  order to have the documents in his possession, the Prison Litigation Reform Act places limitations

14  on injunctive relief.  Section 3626(a)(1)(A) provides in relevant part, "[p]rospective relief in any civil

15  action with respect to prison conditions shall extend no further than necessary to correct the violation

16  of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any

17  prospective relief unless the court finds that such relief is narrowly drawn, extends no further than

18  necessary to correct the violation of the Federal right, and is the least intrusive means necessary to

19  correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).  The relief requested by

20  Plaintiff is not related to the underlying claims that Defendants used excessive force and failed to

21  protect him.  Since the relief sought would not remedy the violation of the Federal right at issue here,

22  the Court cannot grant the requested relief.

23       Finally, Plaintiff argues that the Protective Order is vague and ambiguous as to a reasonable

24  amount of time for him to review the documents.  To address Plaintiff's concern regarding "a

25  reasonable amount of time," the Court shall order that Plaintiff be allowed one hour to review the

26  portion of the Use of Force Policy Instructor's Guide that has been ordered to be produced and take

27  notes.  Accordingly, Defendants' motion is granted and the protective order shall issue as follows.

28  ///

**C.**   **Protective Order**

Defendants shall produce the confidential material, subject to this Protective Order on the following conditions:

1.   The Social Security Numbers and any other confidential personal information of the CDCR employees shall be redacted.

2.   Prior notice as required by Civil Code section 1798.24 (k) shall be given to individuals whose names or other identifying information are disclosed in the material.

3.   The Use of Force Instructor's Guide may be submitted to the possession of the following persons:

(a)   The Litigation Coordinator at the institution where Plaintiff is now housed;

(b)   Counsel for Plaintiff in this action, should Plaintiff acquire counsel;

(c)   Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel for Plaintiff;

(d)   Court personnel and stenographic reporters engaged in such proceedings as are incidental to the preparation for the trial in this action;

(e)   Any outside expert or consultant retained by Plaintiffs' counsel for purposes of this action;

(f)   Witnesses to whom the Use of Force Instructor's Guide may be disclosed during the preparation for trial and trial, provided that no witness may have copies of the Use of Force Instructor's Guide or Plaintiff's notes regarding the Use of Force Instructor's Guide, and each witness shall be informed and agree to be bound by the terms of this order.

4.   Plaintiff will be allowed to review the Use of Force Instructor's Guide, but he may not retain the document in his possession.  Plaintiff shall be allowed one hour to review the Use of Force Instructor's Guide in the Litigation Coordinator's presence and take notes.  In addition, Plaintiff may not disclose to or discuss this material with any other inmate, nor may any other inmate review or have possession of, any material produced pursuant to the Court's Order or Plaintiff's notes regarding the Use of Force Instructor's Guide.  Counsel for the Defendants acknowledges that such access would constitute a violation of Title 15, California Code of Regulations, § 3370(b) and would

compromise the safety and security of the institution.

5. Plaintiff may take notes, but shall not make copies of the Use of Force Instructor's Guide.

6. All confidential material in possession of the Litigation Coordinator shall be destroyed or returned to the Defendants' counsel no later than twenty days after trial of this matter, or sooner if the Litigation Coordinator concludes the material is no longer needed for Plaintiff's review.

7. Upon final judgment or resolution of any appeal, Plaintiff or his counsel shall return or destroy the Use of Force Instructor's Guide or notes on the Use of Force Instructor's Guide, and shall provide Defendants' counsel with a declaration stating all confidential material has been returned or destroyed.

8. No confidential material obtained by Plaintiff or his counsel shall be disclosed except as is necessary in connection with this or related litigation, including appeals, and not for any other purpose, including any other litigation.

9. Any confidential material filed with the Court by either party shall be filed and maintained under seal.

10. Any violation of this Protective Order may be punishable as Contempt of Court.

11. Nothing in this Protective Order is intended to prevent officials or employees of the State of California, or other authorized government officials, from having access to confidential material to which they would have access in the normal course of their official duties.

12. The provisions of this Protective Order are without prejudice to the right of any party:

(a) To apply to the Court for a further protective order relating to any confidential material or relating to discovery in this litigation;

(b) To apply to the Court for an order removing the confidential material designation from any documents;

(c) To object to a discovery request.

12. The provisions of this order shall remain in full force and effect until further order of this Court.

///

///

**III.**    **Order**

Accordingly it is HEREBY ORDERED that:

1.    Plaintiff's Motion for Modification of the Order Re *In Camera* Review, filed September 15, 2011, is DENIED;

2.    Defendants' Motion for a Protective Order, filed October 3, 2011, is GRANTED;

3.    The proposed orders set forth in the Order Re *In Camera* Review of the documents filed under seal for *in camera* review, issued September 1, 2011, are adopted as follows:

   a.    The employee use of force training records, Attachment 1, are to be produced with any indicia of personal information, other than the employee name, redacted;

   b.    With the exception of the WOTS Rainbow Report, the personnel records, Attachment 2, are to be produced with any indicia of personal information, other than the employee name, redacted;

   c.    Defendants shall not produce a copy of the appeal inquiries, Attachment 3. A summary of the appeal inquires is attached herein as Exhibit A;

   d.    The Incident Report Package Tracking Log, Attachment 4, shall not be produced as it is too remote to the alleged incidents to be relevant in this action;

   e.    The Use of Force Instructor's Guide, up to and including Objective 6 on page 27, and the Use of Force Policy Test Question Nos. 1 through 6 shall be produced, subject to the Protective Order, and kept in the care of custody of the institution's Litigation Coordinator.  The Litigation Coordinator shall make arrangements for Plaintiff to have one hour to review the Use of Force Policy and Test Questions, in the presence of the Litigation Coordinator. Plaintiff may take notes of relevant portions of the Use of Force Instructor's Guide and Test Questions, but no copy of the Use of Force Instructor's Guide or Test Questions shall be provided to Plaintiff;

8

f.      California Code of Regulations, Title 15, is equally accessible to Plaintiff and need not be produced; and

4.      Defendants shall identify the document requests for which the documents are responsive.

5.      Within thirty days from the date of service of this order, Defendants shall produce documents responsive to this order.


IT IS SO ORDERED.


Dated:   __March 15, 2012__                        _____/s/ Barbara A. McAuliffe_____
                                                                    UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**
**Inmate Appeals from January 22, 2005 through January 22, 2009**

| Defendant Named | Date of Appeal/Incident | Inmate, CDCR # | Complaint | Conclusion |
|---|---|---|---|---|
| David and M. Melo | 05/15/2005 | Bachman | Assault/threats | Not Sustained |
| R. Miranda | 04/04/2005 | Blakes | Rough body search | Not Sustained |
| David | 04/23/2005 | Vergara, P-18218 | Unnecessary force | Not Sustained |
| Ruiz | 06/06/2005 | Perry, K-99205 | Assault | Not Sustained |
| David and Miranda | 12/14/2005 | Garcia, T-88303 | Unnecessary force | Not Sustained |
| David, Masiel, and Mendoza | 05/23/2006 | Lamon, E-08345 | Assault | Not Sustained |
| M. Melo and Mendoza | 08/08/2006 | Fisher, H-54073 | Threats/retaliation | Not Sustained |
| Ruiz | 01/27/2007 | Estrada, T-42165 | Assault | Not Sustained |
| David, M. Melo, and Mendoza | 03/19/2007 | Malbrue, P-89050 | Aggressive use of handcuffs; released inmate causing him to fall; pepper spray | Not Sustained |
| M. Melo | 06/29/2007 | Rogers, P-75155 | Aggressive use of handcuffs | Not Sustained |
| David and Miranda | 10/05/2007 | Mitchell, T-74082 | Assault | Not Sustained |
| M. Melo | 04/22/2008 | Thompson, T-14323 | Removed wheelchair causing fall | Not Sustained |
| David | 07/21/2008 | Taylor, C-05467 | Pepper spray | Not Sustained |
| M. Melo | 01/05/2009 | Gherardi, K-78141 | Assault | Not Sustained |
| M. Melo | 01/14/2009 | Beltran, E-54239 | Assault; pepper spray | Not Sustained |