1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9  GEORGE H. ROBINSON,                        CASE NO. 1:08-cv-01380-AWI-BAM PC

10                        Plaintiff,           ORDER DENYING PLAINTIFF'S MOTION FOR
                                              RECONSIDERATION, FIRST SUPPLEMENTAL
11        v.                                  MOTION  FOR  RECONSIDERATION,  AND
                                              SECOND  SUPPLEMENTAL  MOTION  FOR
12  D. ADAMS, et al.,                         RECONSIDERATION

13                        Defendants.          (ECF Nos. 113, 115, 116)

14                                            THIRTY-DAY DEADLINE
                                         /
15

16        Plaintiff George H. Robinson ("Plaintiff") is a state prisoner proceeding pro se in this civil

17  rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the complaint filed May

18  13, 2008, against Defendants David, Miranda, Melo, Garcia, Mendoza, Martinez, and Masiel for use

19  of excessive force, and Defendants Adams and Ruiz for failing to protect Plaintiff in violation of the

20  Eighth Amendment; and against Defendants Martinez, David, Miranda, and Garcia for assault and

21  battery; and against Defendants David, Miranda, Melo, Garcia, Mendoza, Martinez, and Masiel for

22  intentional infliction of emotional distress and negligence in violation of state law.  On May 18,

23  2011, the undersigned issued an order vacating the order partially granting Plaintiff's motion to

24  compel and referred the motion to compel back to the Magistrate Judge for consideration.  (ECF No.

25  108).  On May 27, 2011, an order granting in part and denying in part Plaintiff's motion to compel

26  issued.  (ECF No. 109.)  On July 1, 2011, Plaintiff filed a motion for reconsideration.  (ECF No.

27  113.)  On July 15, 2011, Plaintiff filed a supplemental motion for reconsideration, and on July 25,

28  2011, Plaintiff filed a second supplemental motion for reconsideration of the Magistrate Judge's

1

1  order.  (ECF Nos. 113, 115, 116.)  On September 1, 2011, the Magistrate Judge conducted an *in*

2  *camera* review as discussed in the May 27, 2011 order.  The Magistrate Judge determined that

3  certain documents were entitled to a protective order, and an order issued directing Defendants to

4  file a motion for a protective order. (ECF No. 121.) On September 15, 2011, Plaintiff filed a motion

5  for clarification and modification of the September 1, 2011 order.  (ECF No. 124.)  Defendants filed

6  a motion for a protective order on October 3, 2011.  (ECF No. 125.)  Plaintiff filed an opposition to

7  the motion for a protective order on October 20, 2011.  (ECF No. 127.)

8  **I.      Motion for Reconsideration Legal Standard**

9       Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order

10 for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to

11 prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.

12 Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation

13 omitted).  The moving party "must demonstrate both injury and circumstances beyond his control

14 . . . ."  Id. (internal quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in

15 relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist

16 which did not exist or were not shown upon such prior motion, or what other grounds exist for the

17 motion," and "why the facts or circumstances were not shown at the time of the prior motion."

18      "A motion for reconsideration should not be granted, absent highly unusual circumstances,

19 unless the district court is presented with newly discovered evidence, committed clear error, or if

20 there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or

21 present evidence for the first time when they could reasonably have been raised earlier in the

22 litigation."  Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.

23 2009) (internal quotations marks and citations omitted) (emphasis in original).

24      **A.      July 1, 2011 Motion for Reconsideration**

25      Plaintiff brings this motion on the grounds that the Magistrate Judge applied a legal standard

26 that is contrary to law and the legal conclusions relieved the Defendants from their burden to support

27 their objections.  Plaintiff also argues that Defendants failed to meet and confer, failed to provide

28 a detailed description, identify documents in dispute, or offer a declaration to support their objection

1  at the time documents were due.  Plaintiff is reiterating the same arguments made in his motion to

2  compel and claiming the rulings were erroneous or contrary to law.  However, Plaintiff's

3  disagreement with the rulings in the motion to compel is not grounds for reconsideration of

4  arguments previously made and considered on the merits by the Magistrate Judge. U.S. v. Westlands

5  Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal. 2001).

6        The court has wide latitude in controlling discovery.  In re State of Arizona, 528 F.3d 652,

7  655 (9th Cir. 2008); Burlington Northern, 408 F.3d at 1147.  This includes broad discretion "to

8  permit and deny discovery, and [a court's] decision to deny discovery will be not disturbed except

9  upon the clearest showing that denial of discovery results in actual and substantial prejudice to the

10 complaining litigant." Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) (quoting Goehring v.

11 Brophy, 94 F.3d 1294, 1305 (9th Cir. 1996)).  The clearly erroneous standard is "significantly

12 deferential, requiring 'a definite and firm conviction that a mistake has been committed.' " Green

13 v. Baca, 219 F.R.D. 485, 489 (C.D.Cal. 2003) (citations omitted).  "The contrary to law standard .

14 . . permits independent review of purely legal determinations by the magistrate judge." Id. (citations

15 omitted).

16        Plaintiff's objects to the Magistrate Judge limiting his requests by narrowing the time period

17 for the requested information and limiting them to the issue of use of force.  Plaintiff is entitled to

18 obtain discovery that is relevant to his claims or defenses. See Fed. R. Civ. P. 26(b)(1).  However,

19 all discovery is subject to Rule 26(b)(2)(C) which requires that "[o]n motion or on its own, the court

20 must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if

21 it determines that:  (i) the discovery sought is unreasonably cumulative or duplicative, or can be

22 obtained from some other source that is more convenient, less burdensome, or less expensive. . . ."

23 It is well within the discretion of the court in ruling on a motion to compel to narrow the request

24 rather than sustaining the responding parties objections. Green, 219 F.R.D. at 490.  Given the broad

25 discretion of the court in conducting discovery, the rulings of the Magistrate Judge were not an abuse

26 of discretion.

27        Defendants' failure to comply with the requirements for claiming official information

28 privilege in federal court does not divest the Court of its broad discretion to manage discovery or to

1  order an *in camera* review.  Plaintiff claims that the Magistrate Judge committed clear error or ruled

2  contrary to law because Defendants did not comply with procedural requirements to show the

3  information is entitled to the official information privilege.  See Johnson v. Runnels, No. 2:04-cv-

4  00776 LKK EFB P, 2009 WL 900755, *3-6 (E.D.Cal. Mar. 31, 2009) (discussing official

5  information privilege and setting forth the specific requirements necessary to invoke the privilege

6  relating to personnel records).  In this case, the Court did not deny Plaintiff's motion to compel and

7  shield Defendants from producing discoverable evidence in reliance on an unsupported claim of

8  official information privilege.  Rather, the Court exercised the discretion with which it has been

9  vested and granted Plaintiff's motion to compel subject to *in camera* review to ensure the evidence

10  sought by Plaintiff is both relevant and does not unduly endanger the safety and security of the

11  institution.  See Ochotorena v. Adams, No. 1:05-cv-01524-LJO-DLB (PC), 2010 Wl 1035774, *8

12  (E.D.Cal. Mar. 19, 2010) (plaintiff not entitled to unfettered access to personnel records and privacy

13  concerns can be addressed by a protective order); Manago v. Williams, No. 2:07-cv-2290 LKK KJN

14  P, 2010 WL 5059684, *6 (E.D.Cal. Dec. 6, 2010) (ordering *in camera* review based upon the

15  assertion of privilege in personnel information); Lamon v. Director, California Dep't of Corrections,

16  No. 2:06-cv-00156 GEB KJM P, 2009 WL 1911699, *3 (E.D.Cal. July 1, 2009) (directing that

17  responsive documents be submitted for *in camera* review due to security and safety concerns).  The

18  rulings of the Magistrate Judge were not clearly erroneous or contrary to law.

19       Based on the foregoing, Plaintiff's motion for reconsideration, filed July 1, 2011, shall be

20  denied.

21       **B.       July 15, 2011 and July 25, 2011 Supplemental Motions for Reconsideration**

22       Plaintiff filed supplemental motions for reconsideration stating that Defendants have

23  provided responses ordered by the Court but do not include all responsive information.  Plaintiff

24  argues that this supports his argument that he should be able to review all documents submitted to

25  the court for *in camera* review and conduct a hearing in which he can call witnesses to show that

26  Defendants are failing to turn over all responsive evidence.

27       The Court shall deny the motions for reconsideration.  However, Plaintiff shall be granted

28  an opportunity to file one further motion to compel only as to those requests granted in the May 24,

1   2011 order.  Plaintiff is cautioned this is not a further opportunity to argue the order entered by the

2   Magistrate Judge.  Plaintiff is granted leave to file a motion to compel to the extent that Defendants'

3   responses to the order of the Magistrate Judge are deficient.   Plaintiff is advised that his

4   disagreement with the responses provided by Defendants is not grounds for a further motion to

5   compel.

6   **II.      Conclusion and Order**

7           Accordingly, it is HEREBY ORDERED that:

8           1.     Plaintiff's motion for reconsideration, filed July 1, 2011, is DENIED;

9           2.     Plaintiff's first supplemental motion for reconsideration, filed July 15, 2011, is

10                 DENIED;

11          3.     Plaintiff's second supplemental motion for reconsideration, filed July 25, 2011, is

12                 DENIED;

13          4.     Within thirty days from the date of service of this order, Plaintiff shall file a motion

14                 to compel as described in this order; and

15          5.     This action is referred back to the Magistrate Judge for consideration of any motions

16                 still pending.

17  IT IS SO ORDERED.

18
    Dated:    March 24, 2012                          _____
19                                                    CHIEF UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28