# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE H. ROBINSON,<br><br>              Plaintiff,<br><br>   v.<br><br>D. ADAMS, et al.,<br><br>             Defendants.<br>_____/ | CASE NO. 1:08-cv-01380-AWI-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS (ECF Nos. 132, 135)<br><br>ORDER STRIKING PLAINTIFF'S SUPPLEMENTAL REPLY FROM THE RECORD (ECF No. 140)<br><br>ORDER REOPENING LIMITED DISCOVERY FOR PLAINTIFF<br><br>THIRTY-DAY DEADLINE |

**I.     Procedural History**

Plaintiff George H. Robinson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the complaint against Defendants David, Miranda, Melo, Garcia, Mendoza, Martinez, and Masiel for use of excessive force in violation of the Eighth Amendment; Defendants Adams and Ruiz for failure to protect in violation of the Eighth Amendment; and state law claims of assault and battery.[1]  (ECF No. 33.)

Following resolution of Plaintiff's motion to compel, the Court issued a protective order and ordered discovery be provided to Plaintiff. (ECF No. 130.) On April 4, 2012, and May 2, 2012, Plaintiff filed motions for sanctions alleging that Defendants had failed to comply with the orders

---

[1] On August 10, 2011, the Court issued an order dismissing Plaintiff's state law claims of negligence and intentional infliction of emotional distress for failure to comply with the California Government Tort Claims Act. (ECF No. 117.)

1

1  requiring them to provide discovery. (ECF Nos. 132, 135.) Defendants filed an opposition to the
2  motions for sanctions on June 1, 2012. (ECF No. 137.) Plaintiff filed a reply on June 14, 2012, and
3  a supplemental reply on June 20, 2012. (ECF Nos. 138, 140.) At the direction of the Court,
4  Defendants filed a supplemental opposition on July 11, 2012. (ECF No. 141.)

**II.     Motion for Sanctions**

    **A.     Legal Standard**

Federal courts have the inherent authority to sanction conduct abusive of the judicial process. Chambers v. NASCO, Inc., 501 U.S. 32, 43-45, 111 S.Ct. 2123 (1991). However, because of their very potency, inherent powers must be exercised with restraint and discretion. Chambers, 501 U.S. at 44 (quotation marks omitted). To be sanctionable under the Court's inherent power, the conduct must have constituted, or been tantamount to, bad faith. Roadway Express, Inc. v. Piper, 447 U.S. 752, 767, 100 S. Ct. 2455 (1980); Save the Peaks Coalition v. U. S. Forest Service, 683 F.3d 1140, 1142-43 (9th Cir. 2012); Gomez v. Vernon, 255 F.3d 1118, 1134 (9th Cir. 2001); Fink v. Gomez, 239 F.3d 989, 993-94 (9th Cir. 2001). Recklessness, when combined with an additional factor such as frivolousness, harassment, or an improper purpose, may support sanctions, Vernon, 255 F.3d at 1134; Fink, 239 F.3d at 994, but mere negligence or recklessness will not suffice, In re Lehtinen, 564 F.3d 1052, 1058 (9th Cir. 2009).

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that if a party fails to obey an order to provide or permit discovery, the court may issue further just orders, which may include the imposition of sanctions upon the disobedient party, including dismissal of the action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(2)(A). "[T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

    **B.     April 4, 2012 Motion for Sanctions**

        **1.     Plaintiff's Position**

Plaintiff alleges that following the in camera review and order for Defendants to produce discovery, Defendants failed to produce all inmate appeals that have been filed against them. Plaintiff

claims that he has filed several appeals that were not part of the discovery provided. (Plaintiff's Motion for Sanctions 1,[2] ECF No. 132.) Plaintiff states that inmates Holcomb and Lara were assaulted and filed appeals against Defendants Miranda and David. Inmate Holcomb filed an appeal and lawsuit. Plaintiff claims that he met inmate Lara and wrote down the details of an assault on an appeals form which was given to Correctional Officer Villa-Lopez to mail to the Appeals Coordinator. Finally, Plaintiff allegedly observed Defendant David pepper spray an inmate without justification and this inmate filed an appeal. (Id. at 2.) In support of his motion, Plaintiff submits a declaration from inmate Holcomb stating that he was assaulted by Defendants David and Miranda on October 2, 2006. (Id. at 4-6.) Plaintiff requests a hearing to call these witnesses to show that Defendants have failed to provide all discovery. (Id. at 2.)

### 2. Defendants' Position

Defendants argue that they have produced all inmate appeals and no other documents responsive to the request exist. Additionally, Plaintiff has failed to produce any evidence that responsive documents exist. (Supplemental Opposition 2, ECF No. 141.)

Defendants state that they acted within a few days of the Court's order and all responsive documents were provided to Plaintiff. Defendants did not provide documents from Plaintiff's own files because he already has copies and access to his central file. Accordingly, Defendants request the motion for sanctions be denied. (Id.)

While Plaintiff alleges that inmates Holcomb and Lara each filed inmate appeals he offers no evidence to support this allegation. The declaration from inmate Holcomb does not state that he filed an inmate grievance, and the court documents show that the defendants in the case moved to dismiss his complaint because he failed to exhaust administrative remedies. Additionally, although Plaintiff alleges that he helped inmate Lara author an appeal and give it to Officer Villa-Lopez for submission to the appeals coordinator, there is no information regarding whether the appeal was accepted, returned to the inmate, rejected, or withdrawn. There is no evidence that such an appeal was properly

---

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

3

filed and processed.

Finally, while Plaintiff claims to have observed an inmate being pepper sprayed by a defendant, Plaintiff fails to offer any evidence that this inmate filed a grievance. Plaintiff's allegations that Defendants failed to provide all responsive documents is based on speculation and conjecture. There is no basis for the imposition of sanctions and Plaintiff's motion should be denied. (Id. at 3.)

### 3. Plaintiff's Reply

Plaintiff argues that Defendants have failed to provide a "definitive response as to whether it is true that Inmates Holcomb and Lara truly filed inmate appeals and whether Defendants failed to produce documents responsive to the May 26, 2011, order from the court." (Reply to Defendants' Supplemental Opposition 1, ECF No. 143.) Plaintiff states that if there was proof these inmates did not submit appeals, Defendants would have submitted declarations attesting to that fact. Plaintiff requests that due to Defendants' failure to produce such evidence the Court deem such failure an admission to his allegations. (Id.)

Plaintiff alleges that while it was true a motion to dismiss for failure to exhaust was filed in Inmate Holcomb's case, it was never ruled on, and Inmate Holcomb informed Plaintiff that he exhausted his administrative remedies and filed a tort claim prior to filing his civil action. Plaintiff has never spoken with Inmate Lara after the appeal was completed and submitted, so Plaintiff has no information on whether it was exhausted. Plaintiff argues that issue is not whether the appeals were exhausted, but whether they were submitted. (Id. at 2.) Plaintiff requests that the Court enter default judgment as a sanction. (Id. at 2-3.)

Plaintiff argues that the Court's order expanded the documents that Defendants were required to produce and they have failed to comply with the order. (Id. at 3.) Plaintiff requests the court hold an evidentiary hearing to resolve the discovery disputes and develop the record. (Id. at 4.)

### 4. Discussion

Plaintiff argues that Defendants have failed to produce evidence that inmates Holcomb and Lara did not submit inmates appeals. Defendants were ordered to produce any documents that contain

4

information on the use of excessive force that the defendants had been involved in between January 22, 2005, and December 31, 2009. (Order Granting in Part and Denying in Part Plaintiff's Motion to Compel 11:10-14, 12:2-3, ECF No. 109.)

Defendants state that a search was made of the database of appeals filed between January 2005 and 2009. Those documents were then provided to Plaintiff. Defendants argue that they are dependant upon the institution to provide a complete copy of all documents responsive to the Court's order. To their knowledge all responsive documents have been provided to Plaintiff.

Plaintiff is correct that it is not whether the inmate exhausted his appeal, but whether the appeals were submitted that is relevant.[3] While Plaintiff has demonstrated the possibility that other inmates appeals were filed, his contention that the appeals were submitted to the level of review where they would be entered into the appeals database is speculative. Further, Defendants methodology demonstrates that a good faith effort was made to discover any responsive documents. In this instance, Plaintiff has received inmate appeals which contain similar claims to the underlying action, and Plaintiff has not demonstrate how he would be prejudiced in this action by the failure to produce additional inmate grievances. Accordingly, Plaintiff's motion for an evidentiary hearing and motion for sanctions based upon the failure to produce all responsive inmate grievances shall be denied.

  **C.**  **May 2, 2012 Motion for Sanctions**

    **1.**  **Plaintiff's Position**

Plaintiff alleges that Defendants have not produced responsive documents in compliance with the Courts' order of March 15, 2012. (Motion for Sanctions 1, ECF No. 135.) Plaintiff requests sanctions issue and that default judgment be entered against Defendants for failing to comply with the discovery order. (Id. at 1-2.)

///

---

[3]While Plaintiff claims that other inmates filed appeals and Defendants failed to produce those appeals, the fact that an inmate prepared an appeal and submitted it to the appeals coordinator does not demonstrate that the appeal was actually accepted for review. Based upon its experience, the Court is well aware of the California Department of Corrections and Rehabilitation procedure for processing appeals, and appeals that fail to comply with the regulations may be returned to the inmate without being entered into the system.

### 2. **Defendants' Position**

Defendants contend that based upon the Court's May 27, 2011, order, counsel sent copies of the responsive discovery documents to the Litigation Coordinator at Salinas Valley State Prison. (Opp. 2, ECF No. 137.) Upon receiving notice that the protective order had been issued, counsel did not produce the documents because she believed that the responsive documents had already been produced. (Id. at 2-3.) After receiving the order requiring Defendants to respond to the motion for sanctions, defense counsel contacted the litigation office and discovered that they did not recall receiving the documents, cannot locate the documents, and do not recall if they were given to Plaintiff's counselor for review. Because the documents were sent over ninety days prior to the date counsel checked with the litigation office no record can be obtained of the electronic mail sent to confirm the documents were sent. (Id. at 3.)

Defendants argue that the failure to comply with the discovery order was due to inadvertent error and the belief that the documents had already been produced for review by Plaintiff. Since the failure to comply was not in bad faith, Defendants request that the motion for sanctions be denied. (Id.) Defendants further argue that while Plaintiff requests entry of default, this is not an appropriate sanction. (Id. at 4.) Plaintiff has not been prejudiced by the failure to provide the documents ordered and has not incurred any attorney fee's as he is proceeding pro se in this action. Since defense counsel was unaware that the documents had not been provided to Plaintiff, there was no bad faith on her part, and the Court's exercise of its inherent powers would be inappropriate. (Id. at 5.)

### 3. **Plaintiff's Reply**

Plaintiff claims that Defendants state that the records may have been sent by e-mail and there is no record that it was sent. Defendants also state that the Litigation Coordinator has no record that the documents were received. Plaintiff argues that providing the documents to the Litigation Coordinator did not comply with the Court's order. (Reply 2, ECF No. 138.) Additionally, it is not credible to believe that Defendants would have produced the documents without a protective order in place when they had been resisting production at every stage. Defendants were notified that the documents had not been produced, because Plaintiff filed motions and the Court granted an extension of time because he had not yet received the documents. Plaintiff contends that Defendants make too

many excuses and are not credible. (Id. at 3.)

Plaintiff alleges that he has suffered prejudice because he has been unable to follow up on discovery requests and was not able to depose Defendants because they refused to agree with the method of deposition. Delays in the production of documents prevented Plaintiff from questioning any defendant on the documents received in response to the August 25, 2009, request for production of documents, and Plaintiff has been unable to propound interrogatories to Defendants David, Miranda, and Martinez. (Id.) Plaintiff has been unable to file a motion to compel based upon not receiving the documents prior to the discovery cut-off date. (Id. at 4.)

Plaintiff requests that the Court sanction Defendants by granting entry of default due to flagrant disregard of the discovery orders. (Id. at 5.)

### 4. Plaintiff's Surreply

On June 20, 2012, Plaintiff filed a document entitled Plaintiff's supplemental reply to Defendants' opposition. The Court did order Defendants to file a supplemental opposition on June June 20, 2012, however Plaintiff's opposition filed the same day, and prior to Defendants filing a supplemental reply is a surreply. The Local Rules provide for a motion, an opposition, and a reply. Neither the Local Rules nor the Federal Rules provide the right to file a surreply, and the Court neither requested one nor granted a request on the behalf of Plaintiff to file one. Accordingly, Plaintiff's surreply, filed June 20, 2012, shall be stricken from the record.

### 5. Defendants' Response

On July 17, 2012, the Court ordered Defendants to provide the status of discovery in this action. Defendants filed a response stating that defense counsel erroneously believed that the court would issue an order regarding her request for additional time and was waiting on the order prior to producing the documents. Defendants attach an exhibit showing that the documents were mailed on July 24, 2012, by overnight mail.

### 6. Discussion

The Court rejects Plaintiff's argument that it is not credible to believe that defense counsel provided the documents prior to the protective order being issued. First, Plaintiff states that Defendants claim the documents may have been sent in an e-mail, but there is no record that the

1 discovery was sent to the prison. (ECF No. 138 at 2.) According to defense counsel's declaration,
2 signed under penalty of perjury, once the order setting forth the proposed rulings was received, the
3 documents were gathered and defense counsel requested that they be set to the Litigation Office to
4 be reviewed by Plaintiff with his counselor. (Dec. of K. Hammond ¶¶ 8-11, ECF No. 137-1.) It was
5 the confirming e-mail that was not able to be retrieved. Defendants did not claim that the discovery
6 documents were provided in an e-mail as Plaintiff sets forth in his reply.

7       Plaintiff also contends that it is not credible that Defendants would have provided the
8 documents in response to an order that was not final and with no protective order in place. (ECF No.
9 138 at 2-3.) Defendants contend that the responsive documents were provided to the Litigation
10 Coordinator after receiving the order setting forth the proposed rulings of the Court. While Plaintiff
11 argues that Defendants would not have provided the documents without the protective order in place,
12 the documents were sent to the custody of the Litigation Coordinator, who would be familiar with the
13 procedure for handling sensitive discovery. In the order issued on September 1, 2011, Defendants
14 were informed that they would be required to produce training and personnel records with any indicia
15 of personal information, other than the employee name redacted, Defendants' training records, and
16 the use of force policy and video. (ECF No. 121.) Since counsel was informed of what the Court
17 would be ordering be produced, the Court fails to find that it is not credible that the documents would
18 have been prepared and forwarded to the litigation coordinator prior to the actual protective order
19 being issued.

20       Although Plaintiff argues that providing the documents to the Litigation Coordinator did not
21 comply with the order of the Court, the proposed ruling of the Court did not specify that any
22 documents were to be provided directly to Plaintiff. Given the type of documents that were ordered
23 to be produced subject to the protective order, it would not be unreasonable for the responsive
24 documents to be sent to the Litigation Coordinator and then provided to the inmate.

25       Finally, Plaintiff argues that Defendants had notice by his April 19 and 25, 2012, motions that
26 he did not receive the documents, and failed to follow up until after the Court ordered them to respond
27 to his motion on May 3, 2012. Plaintiff argues that Defendants further request for an extension until
28 June 8, 2012, to provide the responsive documents justifies the imposition of sanctions. (ECF No.

138 at 3.) Defendants assert that the documents which were redacted and forwarded to the litigation coordinator are unable to be located and requested an extension until June 8, 2012 to redact the responsive documents prior to providing them to Plaintiff. Responsive documents have now been served on Plaintiff.

In this instance, while counsel's conduct may well be negligent, a finding that she acted in bad faith is unsupportable. In re Lehtinen, 564 F.3d at 1058; Vernon, 255 F.3d at 1134; Fink v. Gomez, 239 F.3d 989, 994 (9th Cir. 2001). Accordingly, Plaintiff's motion for sanctions due to the failure to timely produce documents is denied.

However, Plaintiff argues that he has been prejudiced because he was unable to propound discovery to the defendants regarding the information contained in the documents and was unable to propound any discovery to Defendants David, Miranda, and Martinez.[4] Due to the delay in production of the documents, Plaintiff shall be granted an opportunity to conduct limited discovery. The Court shall grant Plaintiff thirty days in which to propound up to but not more than ten (10) interrogatories to Defendants David, Miranda, and Martinez, a total of thirty (30) interrogatories.[5] Fed. R. Civ. P. 33. Defendants shall have forty five (45) days in which to respond and, if necessary, a motion to compel shall be filed within thirty (30) days of service of Defendants' responses.

**III.   Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.   Plaintiff's supplemental reply, filed June 20, 2012, is stricken from the record;

2.   Plaintiff's motion for sanctions, filed April 4, 2012, is denied;

3.   Plaintiff's motion for sanctions, filed May 2, 2012, is denied;

4.   Discovery is reopened for Plaintiff as follows:

   a.   Within thirty days of the date of service of this order, Plaintiff may propound ten (10) interrogatories each to Defendants David, Miranda, and Martinez;

   b.   Defendants shall serve responses within forty five (45) days of the date of

---

[4] Plaintiff states that he had a matter pending in another court that took most of his time.

[5] Plaintiff is advised that his interrogatories must comply with Rule 33, and the Court has not granted him an opportunity to request additional production of documents or to request admissions.

service of Plaintiff's request for interrogatories; and

    c.    If necessary a motion to compel, shall be filed within thirty days (30) days of the date of service of Defendants' response.

IT IS SO ORDERED.

Dated: **August 3, 2012**           **/s/ Barbara A. McAuliffe**
UNITED STATES MAGISTRATE JUDGE