# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE H. ROBINSON, | CASE NO. 1:08-cv-01380-AWI-BAM PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL OF THE MAGISTRATE JUDGE |
| v. | (ECF No. 150.) |
| D. ADAMS, et al., | |
| Defendants. | |

Plaintiff George H. Robinson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  On September 10, 2012, Plaintiff filed a motion for recusal of the Magistrate Judge and District Court Judge.[1]  (ECF No. 150.)  Plaintiff brings this motion on the grounds that the Court refuses to make Defendants follow case law, court rules, and orders.  (Plaintiff's Motion for Recusal 1, ECF No. 150.)

The standard for recusal is "[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. McTiernan, 695 F.3d 882, 891 (9th Cir. 2012) (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997) (per curiam)).  There is a subjective and an objective component to be considered in deciding a motion for recusal.  "Under the objective standard, a judge must recuse in any case where 'his impartiality might reasonably be questioned.'  This is a fact-specific inquiry that should be guided by the circumstances of the specific claim." United States v. Spangle, 626 F.3d

---

[1] The District Court Judge shall address the motion for his recusal by separate order.

488, 495 (9th Cir. 2010) (quoting United States v. Holland, 519 F.3d 909, 913 (9th Cir. 2008)).  In considering the subjective component, the judge must "determine whether he can be truly impartial when trying the case."  Spangle, 626 F.3d at 495 (quoting Holland 519 F.3d at 915).

"Parties cannot attack a judge's impartiality on the basis of information and beliefs acquired while acting in his or her judicial capacity." McTiernan, 695 F.3d at 892 (quoting United States v. Rrias-Ramirez, 670 F.2d 849, 853 n.6 (9th Cir. 1982).  In this action, Plaintiff is alleging the source of the judicial bias or prejudice are the orders issued in response to his motions filed in this action.  "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994).

This action was transferred to the undersigned on October 17, 2012. (ECF No. 126.)  To the extent that Plaintiff complains about the order deciding his motion to compel, that order was issued by the prior Magistrate Judge and the undersigned did not make the rulings to which Plaintiff objects.  However, this Court did issue the protective order and denied Plaintiff's two motions for sanctions.

In the context of prison litigation, courts recognize the security concerns implicated by producing confidential security documents to inmates in the course of litigation.  See Corona v. Knowles, No. 1:08-cv-00237, 2012 WL 2328228, at *2 (E.D.Cal. June 19, 2012) (ordering production of documents subject to attorney's/expert's only protective order); Orr v. Hernandez, No. 2:08-cv-00472-JLQ, 2012 WL 761355, at *2 (E.D.Cal. Mar. 7, 2012) (releasing documents with confidential information redacted); Williams v. Williams, No. 4:07-cv-04464-CW (LB), 2011 WL 863500, at *4 (N.D.Cal. March 10, 2011) (issuing protective order); Furnace v. Evans, 3:06-cv-04229- MMC, 2009 WL 193755, at 3 (N.D.Cal. Jan. 23, 2009) (refusing to order production to pro se inmate due to security concerns); Coleman v. Schwarzenegger, No. S-90-0520-LKK JFM, No. C01-1351 TEH, 2008 WL 2545072, at *3 (E.D.Cal. June 20, 2008) (expanding protective order for documents implicating security of the prison).  A reasonable person would not determine that ordering documents that implicate the security of the prison produced to an inmate subject to a protective order implicated the judge's impartiality.  McTiernan, 695 F.3d at 891.

Further, in denying the motions for sanctions, the Court considered the arguments of the

1  parties and found the conduct of Defendants did not justify the imposition of sanctions.  "Opinions
2  formed by the judge on the basis of facts introduced or events occurring in the course of the current
3  proceedings, do not constitute a basis for a bias or partiality motion unless they "display a
4  deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S.
5  at 555; Pesnell v. Arsenault, 543 F.3d 1038, 1044 (9th Cir. 2008).

6      The undersigned's actions in this case do not support disqualification.  The actions taken
7  were an appropriate response to the filings and do not reflect a deep-seated antagonism toward
8  Plaintiff, nor favoritism toward Defendants.  They do not reflect animosity, partiality, or an inability
9  to render a fair judgment in the instant action.  Further, the undersigned can be impartial in deciding
10 this action.

11     Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion that the undersigned recuse
12 herself from this action, filed September 10, 2012, is DENIED.

14     IT IS SO ORDERED.
15 **Dated:    November 21, 2012**          /s/ **Barbara A. McAuliffe**
                                          UNITED STATES MAGISTRATE JUDGE