# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE H. ROBINSON, | CASE NO. 1:08-cv-1380-AWI-BAM PC |
| Plaintiff, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL OF THE DISTRICT COURT JUDGE |
| D. ADAMS, et al., | (ECF No. 150) |
| Defendants. | |

Plaintiff George H. Robinson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On September 10, 2012, Plaintiff filed a motion for recusal of the Magistrate Judge and District Court Judge. (ECF No. 150.) Plaintiff brings this motion on the grounds that the Court refuses to make Defendants follow case law, court rules, and orders. (Plaintiff's Motion for Recusal 1, ECF No. 150.)

A judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), or if "he has a personal bias or prejudice against a party," 28 U.S.C. § 455(b)(1). In considering recusal under section 455(a), the question is "[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." United States v. McTiernan, 695 F.3d 882, 891 (9th Cir. 2012) (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997)).

"Parties cannot attack a judge's impartiality on the basis of information and beliefs acquired while acting in his or her judicial capacity." McTiernan, 695 F.3d at 892 (quoting United States v. Rrias-Ramirez, 670 F.2d 849, 853 n.6 (9th Cir. 1982)). In this action, Plaintiff is alleging the source

of the judicial bias or prejudice are the orders issued in response to his motions filed in this action, however, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). "Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, do not constitute a basis for a bias or partiality motion unless they "display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555; Pesnell v. Arsenault, 543 F.3d 1038, 1044 (9th Cir. 2008).

The actions taken by the undersigned in this action have been an appropriate response to the filings and do not reflect a deep-seated antagonism toward Plaintiff or favoritism toward Defendants. The rulings do not reflect animosity, partiality, or an inability to render a fair judgment in the instant action. The undersigned does not have any bias or prejudice, personal or otherwise, toward the parties, and can be truly impartial in deciding this action. Plaintiff's motion for recusal shall be denied.

In the alternative, Plaintiff seeks an order transferring this action to Magistrate Judge Oberto as a compromise. Plaintiff sets forth no legal support for his motion to transfer this action and the request is denied.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the undersigned to recuse himself from this action, filed September 10, 2012, (Doc. No. 150) is DENIED.

IT IS SO ORDERED.

Dated:   November 30, 2012

_____
UNITED STATES DISTRICT JUDGE