**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE H. ROBINSON,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>D. ADAMS, et al.,<br><br>　　　　　　Defendants.　　　／ | CASE NO. 1:08-cv-01380-AWI-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL<br>(ECF No. 148.)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS<br>(ECF No. 149.) |

**I.Background**

Plaintiff George H. Robinson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Following resolution of Defendants' motion for summary judgment, this action is proceeding on the complaint against Defendants David, Miranda, Melo, Garcia, Mendoza, Martinez, and Masiel for use of excessive force in violation of the Eighth Amendment, and Defendants Adams and Ruiz for failure to protect in violation of the Eighth Amendment, and state law claims of assault and battery against Defendants Martinez, David, Miranda, and Garcia.

On July 15, 2010, Plaintiff filed a motion to compel further discovery. (ECF No. 65.) On January 14, 2011, the then-assigned magistrate judge partially granted Plaintiff's motion to compel. (ECF No. 95.) Defendants sought reconsideration of the magistrate judge's order by the district judge. (ECF No. 96.) While the motion for reconsideration was pending, the case was

1

1 reassigned to a new magistrate judge. (ECF No. 105.) Thereafter, on May 18, 2011, the district
2 judge vacated the order partially granting the motion to compel and referred the motion to the
3 recently reassigned magistrate judge. (ECF No. 108.)

4       On May 27, 2011, the newly assigned magistrate judge granted in part and denied in part
5 Plaintiff's motion to compel and motion for sanctions and allowed Defendants to submit documents
6 for *in camera* review. (ECF No. 109.) In response to the order, Defendants submitted documents
7 for in camera review. (ECF Nos. 110, 114.) While the *in camera* review was pending, Plaintiff filed
8 three separate motions for reconsideration of the order partially granting his motion to compel. (ECF
9 Nos. 113, 115, 116.)

10       On September 1, 2011, the magistrate judge issued an order following *in camera* review of
11 the documents submitted by Defendants. The order set forth the Court's intended rulings and
12 allowed Defendants to file a motion for a protective order. (ECF No. 121.) Following the Court's
13 order, Defendants filed a motion for protective order, which the Court granted on March 16, 2012.
14 (ECF Nos. 125, 130.)

15       On March 26, 2012, the district court denied Plaintiff's motions for reconsideration of the
16 order partially granting his motion to compel. (ECF No. 131.)

17       On April 4, 2012, and May 2, 2012, Plaintiff filed motions for sanctions, which were denied
18 on August 6, 2012, and Plaintiff was granted a limited reopening of discovery. (ECF Nos. 132, 135,
19 145.)

20       On August 24, 2012, Plaintiff filed the instant motion to compel Defendants to produce
21 responsive documents. (ECF No. 148.) A few days later, on August 27, 2012, Plaintiff filed the
22 instant motion for sanctions regarding Defendants' purported failure to produce certain personnel
23 records. (ECF No. 149.) On October 29, 2012, Defendants filed an opposition to Plaintiff's motion
24 to compel and motion for sanctions. (ECF No. 152.) On November 13, 2012, Plaintiff filed a reply.
25 (ECF No. 155.)

26 **II.**     **Motion to Compel (ECF No. 148)**

27       Plaintiff asserts that Defendants have failed to produce all use of force documents as required
28 by the Court's May 27, 2011 order. Plaintiff reports that in previous cases he has received a prison

1  Operation Manual, Department Operation Manual, and Administrative Bulletins and Memoranda
2  on the use of force.  Plaintiff claims that these documents have not been produced in this action.
3  (ECF No. 148, p. 2.)  Plaintiff requests that the Court compel production of these documents and,
4  if the Court finds that Defendants have failed to produce the documents, enter default judgment and
5  issue sanctions against Defendants.  (ECF No. 148, p. 3.)

6        Defendants respond that they have requested all documents regarding the use of force from
7  the litigation coordinator at California State Prison, Corcoran, and have produced all documents that
8  were received in response.  (ECF No. 152, p. 2.)  Defense counsel not only provided the Court's
9  order regarding *in camera* review to the litigation coordinator, but also expressly requested a copy
10 of any sections of the Operational Procedure that dealt with the use of force.  (ECF No. 152-1,
11 Declaration of K. Hammond ("Hammond Dec.") ¶ 16.)  The litigation office informed defense
12 counsel that there were no Operational Procedure sections concerning the use of force.  All of the
13 institutional documents that exist concerning the use of force were provided to counsel, and in turn,
14 provided to the Court for *in camera* review.  (ECF No. 152-1, Hammond Dec. ¶ 19. )  Defendants
15 assert that they cannot produce documents they do not have and have been told do not exist.  (ECF
16 No. 152, p. 5.)  As Defendants in this action are a retired Warden and several correctional officers,
17 they report having no authority to command the California Department of Corrections and
18 Rehabilitation to provide them with documents.  (ECF No. 152, pp. 5-6.)

19       Plaintiff replies that Defendants are lying about producing all responsive documents.  (ECF
20 No. 155, p. 1.)  Plaintiff requests that the Court take judicial notice of prior orders in this action,
21 docket entries 41 and 109, which reportedly state that it is likely Defendants have access to the
22 requested documents and can produce them.  (ECF No. 155, pp. 2-3.)  Plaintiff therefore contends
23 that the question of Defendants' custody and control has been answered and because Defendants
24 have a legal right to request the documents, they are not making good faith arguments.  Plaintiff
25 believes that the issue is whether responsive documents exist and were not produced.  (ECF No. 155,
26 p. 3.)

27       Contrary to Plaintiff's contention, the Court has not made any finding that Defendants have
28 possession, custody or control of the use of force documents.  The May 11, 2010 order did not

address use of force policies.[1] Rather, in considering Plaintiff's request for production of pleadings of other civil actions filed against defendants that claim excessive force or assault and battery, the magistrate judge found "it highly unlikely that Defendants are not in possession, custody, or control of documents related to other civil litigation against them." (ECF No. 55, p. 7:1-8.) Although the May 27, 2011 order addressed Plaintiff's request for all policies, procedures, directives, regulations, instructions, notes, memoranda, internal communication and directives relating to the use of force, the magistrate judge did not reach the issue of custody and control of those documents. (ECF No. 109, pp. 27:24-28:20.)

Regardless of the issue of custody and control, Defendants cannot be required to produce documents that do not exist. As noted above, according to the declaration of defense counsel, all of the institutional documents that exist concerning the use of force were provided to the Court for *in camera* review. In turn, the documents deemed relevant by the Court were provided to Plaintiff. While Plaintiff may have received certain documents in other cases, this is a different case and many of the examples Plaintiff submitted to the Court are older documents outside the time frame at issue here. Accordingly, Plaintiff's motion to compel and request for sanctions against Defendants will be denied.

### III.     **Motion for Sanctions** (ECF No. 149.)

Plaintiff complains that Defendants provided an incomplete response to his request for their training and personnel records and that records were not produced for all defendants. Plaintiff therefore asks the Court enter default judgment as a sanction. (ECF No. 149.) Defendants counter that all documents were requested from the correctional institution, the institution provided all documents that they had in Defendants' personnel files and all responsive documents were produced. (ECF No. 152, p. 4; ECF No. 152-1, Hammond Dec. ¶ 18.) Defendants further indicate that because Defendant Adams has retired, there are no documents at the prison responsive to his request. (ECF No. 152-1, Hammond Dec. ¶ 19.) Defendants conclude that they should not be required to produce documents that do not exist. (ECF No. 152, p. 4.) In his reply, Plaintiff requests an evidentiary

---

[1] Docket entry 41 is Plaintiff's motion to compel discovery. The May 10, 2010 order referenced by Plaintiff is the Court's order entered on May 11, 2010, and is identified as docket entry 55.

1  hearing so he can prove that the defendants are lying or, in the alternative, he requests a declaration
2  stating that no further documents exist. (ECF No. 155, pp. 3-4.)
3        The Court finds that no evidentiary hearing and that no additional declaration are necessary.
4  Defense counsel has provided a declaration, executed under penalty of perjury, stating that she
5  requested all responsive documents from the litigation coordinator; the institution has provided all
6  documents from the defendants' personnel files; and there are no files for Defendant Adams who
7  retired years ago. (ECF No. 152-1, Hammond Dec. ¶¶ 17, 18.) Defense counsel has shown that she
8  made reasonable efforts to obtain the requested discovery, and Plaintiff has provided no evidence
9  that additional responsive documents exist. Accordingly, Plaintiff's motion for sanctions will be
10 denied.

**IV.   Conclusion and Order**

    Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel and request for sanctions, filed August 24, 2012, is DENIED; and
2. Plaintiff's motion for sanctions, filed August 27, 2012, is DENIED.

IT IS SO ORDERED.

Dated:   **March 27, 2013**          /s/ **Barbara A. McAuliffe**
                                                  UNITED STATES MAGISTRATE JUDGE