UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE H. ROBINSON,<br><br>    Plaintiff,<br><br>    v.<br><br>D. G. ADAMS, et al.,<br><br>    Defendants. | Case No.: 1:08-cv-001380-AWI-BAM PC<br><br>ORDER GRANTING PLAINTIFF'S REQUEST TO FILE REPLY TO DEFENDANTS' RESPONSE TO COURT'S REQUEST FOR STATUS OF DISCOVERY RESPONSES  (ECF No. 168)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES PROPOUNDED TO DEFENDANTS MARTINEZ, MIRANDA AND DAVID AND REQUEST FOR SANCTIONS AS MOOT (ECF No. 153) |

Plaintiff George H. Robinson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the complaint against Defendants David, Miranda, Melo, Garcia, Mendoza, Martinez and Masiel for use of excessive force in violation of the Eighth Amendment; against Defendants Adams and Ruiz for failure to protect in violation of the Eighth Amendment; and against Defendants Martinez, David, Miranda and Garcia for assault and battery in violation of state law.

On August 6, 2012, the Court re-opened discovery in this matter to allow Plaintiff to propound ten (10) interrogatories each to Defendants David, Miranda and Martinez.  The Court directed Defendants to serve responses within forty-five days after service of Plaintiff's request for

1

1  interrogatories.  The Court also indicated that, if necessary, Plaintiff could file a motion to compel
2  responses.  (ECF No. 145.)

3        On November 2, 2012, Plaintiff filed the instant motion to compel responses to interrogatories
4  propounded on Defendants Martinez, Miranda and David.  Plaintiff also requested sanctions.  (ECF
5  No. 153.)  Defendants failed to file a timely opposition or statement of non-opposition.  Accordingly,
6  on November 26, 2012, the Court ordered Defendants to respond within twenty (20) days to the
7  motion to compel.  (ECF No. 158.)

8        On December 17, 2012, Defendants filed their opposition to the motion to compel, along with
9  a request for additional time to respond to Plaintiff's discovery requests.  Defendants explained that
10 defense counsel received Plaintiff's discovery requests on September 21, 2012.  Counsel reportedly
11 began drafting the responses, but lost the responses on two separate occasions due to problems with
12 the Department of Justice computer system in Sacramento.  Counsel reported working on the
13 responses for a third time and requested an extension of time, to an including January 3, 2013, to serve
14 responses.  (ECF No. 162.)

15       On January 9, 2013, Plaintiff filed a reply.  (ECF No. 163.)  Before the Court ruled on the
16 motion to compel, Plaintiff filed a request to supplement his reply.  (ECF No. 164.)  On March 27,
17 2013, the Court granted Plaintiff's request to supplement his reply.  The Court also reviewed
18 Plaintiff's reply, which indicated that, as of January 16, 2013, he had not received Defendants'
19 responses to his interrogatories.  Therefore, the Court ordered Defendants to notify the Court of the
20 status of their discovery responses within seven days.  (ECF No. 165.)

21       On April 2, 2013, Defendants filed a response to the Court's order.  Defense counsel asserted
22 that a "computer tracking system" indicated that the interrogatories had been served on January 7,
23 2013.  Upon receiving the Court's March 27, 2013 order seeking the status of discovery, defense
24 counsel reviewed the case files, but could not find copies of the responses with original signatures or
25 copies of the signed pages in the file.  Defense counsel indicated that responses had been sent back to
26 the Litigation Coordinator at Corcoran State Prison to have them re-signed.  Defense counsel also
27 argued that Plaintiff's interrogatories sought information that had previously been provided to him.
28 (ECF No. 167.)

1	On April 11, 2013, Plaintiff filed a request for leave to reply to Defendants' response to the
2	Court's order. (ECF No. 168.) The Court has reviewed Plaintiff's request and finds that it provides
3	pertinent information. Accordingly, Plaintiff's request to file a reply is GRANTED. In his request,
4	Plaintiff reported that despite defense counsel's claim, he did not receive Defendants' responses to his
5	request for interrogatories in January 2013. Instead, he did not receive them until he received
6	Defendants' response to the Court's request for the status of the responses on April 4, 2013. (ECF No.
7	168.)

8	Based on defense counsel's responses, it appears that attempts were made to complete the
9	responses and serve them on Plaintiff. Although defense counsel's lack of diligence and lack of
10	attention to detail is troubling, there is no evidence conclusively demonstrating an intentional or
11	purposeful delay in providing responses to Plaintiff. Nonetheless, defense counsel is admonished that
12	further delays, missed deadlines or other dilatory conduct will not be countenanced in this action.
13	Defense counsel is further advised that such conduct may warrant the imposition of sanctions,
14	including both monetary and evidentiary sanctions.

15	At this time, the Court finds that Plaintiff has received the discovery responses and his motion
16	to compel is no longer necessary. Accordingly, Plaintiff's motion to compel responses to
17	interrogatories propounded to Defendants Martinez, Miranda and David and request for sanctions shall
18	be denied as moot. However, if Plaintiff is dissatisfied with Defendants' responses to interrogatories,
19	he may file a subsequent motion to compel within thirty (30) days of this order. Defendants' response,
20	if any, will be due within fourteen (14) days after service of any motion to compel responses. No
21	reply will be permitted.

22	To the extent Plaintiff seeks an order permitting an interlocutory appeal of this Court's
23	discovery orders, his request shall be denied. An interlocutory appeal of a non-final order may be
24	certified if the district court determines that "such order involves a controlling question of law as to
25	which there is substantial ground for difference of opinion and that an immediate appeal from the
26	order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).
27	"Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and
28	therefore must be construed narrowly." James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1067 n. 6 (9th

Cir.2002). The purpose of the section is to "facilitate disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later" in order to "save the courts and the litigants unnecessary trouble and expense." United States v. Adam Bros. Farming, Inc., 369 F.Supp.2d 1180, 1182 (C.D. Cal.2004) (citation omitted).

Plaintiff has not demonstrated that there is a controlling question of law at stake resulting from the Court's discovery orders or its decision not to sanction defendants. An interlocutory appeal of such orders will not facilitate disposition of the action or materially advance ultimate termination of this action. Instead, it will further delay resolution of this action and result in unnecessary trouble and expense.

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request to file a reply to Defendants' response to Court's request for status of discovery responses is GRANTED;
2. Plaintiff's motion to compel responses to interrogatories propounded to Defendants Martinez, Miranda and David and request for sanctions is DENIED as moot;
3. If Plaintiff is dissatisfied with responses to the interrogatories propounded to Defendants Martinez, Miranda and David, he may file a subsequent motion to compel within thirty (30) days of the date of this order. Defendants' response, if any, will be due within fourteen (14) days after service of any motion to compel responses. No reply will be permitted; and
4. Plaintiff's request to file an interlocutory appeal on the Court's discovery orders is DENIED.

IT IS SO ORDERED.

Dated: **May 10, 2013**     /s/ *Barbara A. McAuliffe*
                            UNITED STATES MAGISTRATE JUDGE

4