UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE H. ROBINSON,<br><br>    Plaintiff,<br><br>    v.<br><br>D. G. ADAMS, et al.,<br><br>    Defendants. | Case No.: 1:08-cv-001380-AWI-BAM PC<br><br>ORDER GRANTING REQUEST TO SUBMIT DOCUMENTS UNDER SEAL FOR *IN CAMERA* REVIEW (ECF No. 170)<br><br>ORDER REGARDING *IN CAMERA* REVIEW<br><br>THIRTY-DAY DEADLINE |

Plaintiff George H. Robinson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the complaint against Defendants David, Miranda, Melo, Garcia, Mendoza, Martinez and Masiel for use of excessive force in violation of the Eighth Amendment; against Defendants Adams and Ruiz for failure to protect in violation of the Eighth Amendment; and against Defendants Martinez, David, Miranda and Garcia for assault and battery in violation of state law.

On May 27, 2011, the Court issued an order granting in part and denying in part Plaintiff's motion to compel. As part of that order, the Court directed Defendants to "provide any and all documents in Defendants' personnel files of professional reprimands (including findings of policies and procedures violations, colleague complaints by other officers against Defendants, written findings and conclusions, and all documents relating to any review or evaluation of the job performance of each of the herein Defendants during his/her employment with CDCR, etc.) by supervisors of

unnecessary use of excessive force while on the job." (ECF No. 109, p. 19.) Defense counsel was directed to submit copies of such documents to the Court for *in camera* review.

On April 12, 2013, defense counsel informed the Court that responses were submitted on behalf of the wrong defendant. Defendants requested that the correct defendant, Jesse Martinez, be permitted to supplement his response. The Court has granted Defendants' request.

Concurrent with the request to supplement, defense counsel submitted documents for *in camera* review on behalf of Defendant Martinez, along with a request for seal. Defendant Martinez's request to submit the documents under seal is GRANTED.

Additionally, the undersigned has reviewed the documents and Defendant's request for thirty days to notify named inmates if any personal information is produced as required by California Civil Code Section 1798.24.[1] At this time, the Court informs the parties of its intended ruling to order that the documents regarding Defendant Martinez's reprimand for unnecessary use of force in 2008 be produced with all personal information, other than employee names and/or inmate names, redacted. The Court's intended ruling will allow Defendants sufficient time to request a protective order and to notify any inmates that their information shall be provided to Plaintiff pursuant to this Court's order.

Accordingly, it is HEREBY ORDERED that Defendants are granted thirty-days in which to apply for further protective order relating to these documents, if necessary, and as permitted by the Court's March 16, 2012 order.

IT IS SO ORDERED.

Dated:   **May 16, 2013**                    /s/ *Barbara A. McAuliffe*
                                             UNITED STATES MAGISTRATE JUDGE

---

[1] "No agency may disclose any personal information in a manner that would link the information disclosed to the individual to whom it pertains unless the information is disclosed, as follows: . . . To any person pursuant to a subpoena, court order, or other compulsory legal process, if, before the disclosure, the agency reasonably attempts to notify the individual to whom the record pertains, and if the notification is not prohibited by law. . . ." Cal. Civ. Code § 1798.24(k). Personal information includes, but is not limited to, any information "that identifies or describes an individual, including his or her name, social security number, [and] physical description. . . ." Civ. Code § 1798.3.