# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE H. ROBINSON,<br><br>                Plaintiff,<br><br>        v.<br><br>D. G. ADAMS, et al.,<br><br>                Defendants. | 1:08cv1380-AWI-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL MOTION FOR SANCTIONS BASED UPON DEFENDANTS' FAILURE TO FILE TIMELY OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL (ECF No. 179.)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING MOTION FOR SANCTIONS BASED ON DEFENDANTS' FAILURE TO FILE A TIMELY OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL (ECF No. 179)<br><br>FOURTEEN-DAY DEADLINE |

**I.    Introduction**

Plaintiff George H. Robinson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's complaint against Defendants David, Miranda, Melo, Garcia, Mendoza and Masiel for use of excessive force in violation of the Eighth Amendment; against Defendants Adams and Ruiz for failure to protect in violation of the Eighth Amendment; and against Defendants Martinez, David, Miranda and Garcia for assault and battery in violation of state law.

On August 6, 2012, the Court reopened discovery in this matter to allow Plaintiff to propound ten (10) interrogatories each to Defendants David, Miranda and Martinez. On

1   November 2, 2012, Plaintiff filed a motion to compel responses to the interrogatories
2   propounded on Defendants Martinez, Miranda and David.  (ECF No. 153.)  On May 13, 2013,
3   following briefing and status updates, the Court denied the motion to compel responses as moot
4   because Plaintiff had received discovery responses from Defendants Martinez, Miranda and
5   David.  However, the Court granted Plaintiff leave to file a motion to compel within thirty days
6   of the order if he was dissatisfied with Defendants' responses.  The Court also directed that
7   Defendants' response to any such motion would be due within fourteen (14) days after service of
8   the motion to compel and that no reply would be permitted.  (ECF No. 172.)

9         On June 6, 2013, Plaintiff filed a motion to compel and renewed request for sanctions
10  regarding Defendant Martinez's responses to interrogatories.  (ECF No. 176.)  On June 25, 2013,
11  more than fourteen days after service of the motion, Defendant Martinez filed an opposition to
12  the motion to compel.  (ECF No. 178.)  Thereafter, on June 27, 2013, Plaintiff filed a motion
13  seeking leave to file a supplemental motion for sanctions based on Defendants' failure to file a
14  timely opposition to his motion to compel.  (ECF No. 179.)

15  **II.     Discussion**

16      **A.  Motion for Leave to File Supplemental Motion for Sanctions**

17        On June 27, 2013, Plaintiff filed a motion for leave to file a supplemental motion for
18  sanctions based on Defendants' failure to file a timely opposition to Plaintiff's motion to compel.
19  Plaintiff's motion not only requests leave to file a supplemental motion for sanctions, but also
20  substantively moves for the entry of sanctions in the form of default judgment against
21  Defendants because they failed to provide a timely opposition to the motion to compel and failed
22  to dispute the factual allegations asserted in the motion to compel.  (ECF No. 179.)  Although
23  Plaintiff is not required to obtain the Court's leave to file a motion for sanctions, his request is
24  GRANTED.  The Court now turns to the merits of Plaintiff's motion for sanctions.

25      **B.  Motion for Sanctions Based Upon Defendants' Failure to File Timely Opposition
26         to Plaintiff's Motion to Compel**

27        As noted above, Defendants did not file a timely opposition to Plaintiff's motion to
28  compel.  The Court ordered Defendants to file any response to Plaintiff's motion to compel

1 within fourteen (14) days after service of the motion to compel.  Defendants were electronically
2 served with Plaintiff's motion to compel on June 4, 2013.  (ECF No. 176.)  Accordingly, any
3 response in compliance with the Court's order was due no later than June 18, 2013.  Defendants
4 did not file their response until June 25, 2013.  (ECF No. 178.)  As Defendants failed to file a
5 timely response, Plaintiff's motion for entry of default judgment as a sanction is therefore
6 considered as one for sanctions for failure to comply with a Court order.

7 Local Rule 110 provides that a "failure . . . of a party to comply . . . with any order of the
8 Court may be grounds for the imposition by the Court of any and all sanctions . . . within the
9 inherent power of the Court."  District courts have the inherent power to dismiss an action or
10 "enter a default judgment to ensure the orderly administration of justice and the integrity of their
11 orders."  Phoceene Sous-Marine, S.A. v. U.S. Phosmarine, Inc., 682 F.2d 802, 806 (9th Cir.
12 1982).

13 In determining the appropriateness of terminating sanctions, the Court must consider
14 several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's
15 need to manage its docket; (3) the risk of prejudice to the opposing party; (4) the public policy
16 favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.
17 Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987); Henderson v.
18 Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988).

19 When a court order has been violated, the first and second factors weigh in favor of
20 sanctions, while the fourth factor weighs against them.  The third and fifth factors are thus
21 determinative.  Adriana Intern. Corp. v. Thoeren, 913 F.2d 1406, 1412 (9th Cir. 1990).  Here, the
22 third factor weighs against terminating sanctions because Plaintiff is not prejudiced by the short
23 delay in the filing of Defendants' response to his motion to compel.  Delay alone is insufficient
24 prejudice. See United States for the Use and Benefit of Wiltec Guam, Inc. v. Kahaluu
25 Construction Co., 857 F.2d 600, 604 (9th Cir. 1988).  Moreover, Defendants' late response does
26 not impair Plaintiff's ability to go to trial and does not threaten to interfere with proper resolution
27 of this action or the pending motion to compel.  Trial has not been scheduled in this matter and,
28

by separate order, the Court has granted Plaintiff's request to file a reply to Defendants' opposition to the motion to compel.

The fifth factor also weighs against the imposition of a terminating sanction, such as default judgment. The Court does not find that the slight delay in filing an opposition warrants the imposition of any sanctions, much less terminating sanctions. The untimely response has not otherwise delayed this litigation or interfered with the orderly administration of justice.

The Court therefore finds that the five-factor analysis weighs against the imposition of terminating sanctions.

### III. Conclusion and Recommendation

For the reasons stated, Plaintiff's motion for leave to file a supplemental motion for sanctions based upon Defendants' failure to file timely opposition to Plaintiff's motion to compel is GRANTED. Further, it is HEREBY RECOMMENDED that Plaintiff's motion for sanctions based upon Defendants' failure to file timely opposition to Plaintiff's motion to compel be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **September 13, 2013**          /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE