UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE H. ROBINSON,<br><br>             Plaintiff,<br><br>        v.<br><br>D. G. ADAMS, et al.,<br><br>             Defendants. | Case No.: 1:08-cv-001380-AWI-BAM PC<br><br>ORDER GRANTING PLAINTIFF'S REQUEST TO FILE REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND REQUEST FOR SANCTIONS<br>(ECF No. 181)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL AND DENYING PLAINTIFF'S RENEWED REQUEST FOR SANCTIONS<br>(ECF No. 176)<br><br>TWENTY-ONE DAY DEADLINE |

Plaintiff George H. Robinson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on the complaint against Defendants David, Miranda, Melo, Garcia, Mendoza, Martinez and Masiel for use of excessive force in violation of the Eighth Amendment; against Defendants Adams and Ruiz for failure to protect in violation of the Eighth Amendment; and against Defendants Martinez, David, Miranda and Garcia for assault and battery in violation of state law.

On August 6, 2012, the Court reopened discovery in this matter to allow Plaintiff to propound ten (10) interrogatories each to Defendants David, Miranda and Martinez.  On November 2, 2012,

Plaintiff filed a motion to compel responses to the interrogatories propounded on Defendants Martinez, Miranda and David. (ECF No. 153.) On May 13, 2013, following briefing and status updates, the Court denied the motion to compel responses as moot because Plaintiff had received discovery responses from Defendants Martinez, Miranda and David. However, the Court granted Plaintiff leave to file a motion to compel within thirty days of the order if he was dissatisfied with Defendants' responses. The Court also directed that Defendants' response to any such motion would be due within fourteen (14) days after service of the motion to compel and that no reply would be permitted. (ECF No. 172.)

On June 6, 2013, Plaintiff filed a motion to compel and renewed request for sanctions regarding Defendant Martinez's responses to interrogatories. (ECF No. 176.) On June 25, 2013, more than fourteen days after service of the motion, Defendant Martinez filed an opposition to the motion to compel. (ECF No. 178.) On July 5, 2013, Plaintiff filed a motion for leave to file a reply to Defendants' opposition. Plaintiff included his reply with the motion. (ECF No. 181.)

I. **Motion for Leave to File a Reply to Defendants' Opposition**

Plaintiff requests leave to file a reply to Defendants' opposition to the motion to compel. As noted above, the Court ordered that no reply was permitted to Defendants' opposition to the motion to compel. However, in light of Defendants' late-filed opposition, the Court has reviewed the proposed reply and finds it relevant to the resolution of Plaintiff's motion to compel. Accordingly, Plaintiff's motion for leave to file a reply to Defendants' opposition to Plaintiff's motion to compel is GRANTED. As Plaintiff included his reply in the motion, no further action is required by the parties or the Clerk of the Court. Plaintiff's reply will be, and has been, considered in resolving Plaintiff's motion to compel.

II. **Plaintiff's Motion to Compel**

A. **Summary of Allegations Contained in Complaint**

Plaintiff alleges that on January 22, 2007, while he was face down on the ground in hand and leg restraints, Defendants David and Miranda began hitting and kneeing him, and Defendants Melo, Garcia, Mendoza and Martinez failed to stop them. Defendant Martinez pepper sprayed Plaintiff, and

1 Defendant David "tweaked" his fingers and ears, breaking one of his fingers.  Later that same day,
2 Defendant Martinez allegedly pepper sprayed Plaintiff while he was unconscious in his cell.
3     On January 23, 2007, Plaintiff was taken for an interview regarding his allegations of staff
4 misconduct.  Plaintiff claims Defendant David was present and pulled Plaintiff's ears and hit him
5 during the interview.  Plaintiff also claims he sent two staff misconduct complaints to Defendant
6 Adams, and on January 26, 2007, he informed Defendant Ruiz that he wanted to make a staff
7 complaint and needed to be moved out of the building.  Defendant Ruiz ignored his request and
8 walked away.  On February 11, 2007, Defendant Garcia held Plaintiff's right arm while Defendant
9 Miranda hit Plaintiff with a closed fist in the back and head and kicked him in the butt.

**B. Legal Standard**

An interrogatory is a written question propounded by one party to another who must answer under oath and in writing.  Interrogatories are limited to anything within the permissible scope of discovery, namely, any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 33, 26(b)(1).  The responding party is to answer each interrogatory fully, to the extent that it is not objected to, Fed. R. Civ. P. 33(b)(3), and any objection must be stated with specificity, Fed. R. Civ. P. 33(b)(4).  Generally, the responding party does not need to conduct extensive research in answering the interrogatory, but a reasonable effort to respond must be made.  Evans v. Tilton, 2010 WL 1136216, at *7 (E.D. Cal. Mar. 19, 2010).

**C. Defendant Martinez's Responses to Plaintiff's Interrogatories**

By the instant motion, Plaintiff moves to compel Defendant Martinez to provide further responses to Interrogatory No. 7 and Interrogatory No. 8.

    1. Interrogatory No. 7

Plaintiff's Interrogatory No. 7 states:

> "On January 22, 2007, during the incident you describe in incident report, (COR-04A-07-01-0040), you wrote 'emergency cell entry procedures were initiated.'  Please describe and identify the 'emergency cell entry procedures.'"

Defendant Martinez's response states:

> A tactical cell extraction team was assembled.

3

**Plaintiff's Argument**: Plaintiff argues that the emergency cell entry procedure is a component of the Use of Force Procedures. Plaintiff therefore contends that the use of force policy should have been produced. Plaintiff further argues that Defendant Martinez's response is incomplete and infers an admission that there is an emergency cell entry procedure involving the use of force. Plaintiff believes that Defendant Martinez's response is a smoking gun that the Use of Force Policy was not produced. Plaintiff also believes that Defendant Martinez should be required to identify the procedure and describe its contents in full detail. Plaintiff also claims that he has received operational procedures and Department Operations Manuals ("DOM") in other cases regarding use of force. Plaintiff asserts that the relevant DOM use of force policies are not available to inmates, suggesting that they are only available through court ordered discovery.

**Defendant's Response:** Defendant Martinez argues that the interrogatory asks for the emergency cell entry procedures as referenced in the report. Defendant Martinez properly responded that he assembled a tactical cell extraction team at the initiation of cell entry procedures. Defendant Martinez also argues that Plaintiff appears to be seeking an order to compel Defendant Martinez to provide documents in response to this interrogatory. Although believing it unnecessary, Defendant Martinez has provided a copy of the Department Operations Manual, Article 2 – Use of Force. (ECF No. 176, Ex. A.)

**Plaintiff's Reply:** Plaintiff replies that the use of force policy supplied by Defendants is not the policy in effect during the alleged incident. Plaintiff claims that the relevant policy was located in a different chapter of the DOM that was restricted from inmate access.

**Ruling**: To the extent Plaintiff requests an order compelling Defendant Martinez to produce documents in response to the interrogatory, his request is denied. Plaintiff may not request, and subsequently compel, production of documents by means of an interrogatory.

However, to the extent Plaintiff requests an order compelling Defendant Martinez to provide a complete response to the interrogatory, his request shall be granted. Defendant Martinez did not fully respond to Plaintiff's interrogatory requesting that he describe the cell entry procedures and to identify those procedures. By his own account, Defendant Martinez described only the initiation of cell extraction procedures, not the cell extraction procedures themselves. Additionally, Defendant

4

Martinez did not, to the extent he was able, identify the procedures by citation to the relevant document, operating procedure or other source.  Plaintiff's request is GRANTED with the following limitation:  **Defendant Martinez shall respond to the interrogatory with a description of the cell operation procedure that was to be completed at the time of the alleged incident.  Defendant Martinez also shall identify whether the procedures in effect at the time were the same or substantially the same as those found in DOM Chapter 2 (Exhibit A to his opposition) or otherwise cite or, at his option, provide a copy of the textual source of the relevant procedure.**  Fed. R. Civ. P. 33(d).

    2.    <u>Interrogatory No. 8</u>

Plaintiff's Interrogatory No. 8 states:

> "Is it apart [sic] of the emergency cell entry procedures to pepper spray inmates who are non-responsive on the cell floor?"

Defendant Martinez's response states:

> Responding party objects to this request on the grounds that it lacks foundation, presumes as true facts that have not been established as true, and calls for speculation.  Without waiving said objections, Plaintiff was not unconscious, but was pretending to be.  I believed that he might assault staff as he had previously in the day.

**Plaintiff's Argument:**  Plaintiff contends that Interrogatory No. 8 calls for a yes or no response.  Plaintiff claims that if he had the emergency cell entry procedure, it would provide impeachment evidence.  Plaintiff asks the Court to order Defendant Martinez to provide a yes or no response.

**Defendant's Response:**  Defendant Martinez counters that the interrogatory is not as simple as a yes or no response.  Defendant Martinez indicates that he responded that Plaintiff was not unconscious, but was pretending to be, and he was pepper-sprayed because Defendant Martinez believed he was lying in wait to assault staff as he had earlier in the day.  Defendant Martinez believes that no further response should be compelled.

**Ruling:**  Plaintiff correctly contends that Interrogatory No. 8 calls for a yes or no answer.  Although the Court acknowledges Defendant Martinez's objections and his assertion regarding the

underlying events in this action, the interrogatory does not require information regarding Plaintiff's state of consciousness or Defendant Martinez's beliefs on any particular day. Plaintiff's request is therefore GRANTED with the following limitation: **Defendant Martinez shall provide a yes or no response to the interrogatory. However, Defendant Martinez is not precluded from providing any necessary or appropriate explanation regarding said response.**

### D. Plaintiff's Renewed Request for Sanctions

Plaintiff seeks sanctions based on the reported failure to produce documents, particularly the emergency cell entry procedure. As noted above, Plaintiff's motion concerns responses to interrogatories, not requests for production of documents. Accordingly, Plaintiff's request for sanctions regarding the production of documents is DENIED.

### III. Conclusion and Order

Based on the above, it is HEREBY ORDERED as follows:

1. Plaintiff's motion to compel Defendant Martinez to provide further responses to Plaintiff's interrogatories, filed on June 3, 2013, is GRANTED;
2. Defendant Martinez shall provide further responses to Plaintiff's Interrogatories Nos. 7 and 8 within twenty-one (21) days of the date of this order; and
3. Plaintiff's renewed request for sanctions is DENIED.

IT IS SO ORDERED.

Dated: **September 13, 2013**   /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE