UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE H. ROBINSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. G. ADAMS, et al.,<br><br>　　　　　Defendants. | Case No.: 1:08-cv-01380-AWI-BAM PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR SANCTIONS BASED ON DEFENDANTS AND/OR AGENTS ACTING ON THEIR BEHALF OBSTRUCTING ABILITY TO PROSECUTE THIS CASE<br><br>(ECF No. 191)<br><br>FOURTEEN DAY DEADLINE |

　　　　Plaintiff George H. Robinson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on the complaint against Defendants David, Miranda, Melo, Garcia, Mendoza, Martinez and Masiel for use of excessive force in violation of the Eighth Amendment; against Defendants Adams and Ruiz for failure to protect in violation of the Eighth Amendment; and against Defendants Martinez, David, Miranda and Garcia for assault and battery in violation of state law.  The events alleged in Plaintiff's complaint occurred at California State Prison – Corcoran in 2007.

On October 15, 2013, Plaintiff filed the instant motion requesting that the Court issue an order that Defendants produce his missing property and repair or replace his typewriter.[1] Plaintiff also requests that the Court set a trial date in this action. Plaintiff reports that he was transferred from Centinela State Prison to Corcoran State Prison on August 1, 2013. Plaintiff claims that he had 6 boxes of property when he left Centinela, but Centinela only sent 5 boxes. Plaintiff also claims that his typewriter was damaged.

Plaintiff's request regarding his property and typewriter is a form of injunctive relief. A plaintiff seeking injunctive relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 55 U.S. 7, 20, 129 S.Ct. 365, 376 (2008) (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and, in considering a request for injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir.1983); see Fed. R. Civ. P. 65(d) (listing persons bound by injunction).

Plaintiff's action concerns allegations against defendants at Corcoran State Prison. However, the request for injunctive relief relates to actions taken by persons at Centinela State Prison, not the named defendants in this action. The Court thus lacks jurisdiction to issue an order directed at Centinela State Prison to send his box of property or repair his typewriter damaged in the transfer.

---

[1] Plaintiff also requests that the Court set a trial date in this matter and issue an order related to an earlier *in camera* review. These requests are addressed by separate order.

Moreover, Plaintiff indicates that he has been able to fix some of the problems with his typewriter and, as evidenced by his filing, has been able to prepare documents in support of this action.  The Court also notes that Plaintiff indicated in a later filed document that he has been given four more boxes of his legal documents, which may render his request for an order moot.

Based on the above, IT IS HEREBY RECOMMENDED that Plaintiff's motion for an order regarding the production of his property and repair of his typewriter be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 6, 2013**           /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE