UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE H. ROBINSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. G. ADAMS, et al.,<br><br>　　　　Defendants. | Case No.: 1:08-cv-01380-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR APPOINTMENT OF EXPERT WITNESS<br><br>(ECF No. 195) |

### I.　　Procedural Background

Plaintiff George H. Robinson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's complaint against Defendants David, Miranda, Melo, Garcia, Mendoza and Masiel for use of excessive force in violation of the Eighth Amendment; against Defendants Adams and Ruiz for failure to protect in violation of the Eighth Amendment; and against Defendants Martinez, David, Miranda and Garcia for assault and battery in violation of state law.

On November 4, 2013, Plaintiff filed the instant ex parte motion for appointment of an expert witness. (ECF No. 195.) Defendants did not respond and the motion is deemed submitted. Local Rule 230(l).

///

**II.     Discussion**

Plaintiff moves for the appointment of an expert witness at trial pursuant to Federal Rule of Evidence 706(a).  Specifically, Plaintiff seeks the appointment of Eldon Vail or Steve Martin, experts utilized in the matter of Coleman v. Brown, CV 90-0502 and who are reportedly familiar with the California Department of Corrections and Rehabilitation's (CDCR's) use of force procedures. Plaintiff asserts that these experts will "decipher for the jurors" issues including use of force, excessive and unreasonable force, CDCR's policy and procedures and whether the force used by the Defendants constitutes excessive force.  Plaintiff believes that one or more of these experts is necessary because Defendants have withheld evidence of the relevant procedures and these experts "will refute the Defendants['] testimony" and "add credibility to plaintiff's claims that the force was unreasonable and excessive."  (ECF No. 195, p. 2.)

The court has the discretion to appoint an expert pursuant to Rule 706(a).  In relevant part, Rule 706 states that "[o]n a party's motion or on its own, the court may order the parties to show cause why expert witnesses should not be appointed. . . ." Fed. R. Evid. 706(a); Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999).  Pursuant to Rule 702, "a witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if:  (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue. . . ." Fed. R. Evid. 702.  While the court has the discretion to appoint an expert and to apportion costs, including apportionment of costs to one side, Fed. R. Evid. 706; Ford ex rel. Ford v. Long Beach Unified School Dist., 291 F.3d 1086, 1090 (9th Cir.2002); Walker, 180 F.3d at 1071, where the cost would likely be apportioned to the government, the court should exercise caution.

Based on Plaintiff's representations that expert testimony will refute Defendants' testimony and add credibility to his claim, it appears that Plaintiff seeks the appointment of one or more expert witnesses to assist him at trial.  However, Rules 706 and 702 are not a means to avoid the in forma pauperis statute and its prohibition against using public funds to pay for the expenses of witnesses. Manriquez v. Huchins, 2012 WL 5880431, *12 (E.D. Cal. 2012).  Rule 706 also does not contemplate court appointment and compensation of an expert witness as an advocate for Plaintiff.  Id. at *14

(purpose of a court-appointed expert is to assist the trier of fact, not to serve as an advocate); <u>Brooks v. Tate</u>, 2013 WL 4049043, *1 (E.D. Cal. Aug. 7, 2013) (avoiding bias or otherwise assisting one party is not the purpose of Rule 706); <u>Gorrell v. Sneath</u>, 2013 WL 3357646, * 1 (E.D. Cal. Jul. 3, 2013) (purpose of court-appointed expert is to assist the trier of fact, not to serve as an advocate for a particular party).

There is no indication that a neutral expert will be required to assist the trier of fact in this matter.  Plaintiff's allegations of excessive force are not so complicated as to require the appointment of an expert witness to assist the court and/or a jury.  <u>Faletogo v. Moya</u>, 2013 WL 524037, *1 (S.D. Cal. Feb. 12, 2013) (finding issues involved in prisoner's excessive force claim not so complex as to require the testimony of expert witnesses).  In determining whether Defendants subjected Plaintiff to excessive force in violation of the Eighth Amendment's prohibition on cruel and unusual punishments, the main inquiry will be whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm.  <u>Hudson v. McMillian</u>, 503 U.S. 1, 6-7 (1992) (citing <u>Whitley v. Albers</u>, 475 U.S. 312, 320-21 (1986)).  The trier of fact does not require scientific, technical, or specialized knowledge regarding CDCR's use of force policies and procedures to make such a determination.  <u>Faletogo</u>, 2013 WL 524037 at *1.

### III. Conclusion and Order

For the reasons stated, Plaintiff's ex parte motion for the appointment of an expert witness, filed on November 4, 2013, is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **August 7, 2014**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

3