UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE H. ROBINSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. G. ADAMS, et al.,<br><br>　　　　Defendants. | Case No.: 1:08-cv-01380-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS FOR DEFENDANT MARTINEZ'S FAILURE TO COMPLY WITH COURT ORDER<br><br>(ECF No. 192) |

**I.　　Procedural Background**[1]

Plaintiff George H. Robinson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on the complaint against Defendants David, Miranda, Melo, Garcia, Mendoza, Martinez and Masiel for use of excessive force in violation of the Eighth Amendment; against Defendants Adams and Ruiz for failure to protect in violation of the Eighth Amendment; and against Defendants Martinez, David, Miranda and Garcia for assault and battery in violation of state law.

---

[1] This case has an extensive procedural history involving multiple motions to compel and motions for sanctions. As the parties are familiar with this history, discussion is limited to the procedural matters relevant to the instant motion.

1

On June 6, 2013, Plaintiff filed a motion to compel Defendant Martinez to provide further responses to Plaintiff's interrogatories. (ECF No. 176.) On September 13, 2013, the Court granted Plaintiff's motion and ordered Defendant Martinez to provide further responses to Plaintiff's interrogatories Nos. 7 and 8 within twenty-one days. (ECF No. 187.) On October 7, 2013, the Court granted Defendant Martinez's request for an extension of time to October 11, 2013, to serve his supplemental responses to Plaintiff's Interrogatories Nos. 7 and 8. (ECF No. 190.) Defendant Martinez served Plaintiff with supplemental responses on October 8, 2013. (ECF No. 192, Pl's Ex. 1.)

On October 18, 2013, Plaintiff filed the instant motion seeking the imposition of discovery sanctions based on assertions that Defendant Martinez failed to comply with the Court's order to supplement his interrogatory responses. (ECF No. 192.) Defendant Martinez did not file a response.

On December 5, 2013, Plaintiff filed a motion seeking leave to file a supplemental motion to his request for sanctions. Plaintiff's request included his supplemental motion. (ECF No. 203.) The Court granted the request and directed Defendants to file a response to the motion within fourteen (14) days. (ECF No. 204.) Defendants filed a response on December 20, 2013, and Plaintiff replied on January 2, 2014. (ECF Nos. 205, 206.) The motion is deemed submitted. Local Rule 230(l).

**II.   Motion for Sanctions for Defendant Martinez's Failure to Comply with Court Order**

A. Standard

Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that if a party fails to obey an order to provide or permit discovery, the court may issue further just orders, which may include the imposition of sanctions upon the disobedient party, including dismissal of the action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(2)(A). "[T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

B. Discussion

Plaintiff's motion for sanctions appears limited to Defendant Martinez's supplemental response to Interrogatory No. 7. (ECF No. 192, p. 2.)

2

1   Interrogatory No. 7 states:

2   "On January 22, 2007, during the incident you describe in incident reports, (COR-04A-07-01-0040), you wrote 'emergency cell entry procedures were initiated.' Please describe and identify the 'emergency cell entry procedures.'"

3   Pursuant to the Court's order, Defendant Martinez was required supplement his response to Interrogatory No. 7 as follows:

> Defendant Martinez shall respond to the interrogatory with a description of the cell operation procedure that was to be completed at the time of the alleged incident. Defendant Martinez also shall identify whether the procedures in effect at the time were the same or substantially the same as those found in DOM Chapter [5] (Exhibit A to his opposition) or to otherwise cite or, at his option, provide a copy of the textual source of the relevant procedure.

ECF No. 187, p. 5.)

Defendant Martinez provided the following supplemental response to Interrogatory No. 7:

> Responding party objects to this request on the grounds that it is duplicative of information that has previously been provided to Plaintiff. Without waiving said objection, the procedures for an emergency cell entry are dependent upon the situation. In this case, Plaintiff's refusal to comply with orders, and his feigning unconsciousness, required that a tactical cell extraction team be assembled to remove Plaintiff from his cell. Before entering the cell, I tried verbal intervention, but Plaintiff refused to acknowledge my orders. I summoned medical staff, and then utilized pepper spray. Once pepper spray was utilized, Plaintiff stood up, went to the sink to rinse off his face, then complied with orders to submit to mechanical restraints. Because the use of pepper had the desired effect, no cell entry was required. There are no written procedures that specifically cover emergency cell entry procedures for this incident, however, the procedures for the immediate use of force are set forth in the Department Operations Manual, section 51020, et seq.

(ECF No. 205, Defs' Ex. A.)

Plaintiff's Contentions

Plaintiff argues that Defendant Martinez did not describe any cell operation procedures, and could not respond to the second part of the court order. Plaintiff believes that CDCR had procedures in 2007 regarding cell extraction for both immediate and calculated uses of force during cell extractions and contends that Defendant Martinez is not being truthful.

Plaintiff asserts that Defendant Martinez's citation to DOM section 51020.1 suggests that there is more information available. Plaintiff relies on the portion of 51020.1 that states: "This policy, in

conjunction with related procedures and training, defines staff responsibilities and limitations concerning the use of force." (ECF No. 192, p. 3.)

Plaintiff also references admittedly outdated documents to support his contention that procedures relevant to this matter are in existence. Plaintiff points to the following documents: (1) a 1994 Restricted Administrative Bulletin reportedly announcing the use of Oleoresin Capsicum, authorizing its use in various situations, and referring to restricted DOM sections; (2) an April 1999 Administrative Bulletin regarding use of force, which reportedly includes discussion of procedures related to calculated use of force situations; (3) a Use of Force Follow-Up Training Instructor's Guide dated July 2, 1999, which provides a description of emergency use of force and calculated use of force; (4) Pelican Bay State Prison's Operational Procedures received in 2000; and (5) the CSP Corcoran Operational Procedure related to the use of force for October 2007. (ECF No. 192, pp. 4-5, Pl's Exs. 2-6; ECF No. 203.) Plaintiff believes these documents evidence that CDCR's policy is clear and well established prior to the 2007 incident and that Defendant Martinez should have the procedures in effect during the incident in 2007. Plaintiff asserts that if Defendant Martinez was unaware of any documents comprising the relevant procedures, then CDCR may have failed to properly train him. Alternatively, Plaintiff asserts that the CSP Corcoran Operational Procedure dated October 2007 is proof that Defendant Martinez is not being truthful. Plaintiff believes that Defendant Martinez's failure to provide a response as instructed by the Court is prejudicial to his case.

Defendants' Contentions

Defendants report that they have provided all documents regarding the use of force that are maintained by the prison—either directly to Plaintiff or to the Court for *in camera* review. Defendants further contend that Defendant Martinez's supplemental response describes the situation he faced and the procedures utilized by him at the time. The supplemental response also identified the relevant DOM sections, which cover the CDCR's Use of Force policies. Defendants indicate that Plaintiff has access to the DOM and a copy of the document was provided to him.

Defendants agree that Plaintiff is correct in his belief that section 51020.1 suggests there is more information regarding the relevant procedures. However, Defendants explain that the remaining

4

1  procedures are all set forth in subsequent sections of the DOM chapter and that Plaintiff has been
2  provided with the relevant training documents referenced by section 51020.1.
3  　　　　Defendants reiterate that "there are no additional documents responsive to Plaintiff's request
4  for production of documents." (ECF No. 205, p. 4.) Defendants also argue that there is no additional
5  information necessary to supplement Defendant Martinez's interrogatory response.
6  　　　　**Ruling:**
7  　　　　Having considered Plaintiff's arguments and evidence, along with Defendant Martinez's
8  response, the Court does not find any basis to issue sanctions. Defendant Martinez detailed the
9  procedure utilized to extract Plaintiff from his cell and cited the relevant DOM provisions in
10 compliance with the Court's order. Plaintiff does not argue that Defendant's explanation is
11 incomplete.
12 　　　　Plaintiff's reliance on outdated documents from 1994 and 1999 do not provide any evidence of
13 procedures in effect at the time of the incident. They also do not provide evidence that Defendant
14 Martinez (or counsel) is being untruthful. Although Plaintiff cites an operational procedure dated
15 October 2007, he has not provided any evidence or argument suggesting that this procedure differs in
16 material respects from the DOM policies and procedures cited by Defendant Martinez. Given
17 Defendant Martinez's continued citation to the relevant portions of the DOM, Plaintiff may infer that
18 these policies and procedures were substantially the same as those in effect at the time of the incident.
19 　　　　Contrary to Plaintiff's contention, use of force policies and procedures will not "prove
20 defendants' culpability," nor will they be critical to supporting his case at trial. (ECF No. 192, pp. 5
21 and 6.) Use of force policies and procedures do not provide any evidence regarding the claim at issue
22 here; that is, whether the force was applied in a good-faith effort to maintain or restore discipline, or
23 maliciously and sadistically for the purpose of causing harm. Hudson v. McMillian, 503 U.S. 1, 6-7
24 (1992) (citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986)). In determining whether the use of
25 force was wanton and unnecessary, it is proper to consider factors such as the need for application of
26 force, the relationship between the need and the amount of force used, the threat reasonably perceived
27 by the responsible officials, and any efforts made to temper the severity of the forceful response.
28 Hudson, 503 U.S. at 7. These factors do not include consideration of any use of force policy or

procedure. Moreover, if this matter proceeds to trial, the jury will be required to determine whether Defendant Martinez used excessive and unnecessary force maliciously and sadistically for the purpose of causing harm, and will not be asked to determine whether he complied with any CDCR policy or procedure.

    Plaintiff has admitted to filing several motions over the past few years regarding the production of the use of force procedures. The Court will no longer countenance such motions. Defendants have represented that there are no additional documents responsive to Plaintiff's request for production of documents related to use of force policies and procedures.

### III.    Conclusion and Order

    For the reasons stated, Plaintiff's motion for sanctions, filed October 18, 2013, is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **August 11, 2014**        /s/ *Barbara A. McAuliffe*
                                                  UNITED STATES MAGISTRATE JUDGE