UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE H. ROBINSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. G. ADAMS, et al.,<br><br>　　　　Defendants. | Case No.: 1:08-cv-01380-AWI-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR APPOINTMENT OF EXPERT WITNESS<br>(ECF No. 217) |

**I.      Introduction**

Plaintiff George H. Robinson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on Plaintiff's complaint against Defendants David, Miranda, Melo, Garcia, Mendoza and Masiel for use of excessive force in violation of the Eighth Amendment; against Defendants Adams and Ruiz for failure to protect in violation of the Eighth Amendment; and against Defendants Martinez, David, Miranda and Garcia for assault and battery in violation of state law.  This action is currently set for jury trial on March 10, 2015.

On August 8, 2014, the Magistrate Judge denied Plaintiff's ex parte motion for appointment of an expert witness regarding the California Department of Corrections and Rehabilitation's use of force procedures.  (ECF No. 210.)  On August 20, 2014, Plaintiff filed the instant motion for reconsideration of the Magistrate Judge's order.  (ECF No. 217.)  Defendants did not file a response and the motion is deemed submitted.  Local Rule 230(l).

**II.      Reconsideration**

A.  Standard

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and

1

is to be utilized only where extraordinary circumstances ..." exist. <u>Harvest v. Castro</u>, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." <u>Id.</u> (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted) (emphasis in original).

B.  Discussion

On November 4, 2013, Plaintiff filed a motion seeking the appointment of an expert witness regarding CDCR's use of force policies. Plaintiff believed that an expert was necessary to "refute the Defendants['] testimony" and "add credibility to plaintiff's claims that the force was unreasonable and excessive." (ECF No. 195, p. 2.)

On August 8, 2014, the Magistrate Judge denied Plaintiff's motion for the appointment of an expert pursuant to Federal Rule of Evidence 706(a). The Magistrate Judge determined that Rule 706(a) did not contemplate court appointment of an expert witness to advocate for Plaintiff at trial. (ECF No. 210, p. 2.) The Magistrate Judge also determined that Plaintiff's allegations of excessive force were not so complicated as to require the appointment of a neutral expert witness to assist the court and/or a jury. (ECF No. 210, p. 3.)

Plaintiff now contends that the Magistrate Judge's ruling was contrary to law and an abuse of discretion. In particular, Plaintiff disagrees with the Magistrate Judge's determination that the "trier of fact does not require scientific, technical or specialized knowledge regarding CDCR's use of force policies and procedures" to determine whether Defendants subjected Plaintiff to excessive force in violation of the Eighth Amendment. (ECF No. 217, p. 1.) Plaintiff argues that the Magistrate Judge

erred in finding that the use of force policies are not relevant to claims of excessive force. (ECF No. 217, p. 2.) Plaintiff asserts that an expert witness is the "only way I can show that at the time Defendant Martinez pepper sprayed me while I was on the cell floor, that he did so in violation of CDCR's regulations in effect at the time of the incident." (ECF No. 217, pp. 2-3.)

Contrary to Plaintiff's apparent assertion, the Magistrate Judge did not deny appointment of a neutral expert witness based on the relevance of any CDCR use of force policy. Rather, the Magistrate Judge correctly determined that Rule 706 could not be used to appoint an expert to serve as an advocate for Plaintiff. See, e.g., Manriquez v. Huchins, 2012 WL 5880431, *14 (E.D. Cal. 2012); Brooks v. Tate, 2013 WL 4049043, *1 (E.D. Cal. Aug. 7, 2013) (avoiding bias or otherwise assisting one party is not the purpose of Rule 706); Gorrell v. Sneath, 2013 WL 3357646, * 1 (E.D. Cal. Jul. 3, 2013) (purpose of court-appointed expert is to assist the trier of fact, not to serve as an advocate for a particular party). The Magistrate Judge also correctly determined that Plaintiff's allegations of excessive force are not so complicated as to require an expert witness and that the trier of fact does not require scientific, technical or specialized knowledge regarding CDCR's use of force policies and procedures to determine whether Defendants applied force in a good-faith effort to maintain or restore discipline or maliciously and sadistically for the purpose of causing harm. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).

### III. Conclusion and Order

Based on the foregoing, Plaintiff's motion for reconsideration, filed on August 20, 2014, is HEREBY DENIED with prejudice.

IT IS SO ORDERED.

Dated: November 15, 2014                    _____
                                            SENIOR DISTRICT JUDGE

3