UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE H. ROBINSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. G. ADAMS, et al.,<br><br>　　　　　Defendants. | Case No.: 1:09-cv-01380-AWI-BAM PC<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR ORDER DIRECTING DEFENDANTS TO PROVIDE CURRENT LOCATION OF INMATE WITNESSES<br><br>(ECF No. 219) |

**I.　　Background**

Plaintiff George H. Robinson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's complaint against Defendants David, Miranda, Melo, Garcia, Mendoza and Masiel for use of excessive force in violation of the Eighth Amendment; against Defendants Adams and Ruiz for failure to protect in violation of the Eighth Amendment; and against Defendants Martinez, David, Miranda and Garcia for assault and battery in violation of state law. A jury trial is scheduled for March 10, 2015.

On September 8, 2014, Plaintiff filed a motion seeking an order directing Defendants to provide him with the current location of inmate witnesses. Plaintiff asserts that the addresses are

1

1 necessary to prepare a motion for the attendance of incarcerated witnesses as outlined in the Court's
2 Second Scheduling Order. (ECF No. 219.)
3      On November 13, 2014, the Court directed Defendants to file a response to Plaintiff's request.
4 (ECF No. 224.) On December 8, 2014, Defendants filed their opposition to the request. (ECF No.
5 228.) Plaintiff did not reply. The motion is deemed submitted. Local Rule 230(l).

6      **II.     Discussion**

7      On August 12, 2014, the Court issued a Second Scheduling Order. The order detailed the
8 procedures for obtaining the attendance of incarcerated witnesses who agree to testify voluntarily and
9 for those who refuse to testify voluntarily. According to the procedures, if Plaintiff intends to have
10 incarcerated witnesses testify at trial, then he must file a motion that includes the name, address and
11 prison identification number of each witness, along with information regarding the prospective
12 witness' actual knowledge of relevant facts at issue in this matter. Motions for the attendance of
13 incarcerated witnesses must be filed on or before January 5, 2015. (ECF No. 213, pp. 2-3.)

14      On September 8, 2014, Plaintiff filed his request for an order directing Defendant to provide
15 the current location of inmate witnesses. Plaintiff explains that he has been transferred five times
16 since the incident at issue in 2007 and he does not have any contact with his witnesses. Plaintiff
17 reports that in order to prepare the necessary motion for the attendance of incarcerated witnesses he
18 needs addresses for the following inmates: (1) Richard A. Holcomb, T-41584; (2) Pierr Davey, D-
19 20396; (3) Lara, D-98607; (4) Lamonte E. Rencher, D-97733; (5) Barry Lamon, E-08345; (6) Ivory C.
20 Taylor, C-05457; (7) S. Mitchell, T-14082; (8) Raul Garcia, Jr., T.88303; (9) Hugo Vergara, p-18218;
21 (10) Larry Alexander, K-61435; and (11) K. Malbrue, P-89050. (ECF No. 219.)

22      On December 8, 2014, Defendants opposed the motion, arguing that the information Plaintiff
23 seeks is equally available to him as it is public information on the California Department of
24 Corrections and Rehabilitation (CDCR) website. Defendants point out that Plaintiff is not proceeding
25 in forma pauperis in this action and he could afford to hire someone to research the location of his
26 potential witnesses or have a family member do the research. Defendants also contend that they have
27 no legal obligation to search for Plaintiff's witnesses or to provide Plaintiff with their current
28 locations. Additionally, Defendants contend that Plaintiff has not shown that these potential witnesses

have any relevant information to offer at trial.  As a final matter, Defendants assert that Plaintiff has not obtained permission to correspond with these inmates so the request for information is worthless.  (ECF No. 228.)

Although the Court's Second Scheduling Order directed Plaintiff to provide the addresses of any potential incarcerated witnesses, Plaintiff need only provide the last known location of these witnesses.  More importantly, in any motion for the attendance of incarcerated witnesses, Plaintiff must demonstrate that the prospective witness has actual knowledge of the relevant facts.  In the event such a motion is granted, the Court will secure the necessary addresses for the issuance of any writ of habeas corpus ad testificandum.

### III.     Conclusion and Order

For the reasons, Plaintiff's motion for an order directing Defendants to provide him with the current location of inmate witnesses is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **December 19, 2014**            /s/ Barbara A. McAuliffe          
                                   UNITED STATES MAGISTRATE JUDGE