UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE H. ROBINSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. G. ADAMS, et al.,<br><br>　　　　Defendants. | Case No.: 1:08-cv-01380-AWI-BAM PC<br><br>ORDER REGARDING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS FOR DEFENDANT MARTINEZ'S FAILURE TO COMPLY WITH COURT ORDER (ECF No. 220)<br><br>TWENTY-ONE DAY DEADLINE |

**I.     Introduction**

Plaintiff George H. Robinson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's complaint against Defendants David, Miranda, Melo, Garcia, Mendoza and Masiel for use of excessive force in violation of the Eighth Amendment; against Defendants Adams and Ruiz for failure to protect in violation of the Eighth Amendment; and against Defendants Martinez, David, Miranda and Garcia for assault and battery in violation of state law. This action is currently set for jury trial on March 10, 2015.

On August 11, 2014, the Magistrate Judge denied Plaintiff's motion for sanctions for Defendant Martinez's failure to comply with court order. (ECF No. 211.) On September 11, 2014, Plaintiff filed the instant motion for reconsideration of the Magistrate Judge's order pursuant to Federal Rule of Civil Procedure 72(a). (ECF No. 220.) Defendants did not file a response and the motion is deemed submitted. Local Rule 230(l).

1

**II.     Reconsideration**

    A.  <u>Standard</u>

Rule 72(a) of the Federal Rules of Civil Procedure allows a party to serve and file objections to a magistrate judge's non-dispositive order within fourteen days after being served with a copy.  In this court, this type of objection is treated as a motion for reconsideration by the assigned District Court Judge.

The Court reviews a motion to reconsider a magistrate judge's non-dispositive order under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). As such, the Court may only set aside those portions of a magistrate judge's order that are either clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); <u>see</u> <u>also</u> <u>Grimes v. City and County of San Francisco</u>, 951 F.2d 236, 240 (9th Cir. 1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Fed. R. Civ. P. 72(a)). <u>Bhan v. NME Hospitals, Inc.</u>, 929 F.2d 1404, 1414 (9th Cir. 1991) (magistrate judge's decision on non-dispositive pretrial issues is reviewed under the clearly erroneous standard.)

A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. <u>Security Farms v. International Bhd. of Teamsters</u>, 124 F.3d 999, 1014 (9th Cir. 1997); <u>Green v. Baca</u>, 219 F.R.D. 485, 489 (C.D. Cal. 2003). The "'clearly erroneous' standard is significantly deferential." <u>Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California</u>, 508 U.S. 602, 623, 113 S.Ct. 2264, 124 L.Ed.2d 539 (1993).

The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge. See <u>Haines v. Liggett Group, Inc.</u>, 975 F.2d 81, 91 (3d Cir. 1992); <u>Green</u>, 219 F.R.D. at 489; <u>see</u> <u>also</u> <u>Osband v. Woodford</u>, 290 F.3d 1036, 1041 (9th Cir. 2002). An order is "contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." <u>Knutson v. Blue Cross and Blue Shield of Minn.</u>, 254 F.R.D. 553, 556 (D.Minn. 2008); <u>Rathgaber v. Town of Oyster Bay</u>, 492 F.Supp.2d 130, 137 (E.D.N.Y. 2007); <u>Surles v. Air France</u>, 210 F.Supp.2d 501, 502 (S.D.N.Y. 2001); <u>see</u> <u>Adolph Coors Co. v. Wallace</u>, 570 F.Supp. 202, 205 (N.D. Cal. 1983).

B. Discussion

On June 6, 2013, Plaintiff filed a motion to compel Defendant Martinez to provide further responses to Plaintiff's interrogatories. (ECF No. 176.) On September 13, 2013, the Magistrate Judge granted Plaintiff's motion and ordered Defendant Martinez to provide further responses to Plaintiff's Interrogatories Nos. 7 and 8 within twenty-one days. (ECF No. 187.) Following an extension of time, Defendant Martinez served Plaintiff with supplemental responses on October 8, 2013. (ECF No. 192, Pl's Ex. 1.)

On October 18, 2013, Plaintiff filed a motion seeking the imposition of discovery sanctions based on assertions that Defendant Martinez failed to comply with the Court's order to supplement his interrogatory responses. (ECF No. 192.) Defendant Martinez did not file a response.

On December 5, 2013, Plaintiff filed a motion seeking leave to file a supplemental motion to his request for sanctions. Plaintiff's request included his supplemental motion. (ECF No. 203.) The Court granted the request and directed Defendants to file a response to the motion within fourteen (14) days. (ECF No. 204.) Defendants filed a response on December 20, 2013, and Plaintiff replied on January 2, 2014. (ECF Nos. 205, 206.)

On August 11, 2014, the Magistrate Judge denied the motion for discovery sanctions pursuant to Federal Rule of Civil Procedure 37(b). The Magistrate Judge determined that Plaintiff's motion for sanctions was limited to Defendant Martinez's supplemental response to Interrogatory No. 7.

According to the record, Interrogatory No. 7 states:

> "On January 22, 2007, during the incident you describe in incident reports, (COR-04A-07-01-0040), you wrote 'emergency cell entry procedures were initiated.' Please describe and identify the 'emergency cell entry procedures.'"

On September 13, 2013, the Magistrate Judge directed Defendant Martinez to supplement his response to Interrogatory No. 7 as follows:

> Defendant Martinez shall respond to the interrogatory with a description of the cell operation procedure that was to be completed at the time of the alleged incident. Defendant Martinez also shall identify whether the procedures in effect at the time were the same or substantially the same as those found in DOM Chapter [5] (Exhibit A to his opposition) or to otherwise cite or, at his option, provide a copy of the textual source of the relevant procedure.

(ECF No. 187, p. 5.)

3

1    Defendant Martinez provided the following supplemental response:

2    Responding party objects to this request on the grounds that it is duplicative of
3    information that has previously been provided to Plaintiff. Without waiving said
     objection, the procedures for an emergency cell entry are dependent upon the situation.
4    In this case, Plaintiff's refusal to comply with orders, and his feigning unconsciousness,
     required that a tactical cell extraction team be assembled to remove Plaintiff from his
5    cell. Before entering the cell, I tried verbal intervention, but Plaintiff refused to
     acknowledge my orders. I summoned medical staff, and then utilized pepper spray. Once
6    pepper spray was utilized, Plaintiff stood up, went to the sink to rinse off his face, then
     complied with orders to submit to mechanical restraints. Because the use of pepper had
7    the desired effect, no cell entry was required. There are no written procedures that
     specifically cover emergency cell entry procedures for this incident, however, the
8    procedures for the immediate use of force are set forth in the Department Operations
9    Manual, section 51020, et seq.

10   (ECF No. 205, Defs' Ex. A.)

11   The Magistrate Judge found no basis to issue sanctions because Defendant Martinez detailed

12   the procedure utilized to extract Plaintiff from his cell and cited the relevant Department Operations

13   Manual ("DOM") provisions.  (ECF No. 211, p. 5.)

14   Plaintiff argues that the Magistrate Judge's finding that Defendant Martinez detailed the

15   procedure utilized to extract Plaintiff from his cell and cited the relevant DOM provisions is clearly

16   erroneous.  (ECF No. 220, p. 7.)  Plaintiff believes that the Magistrate Judge failed to consider that the

17   DOM section cited and provided by Defendants came into effect on August 20, 2010, and may not be

18   introduced by Plaintiff as evidence at trial.  Plaintiff asserts that there were written cell extraction

19   procedures in effect in 2007 and that Defendant Martinez failed to identify and describe what was

20   written in those procedures.  (ECF No. 220, p. 6.)  Plaintiff indicates that he offered old procedures

21   that pre-dated the incident to show that these procedures were confidential and not available to

22   inmates.  Plaintiff reports that he obtained Corcoran's Operational Procedure ("OP") No. 222 Chapter

23   900 dated October 2007 regarding use of force from another inmate, but this OP section is no longer

24   available in the law library.  Plaintiff asserts that the DOM section offered by Defendant Martinez

25   came into effect three years after the incident and is incomplete.

26   The Magistrate Judge considered Plaintiff's argument regarding the DOM sections and

27   determined that Defendant Martinez's continued citation to these sections allowed Plaintiff to infer

28   that these policies and procedures were substantially the same as those in effect at the time of the

4

1  incident.  (ECF No. 211, p. 5.)  The Magistrate Judge also indicated that Plaintiff had not provided any
2  evidence or argument suggesting that the operational procedure from October 2007 differed in
3  material respects from the DOM policies and procedures cited by Defendant Martinez.  (ECF No. 211,
4  p. 5.)  Plaintiff's objections do not address these findings nor do they suggest that such findings are
5  clearly erroneous.

6        Plaintiff additionally argues that the Magistrate Judge's ruling was contrary to established case
7  law.  In particular, Plaintiff takes issue with the Magistrate Judge's finding that the use of force
8  policies would not prove defendants' culpability, would not be critical to supporting Plaintiff's case at
9  trial and would not provide any evidence of whether the force was applied in a good-faith effort to
10 maintain or restore discipline or maliciously and sadistically for the purpose of causing harm.  (ECF
11 No. 211, pp. 5-6.)

12       Plaintiff asserts that other courts have found that "a deviation or violation of normal procedures
13 could support an inference that force used was applied in bad faith and malicious and sadistic."  (ECF
14 No. 220, p. 7.)  To support his assertion, Plaintiff cites Furnace v. Sullivan, 705 F.3d 1021 (9th Cir.
15 2013), in which the Ninth Circuit stated that "[p]rison regulations governing the conduct of
16 correctional officers are also relevant in determining whether an inmate's right was clearly
17 established."  Id. at 1027.  The Ninth Circuit further found that prison regulations were "relevant to
18 determining whether the officers could have though their conduct was reasonable and lawful."  Id. at
19 1028.  Unlike here, the Ninth Circuit in Furnace was considering whether correctional officers were
20 entitled to qualified immunity on a prisoner's excessive force claim.  Nonetheless, the use of force
21 policies may be relevant to the issue of whether force was applied in a good faith effort to maintain or
22 restore discipline or maliciously and sadistically for the very purpose of causing harm.  Furnace, 705
23 F.3d at 1029-30.

24       Despite this determination, Defendants have represented that they have provided all documents
25 regarding the use of force that are maintained by the prison and these documents were either given to
26 Plaintiff or to the Court for *in camera* review.  Defendants also have represented that are no additional
27 documents responsive to Plaintiff's request for production of documents related to use of force
28 policies and procedures.  As Plaintiff correctly notes, however, Defendants' representations are

unsupported by a declaration from a prison official or defense counsel.  Accordingly, in an effort to resolve this matter, the Court finds it appropriate to order Defendants to provide a declaration signed under penalty of perjury detailing efforts to obtain and produce discovery documents regarding the use of force of policies, including whether all responsive documents have been produced (or were submitted for *in camera* review) and whether there are additional documents responsive to Plaintiff's request for production of documents regarding use of force policies in effect at the time of the events at issue.

The Court declines to issue any sanctions related to Defendant Martinez's supplemental response to interrogatory No. 7 or the production of documents.  There is no evidence of any additional information necessary to supplement the interrogatory response or any wilful misconduct.

**III.     Conclusion and Order**

For the reasons stated, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration of the Magistrate Judge's order denying Plaintiff's motion for sanctions for Defendant Martinez's failure to comply with court order is DENIED; and

2. Within twenty-one (21) days of the date of this order, Defendants shall provide a declaration signed under penalty of perjury detailing efforts to obtain and produce discovery documents regarding the use of force of policies, including whether all responsive documents have been produced (or were submitted for *in camera* review) and whether there are additional documents responsive to Plaintiff's request for production of documents regarding CDCR's use of force policies in effect at the time of the events in this action.

IT IS SO ORDERED.

Dated:   January 8, 2015                              _____
                                                                        SENIOR  DISTRICT  JUDGE