1
2
3        **UNITED STATES DISTRICT COURT**
4        **EASTERN DISTRICT OF CALIFORNIA**
5

6   GEORGE H. ROBINSON,                          )   Case No.: 1:08-cv-01380-AWI-BAM PC
                                                  )
7                   Plaintiff,                    )   ORDER GRANTING IN PART AND DENYING IN
                                                  )   PART PLAINTIFF'S MOTION FOR
8           v.                                    )   ATTENDANCE OF INCARCERATED
                                                  )   WITNESSES
9   D. G. ADAMS, et al.,                          )   (ECF No. 231)
                                                  )
10                  Defendants.                   )
                                                  )
11  _____      )

12

13          Plaintiff George H. Robinson ("Plaintiff") is a state prisoner proceeding pro se in this civil

14  rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants David, Miranda,

15  Melo, Garcia, Mendoza and Masiel for use of excessive force in violation of the Eighth Amendment;

16  against Defendants Adams and Ruiz for failure to protect in violation of the Eights Amendment; and

17  against Defendants Martinez, David, Miranda and Garcia for assault and battery in violation of state

18  law.  This matter is set for jury trial on March 10, 2015.

19          On January 5, 2015, Plaintiff moved for the attendance of the following incarcerated witnesses:

20  (1) Richard A. Holcomb (T-41584, CSP-Corcoran); (2) Pierre Davey (D-20936, CSP-Corcoran); (3)

21  Lara (D-98607, CSP-Corcoran); (4) Lamonte E. Rencher (D-97733, CSP-Corcoran); (5) Barry Lamon

22  (E-08345, CSP-Corcoran); (6) Ivory C. Taylor (C-05467, CSP-Corcoran); (7) S. Mitchell (T-14082,

23  CSP-Corcoran); (8) Raul Garcia, Jr. (T-88303, CSP-Corcoran); (9) Hugo Vergara (P-18218, CSP-

24  Corcoran); (10) Larry Alexander (K-61435, CSP-Sacramento); (11) K. Malbrue (P-89050, CSP-

25  Corcoran); (12) George E. Jacobs (CSP-Corcoran); (13) Eugene Hamilton (CSP-Corcoran); and (14)

26  Monte L. Haney (V-72062, CSP-Sacramento).  Plaintiff also requested that these witnesses be

27  provided with the option to testify via two-way electronic audio/video communication.  (ECF No.

28  231.)  Defendants opposed the motion on January 20, 2015.

                                                1

On January 26, 2015, the Court held a telephonic trial confirmation hearing and addressed Plaintiff's pending motion for incarcerated witnesses and the request for testimony via two-way electronic audio/video communication.  The motion is deemed submitted.  Local Rule 230(l).

### I.     Motion for the Attendance of Incarcerated Witnesses

#### A.     Legal Standard

In determining whether to grant Plaintiff's motion for the attendance of incarcerated witnesses, the Court considers the following factors: (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted.  Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

#### B.     Discussion

#### Inmate Holcomb

In support of his motion, Plaintiff submits the declaration of Inmate Holcomb.  Inmate Holcomb declares that he was assaulted by Defendants David and Miranda on October 2, 2006, and that the persons involved falsified a rules violation report.  (ECF No. 231, Ex. 1.)  Plaintiff declares that Inmate Holcomb was housed in the same section and saw and heard things not mentioned in his declaration that will be relevant at trial.

Defendants counter that nowhere in Inmate Holcomb's declaration is a claim of actual knowledge regarding the events at issue in this case.  Defendants contend that Inmate Holcomb's testimony will focus on the alleged bad acts of Defendants David and Miranda and should be excluded as inadmissible evidence of propensity under Federal Rule of Evidence 404.

Here, Plaintiff fails to demonstrate that Inmate Holcomb has any knowledge of the events at issue in this action.  Plaintiff's generalized declaration does not establish that Inmate Holcomb was a percipient witness.  Rather, it appears that Inmate Holcomb intends to testify regarding a prior bad act

by Defendants David and Miranda.  Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Fed. R. Evid. 404(b)(1).  However, this evidence may be admissible for another purpose, such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

"The Ninth Circuit has held that evidence may be admitted pursuant to 404(b) if '(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged.'" United States v. Cherer, 513 F.3d 1150, 1157 (9th Cir. 2008) (quoting in part United States v. Romero, 282 F.3d 683, 688 (9th Cir. 2002)). If evidence satisfies Rule 404(b), "the court must then decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403." Id. The proponent of the disputed evidence bears the burden of demonstrating its admissibility under the foregoing test. United States v. Montgomery, 150 F.3d 983, 1001 (9th Cir. 1998).

Plaintiff makes no showing that the evidence he intends to offer tends to prove a material point or is sufficient to support a finding that Defendants committed the acts alleged by Inmate Holcomb. The inmate's declaration is not sufficient to demonstrate that the asserted act occurred, and his testimony likely would result in a mini-trial.  Plaintiff therefore has failed to meet his burden of proof pursuant to Rule 404(b). Additionally, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice to Defendants, confusion of the issues, and misleading the jury. Fed. R. Evid. 403.  As such, Inmate Holcomb's testimony will not substantially further the resolution of this case.  Wiggins, 717 F.2d at 468 n.1.

///

### Inmate Davey

In support of his motion, Plaintiff submits the declaration of Inmate Davey.  Inmate Davey declares that on January 22, 2007, he witnessed Defendants David and Miranda take Plaintiff out of his cell and heard them tell Plaintiff that they were going to take everything out of his cell.  Shortly after they left the section, Inmate Davey heard Plaintiff yell, "Stop beating me," and "Help I'm Being

1    Beat." Everything was taken out of Plaintiff's cell. Plaintiff was carried back to his cell on a stretcher

2    and Inmate Davey could see that Plaintiff's face appeared to be swollen. Plaintiff also appeared to be

3    dazed and had to be lifted and placed in his cell. Plaintiff told Inmate Davey and other inmates that

4    officers beat him and he was not feeling okay. Inmate Davey heard Plaintiff fall. Inmate Davey and

5    other inmates called out to Plaintiff to ask if he was okay. When they did not get a response, the

6    inmates called "Man Down" to get Plaintiff some medical attention. Defendant Martinez responded to

7    Plaintiff's cell and then pepper sprayed Plaintiff with two cans of spray. The pepper spray caused

8    Inmate Davey and others to cough and choke. Plaintiff did not have a mattress, blanket or change of

9    clothing for weeks.  (ECF No. 231, Ex. 2.)

10    Defendants did not object to the attendance of Inmate Davey at trial. As it appears he has

11    relevant evidence that will substantially further the resolution of this action, Plaintiff's motion for the

12    attendance of Inmate Davey at trial shall be granted.

13                                   **<u>Inmate Lara</u>**

14    Plaintiff declares that Inmate Lara told him that he was assaulted by Defendants David and

15    Miranda and after the assault he was falsely accused of battery and received a Rules Violation Report.

16    Plaintiff helped Inmate Lara prepare an inmate grievance. Plaintiff believes that Inmate Lara's

17    testimony will help show how Rules Violation Reports are used to cover up excessive force.

18    Defendants counter that Inmate Lara appears to be offered as a witness in the capacity of an

19    expert. Defendants argue that Inmate Lara is not an expert on prison Rules Violation Reports or the

20    alleged abuse of such reports. Defendants therefore contend that the testimony of Inmate Lara should

21    be excluded.

22    Plaintiff fails to establish that Inmate Lara has personal knowledge of the events at issue in this

23    action. To the extent Plaintiff seeks to offer the testimony of Inmate Lara as an expert regarding

24    prison Rules Violation Reports, he may not do so. Plaintiff fails to qualify Inmate Lara as an expert

25    by his knowledge, skill, experience or training. Plaintiff also fails to establish that Inmate Lara's

26    testimony is based on sufficient facts or data. Fed. R. Evid. 702.

27    Plaintiff also may not offer Inmate Lara's testimony regarding any alleged prior bad acts of

28    Defendants David and Miranda. Plaintiff makes no showing that Inmate Lara's anticipated testimony

tends to prove a material point or is sufficient to support a finding that Defendants committed the acts alleged by Inmate Lara.  Plaintiff's own declaration is not sufficient.  Plaintiff therefore fails to meet his burden of proof pursuant to Rule 404(b).  <u>Cherer</u>, 513 F.3d at 1157.  Additionally, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice to Defendants, confusion of the issues, and misleading the jury.  Fed. R. Evid. 403.  Inmate Lara's testimony will not substantially further the resolution of this case.  <u>Wiggins</u>, 717 F.2d at 468 n.1.

### Inmate Rencher

In support of his motion, Plaintiff submits the declaration of Inmate Rencher.  Inmate Rencher declares that on March 29, 2003, he was the victim of excessive force by Defendant David and other officers.  Inmate Rencher also declares that following the incident, Defendant David used a racial slur.

Defendants argue that Inmate Rencher's testimony should be excluded because he does not have actual knowledge of the events at issue in this action.  Defendants assert that Inmate Rencher was housed at another institution at the time.  Defendants further argue that Inmate Rencher's testimony regarding other acts should be excluded as inadmissible pursuant to Federal Rule of Evidence 404.  Additionally, Defendants contend that the evidence offered by Inmate Rencher is remote in time from the events at issue, which weakens its probative value.

Plaintiff fails to establish that Inmate Rencher has personal knowledge of the events at issue in this action.  Plaintiff may not offer Inmate Rencher's testimony regarding any alleged prior bad acts of Defendant David.  Plaintiff makes no showing Inmate Rencher's testimony tends to prove a material point or is sufficient to support a finding that Defendant David committed the acts alleged by Inmate Rencher.  Inmate Rencher's declaration alone is not sufficient.  Plaintiff therefore fails to meet his burden of proof pursuant to Rule 404(b).  <u>Cherer</u>, 513 F.3d at 1157.  Additionally, the probative value of such evidence, which is remote in time from the events at issue, is substantially outweighed by the danger of unfair prejudice to Defendants, confusion of the issues, and misleading the jury.  Fed. R. Evid. 403.  Inmate Rencher's testimony will not substantially further the resolution of this case. <u>Wiggins</u>, 717 F.2d at 468 n.1.

/ / /

/ / /

1      **Inmate Lamon**

2      In support of his motion, Plaintiff submits the declaration of Inmate Lamon.  Inmate Lamon

3 declares that officers, including Defendants Masiel and Mendoza, poisoned his food with unknown

4 chemicals and waste while he was housed in the CSP-Corcoran Security Housing Unit. Plaintiff

5 complained to Defendant Martinez about the abuses, but Defendant Martinez was indifferent to his

6 complaints.  Inmate Lamon also declares that Defendants Masiel and Martinez made racially charged

7 comments while escorting him to his cell in May 2006.  On the same date, Defendants David and

8 Mendoza held Inmate Lamon down while he was assaulted by Defendant Masiel in May 2006.  (ECF

9 No. 231, Ex. 4.)

10      Defendants argue that Inmate Lamon's testimony does not relate to the events at issue in this

11 action.  Defendants contend that is improper character evidence and immaterial to the matters at issue.

12      Plaintiff fails to establish that Inmate Lamon has personal knowledge of the events at issue in

13 this action.  Plaintiff may not offer Inmate Lamon's testimony regarding any alleged prior bad acts of

14 Defendants Martinez, David, Mendoza and Masiel.  Plaintiff makes no showing Inmate Lamon's

15 testimony tends to prove a material point or is sufficient to support a finding that Defendants Martinez,

16 David, Mendoza and Masiel committed the acts alleged by Inmate Lamon.  Inmate Lamon's

17 declaration alone is not sufficient.  Plaintiff therefore fails to meet his burden of proof pursuant to Rule

18 404(b).  Cherer, 513 F.3d at 1157.  Additionally, the probative value of such evidence is substantially

19 outweighed by the danger of unfair prejudice to Defendants, confusion of the issues, and misleading

20 the jury.  Fed. R. Evid. 403. Inmate Lamon's testimony will not substantially further the resolution of

21 this case.  Wiggins, 717 F.2d at 468 n.1.

22      **Inmates Taylor, Mitchell, Garcia, Jr., and Malbrue**

23      Plaintiff declares that these inmates have filed allegations of excessive force against defendants

24 in this matter.  Plaintiff attaches grievances submitted by these inmates, which include allegations

25 involving Defendants David, Miranda and Mendoza.  (ECF No. 231, Exs. 8, 9, 11, 12.) Although

26 Plaintiff has not communicated with these inmates, he believes they will be willing to testify.

27      Defendants contend that Plaintiff has not shown that any of these inmates possess relevant

28 information or witnessed any of the incidents alleged in this matter.  Defendants also argue that

Plaintiff is again attempting to offer prohibited character evidence through the testimony of these witnesses.

Plaintiff fails to establish that Inmates Taylor, Mitchell, Garcia, Jr. and Malbrue have personal knowledge of the events at issue in this action.  Plaintiff may not offer the testimony of these witnesses regarding any alleged prior bad acts of Defendants David, Miranda, Melo or Mendoza. Plaintiff makes no showing that the testimony of these witnesses tends to prove a material point or is sufficient to support a finding that any defendants committed the acts alleged.  The grievances submitted by these inmates are not sufficient.  Plaintiff therefore fails to meet his burden of proof pursuant to Rule 404(b).  <u>Cherer</u>, 513 F.3d at 1157.  Additionally, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice to Defendants, confusion of the issues, and misleading the jury.  Fed. R. Evid. 403. The testimony of these witnesses will not substantially further the resolution of this case.  <u>Wiggins</u>, 717 F.2d at 468 n.1.

### Inmate Vergara

Although Plaintiff has attached a grievance prepared by Inmate Vergara, Plaintiff fails to describe the anticipated testimony of Inmate Vergara.  (ECF No. 231, Ex. 10.)  There is no indication that Inmate Vergara's testimony is relevant to this action.  Fed. R. Evid. 401.  Accordingly, the motion for the attendance of Inmate Vergara at trial shall be denied.

### Inmate Alexander

In support of his motion, Plaintiff submits the declaration of Inmate Alexander.  Inmate Alexander declares that Defendant David harassed and threatened him.  Inmate Alexander further declares that Defendant David used a racial epithet and used a tight grip on his wrist.  (ECF No. 231, Ex. 5.)

Defendants argue that Inmate Alexander's testimony is immaterial.  Defendants also argue that Inmate Alexander has no personal knowledge of the events at issue as he was not housed at CSP-Corcoran when the alleged events took place.

Plaintiff fails to establish that Inmate Alexander has personal knowledge of the events at issue in this action.  Plaintiff may not offer Inmate Alexander's testimony regarding any alleged prior bad acts or other conduct of Defendant David.  Plaintiff makes no showing Inmate Alexander's testimony

7

tends to prove a material point or is similar to the acts alleged.  Inmate Alexander's declaration alone is not sufficient.  Plaintiff therefore fails to meet his burden of proof pursuant to Rule 404(b).  <u>Cherer</u>, 513 F.3d at 1157.  Additionally, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice to Defendants, confusion of the issues, and misleading the jury.  Fed. R. Evid. 403.  Inmate Alexander's testimony will not substantially further the resolution of this case. <u>Wiggins</u>, 717 F.2d at 468 n.1.

### Inmate Jacobs

Plaintiff declares that Inmate Jacobs filed a civil rights alleging that Defendants David and Masiel used excessive force in <u>Jacobs v. Woodford</u>, 1:08-cv-00369.  Plaintiff indicates that a prerequisite to the filing a civil rights action is exhaustion of administrative remedies.  Plaintiff believes that Inmate Jacobs' testimony regarding the steps he took to exhaust his administrative remedies will be relevant to Plaintiff's claim that prison officials turn a blind eye to the use of excessive force.  Plaintiff also states that Inmate Jacobs' testimony regarding the use of excessive force by Defendants David and Masiel is relevant to this matter.

Defendants argue that Inmate Jacobs does not possess relevant information and did not witness any of the incidents at issue.  Defendants further argue that Plaintiff is again trying to offer prohibited character evidence.

Plaintiff fails to demonstrate that Inmate Jacobs' testimony regarding exhaustion of administrative remedies relates in any manner to prison officials' response to the use of excessive force.  Plaintiff also fails to establish that Inmate Jacobs has personal knowledge of the events at issue in this action.  Plaintiff may not offer Inmate Jacobs' testimony regarding any alleged prior bad acts or other conduct of Defendants David and Masiel.  Plaintiff makes no showing Inmate Jacobs' testimony tends to prove a material point or that the filing of a civil rights action supports a finding that Defendants David or Masiel committed the other act.[1]  Plaintiff therefore fails to meet his burden of proof pursuant to Rule 404(b).  <u>Cherer</u>, 513 F.3d at 1157.  Additionally, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice to Defendants, confusion of the

---

[1] The Court takes judicial notice of court records in <u>Jacobs v. Woodford</u>, 1:08-cv-00369.  <u>United States v. Howard</u>, 381 F.3d 873, 876 n.1 (9th Cir. 2004).  According to the record, the jury returned a verdict in favor of Defendants David and Masiel.  The matter is on appeal.

1   issues, and misleading the jury.  Fed. R. Evid. 403.  Inmate Jacob's testimony will not substantially

2   further the resolution of this case.  <u>Wiggins</u>, 717 F.2d at 468 n.1.

3   **<u>Inmates Hamilton and Haney</u>**

4          In support of his motion, Plaintiff submits the declarations of Inmates Hamilton and Haney.

5   Inmate Hamilton declares that he attempted to utilize the prison grievance process in January and

6   February 2008 to submit staff complaints.  Inmate Hamilton further declares that correctional officers,

7   Appeals Coordinator L. Cano and Warden Derral G. Adams engaged in misconduct to prohibit the

8   filing or exhaustion of a prison complaint against staff.  (ECF No. 231, Ex. 6.)  Inmate Haney declares

9   that it has become increasingly difficult to fully exhaust an inmate appeal.  (ECF No. 231, Ex. 7.)

10         There is no indication that Inmates Hamilton and Haney are percipient witnesses or that they

11  have relevant testimony to offer at trial.  The probative value of their testimony is substantially

12  outweighed by the danger of unfair prejudice to Defendants, confusion of the issues, and misleading

13  the jury.  Fed. R. Evid. 403.

14      **II.    Request for Incarcerated Witness Testimony by Video Conference**

15         As noted above, Plaintiff requests that his incarcerated witnesses be given the option to testify

16  by two-way electronic audio/video communication.  Plaintiff generally contends that harsh conditions,

17  transfer procedures and correctional staff actions can discourage and dissuade a prisoner from

18  transferring for court.  Plaintiff offers his own experience when transferred as witness in 2000 related

19  to the harsh conditions.  Plaintiff also asserts that in his last case, two of his witnesses were subjected

20  to harassment and one was dissuaded from getting on the bus for transfer.  Plaintiff reports that this

21  witness was able to testify using technology.  Additionally, Plaintiff argues that transfer procedures

22  create a significant hardship for inmates going out-to-court because the inmate is unassigned from

23  their work/vocational/educational assignment, which may have taken months or years to get, and will

24  be placed in Administrative Segregation at Corcoran.

25         "At trial, the witnesses' testimony must be taken in open court unless a federal statute, the

26  Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide

27  otherwise."  Fed. R. Civ. P. 43(a).  Rule 43 permits testimony in open court by contemporaneous

28  transmission from a different location "[f]or good cause in compelling circumstances and with

appropriate safeguards." Fed. R. Civ. P. 34(a). The Advisory Committee Notes to the 1996 Amendments to Rule 43 provide that "the most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place." The Advisory Committee Notes also provide that transmission from a different location "cannot be justified merely by showing that it is inconvenient for the witness to attend the trial."

Plaintiff has not established good cause and compelling circumstances for allowing Inmate Davey to testify via videoconference. There is no reason given why this inmate cannot be transported for trial, such as unavailability due to illness or accident. Mere inconvenience is not sufficient.

**III.    Conclusion and Order**

For the reasons stated, and as discussed at the telephonic trial confirmation hearing, it is HEREBY ORDERED as follows:

1. Plaintiff's motion for attendance of incarcerated witnesses is GRANTED IN PART and DENIED IN PART as follows:

    a.  Plaintiff's motion for the attendance of Inmate Davey is GRANTED;

    b.  Plaintiff's motion for the attendance of Inmates Holcomb, Lara, Rencher, Lamon, Taylor, Mitchell, Garcia, Vergara, Alexander, Malbrue, Jacobs, Hamilton and Haney is DENIED; and

2. Plaintiff's request for incarcerated witnesses to testify via two-way audio/video communication is DENIED.

IT IS SO ORDERED.

Dated:   January 27, 2015          _____

                                   SENIOR  DISTRICT  JUDGE