UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE H. ROBINSON,<br><br>    Plaintiff,<br><br>v.<br><br>D. G. ADAMS, et al.,<br><br>    Defendants. | Case No.: 1:08-cv-01380-AWI-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES<br><br>(ECF No. 251) |

**I.    Introduction**

Plaintiff George H. Robinson ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's complaint against Defendants David, Miranda, Melo, Garcia, Mendoza and Masiel for use of excessive force in violation of the Eighth Amendment; against Defendants Adams and Ruiz for failure to protect in violation of the Eighth Amendment; and against Defendants Martinez, David, Miranda and Garcia for assault and battery in violation of state law. This action is currently set for jury trial on March 10, 2015.

On January 5, 2015, Plaintiff filed a motion for the attendance of fourteen incarcerated witnesses at trial. (ECF No. 231.) On January 26, 2015, following discussion on the record during the telephonic trial confirmation hearing, the Court partially granted Plaintiff's motion for the attendance

1

of incarcerated witnesses. (ECF No. 240.) On January 27, 2015, the Court issued a written order granting in part and denying in part Plaintiff's motion for the attendance of incarcerated witnesses. Specifically, the Court granted Plaintiff's motion for the attendance of Inmate Pierre Davy, but denied his motion for the attendance of Inmates Richard A. Holcomb, Lara, Lamonte E. Rencher, Barry Lamon, Ivory C. Taylor, S. Mitchell, Raul Garcia, Jr., Hugo Vergara, Larry Alexander, K. Malbrue, George E. Jacobs, Eugene Hamilton, and Monte L. Haney. (ECF No. 241.)

On February 11, 2015, Plaintiff filed the instant motion for reconsideration of the Court's order granting in part and denying in part his motion for the attendance of incarcerated witnesses. Plaintiff challenges the Court's denial of Inmates Holcomb, Rencher, Lamon, Alexander, Lara, Taylor, Mitchell, Garcia, Malbrue, and Jacobs. (ECF No. 251.)

**II.     Reconsideration**

Federal Rule of Civil Procedure 60(b)(6) allows the court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted). The moving party must demonstrate both injury and circumstances beyond his control. *Id.* (quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision, *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted).

1    Plaintiff has not identified any newly discovered evidence, the commission of clear error, or an intervening change in the controlling law to warrant reconsideration. Rather, Plaintiff's motion for reconsideration is based on nothing more than his mere disagreement with the Court's decision to disallow the testimony of Inmates Holcomb, Rencher, Lamon, Alexander, Lara, Taylor, Mitchell, Garcia, Malbrue, and Jacobs at trial based on Plaintiff's failure to meet his burden of proof pursuant to Federal Rule of Evidence 404(b). Although Plaintiff claims that the Court erred by not allowing him the opportunity to respond to the issues raised in Defendants' opposition to the motion, the Court allowed Plaintiff the opportunity to address the motion during the telephonic trial confirmation hearing. Plaintiff admits that he had received a copy of Defendants' opposition prior to the telephonic hearing. (ECF No. 251, p. 1.) Further, the Court's Second Scheduling Order did not provide for a reply to Defendants' opposition. (ECF No. 213, pp. 2-3, 6.) Plaintiff's arguments regarding the appointment of counsel or an investigator are unrelated to the Court's order granting in part and denying in part the motion for attendance of incarcerated witnesses.

### III.   Conclusion and Order

For the reasons stated, Plaintiff's motion for reconsideration of the order granting in part and denying in part Plaintiff's motion for attendance of incarcerated witnesses is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   March 2, 2015                    _____
                                          SENIOR DISTRICT JUDGE