**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GEORGE H. ROBINSON,<br><br>    Plaintiff,<br><br>v.<br><br>D. G. ADAMS, et al.,<br><br>    Defendants. | Case No.: 1:08-cv-01380-AWI-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND THE STATE CLAIMS AND ORDER ON DEFENDAT'S MOTION TO ALTER JUDGMENT<br><br>(ECF Nos. 286, 288 ) |

Plaintiff George H. Robinson ("Plaintiff") is a state prisoner who is proceeded pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The action proceeded to a jury trial on March 10, 2015, and was limited to the following claims: (1) excessive force in violation of the Eighth Amendment against Defendants David, Miranda, Garcia and Martinez on January 22, 2007, while Plaintiff was in hand and leg restraints; (2) failure to protect in violation of the Eighth Amendment against Defendant Ruiz; (3) state law battery against Defendants Martinez, David, Miranda and Garcia on January 22, 2007, while Plaintiff was in hand and leg restraints; (4) excessive force in violation of the Eighth Amendment against Defendant David on January 22, 2007, by tweaking Plaintiff's ears and fingers; (5) state law battery against Defendant David on January 22, 2007, by tweaking Plaintiff's ears and fingers; (6) excessive force in violation of the Eighth Amendment against Defendant Martinez on January 22, 2007, by pepper spraying Plaintiff in his cell; (7) state law battery against Defendant Martinez on January 22, 2007, by pepper spraying Plaintiff in his cell; (8) excessive force in violation of the Eighth Amendment against Defendant David on January 23, 2007; (9) state law battery against Defendant David on January 23, 2007; (10) excessive

1  force in violation of the Eighth Amendment against Defendant Miranda on February 11, 2007; (11)
2  state law battery against Defendant Miranda on February 11, 2007.
3        On March 12, 2015, the jury returned a verdict in favor of Defendants and against Plaintiff.
4  (ECF No. 284.)  Judgment was entered on March 13, 2015.  (ECF No. 285.)
5        On March 19, 2015, Plaintiff filed a motion requesting that the Court remand the state law
6  claims in this action to the state court.  (ECF No. 286.)  Defendants did not respond and the motion is
7  deemed submitted.  Local Rule 230(l).
8        On April 6, 2015, Plaintiff filed a motion to alter or amend judgment to include findings that
9  the Defendants were liable on the state law battery claims.  (ECF 288.)  Defendants did not respond
10 and the motion is deemed submitted.  Local Rule 230(I).

12  **I.**  **Motion for Remand of State Law Claims**
13  In seeking remand of the state law claims, Plaintiff argues:

> The verdict did not answer the state question.  In this case there were both State and Federal claims.  The verdict form stated if the finding was no on the constitutional violation, it move to the next [Eighth] Amendment claim.  The jury never made a finding on the state claims.  A finding on one is not a finding on both, because the elements are different.  Because there remain no constitutional claims that need[] to be adjudicated, the State claims which has not been properly decided must be remanded to the state court for adjudication.  There was no verdict for assault and battery claims.  No verdict is no [adjudication].  Unless the court vacates the judgment on the 8th Amendment claims, this court no longer has supplemental jurisdiction over the State claims.

20  (ECF No. 286, pp. 1-2.)
21    *Discussion*
22    a.  State Law Assault Claims
23  At the outset of trial, and prior to the selection of the jury, a defense motion was made to
24  dismiss certain Defendants. Following the defense motion, the Court began to discuss and inquire
25  about Plaintiff's assault and battery claims.  Plaintiff stated that his claims were just battery, not
26  assault.  The Court then explained that it was taking Plaintiff's representations as a motion to dismiss
27  his assault claims, and that the Court would be modifying the jury instructions so that the state law
28  claims were limited to only claims of battery.  Thus, Plaintiff elected only to proceed on the battery

claim and his assault claim was dismissed. Under these circumstances, there are no assault claims to remand to the state court.

Additionally, to the extent Plaintiff contends that the state law claims were improperly not submitted to the jury, a party "waives the right to a jury trial on any issue of fact raised by the pleadings or evidence but not submitted to the jury unless, before the jury retires, the party demands its submission to the jury. . . ." Fed. R. Civ. P. 49(a)(3). In this instance, during the course of trial, the Court held a conference for the sole purpose of addressing both the proposed verdict form and the jury instructions prior to closing arguments and submission to the jury. Plaintiff raised no objections to the special verdict form. Thus, any assertions of error in the special verdict form are untimely and have been waived. See id.; Sloan v. Oakland Police Dept., 376 Fed. Appx. 738, 740 (9th Cir. 2010); Pau v. Yosemite Park, 928 F.2d 880, 891 (9th Cir. 1991).

b.      State Law Battery Claims

Plaintiff correctly notes that the jury did not make specific findings on the verdict form regarding his battery claims. However, the failure to do so does not warrant remand to the state court.

The special verdict form directed the jury to make a determination regarding each claim of unconstitutional excessive force under 42 U.S.C. § 1983. If the jury found no excessive force in violation of the Eighth Amendment as to a particular defendant and a particular incident, then the jury was directed to skip questions about Plaintiff's corresponding state law battery claims.

For civil battery, a plaintiff must show that "(1) the defendant intentionally did an act that resulted in harmful or offensive contact with the plaintiff's person; (2) the plaintiff did not consent to the contact; and (3) the contact caused injury, damage, loss, or harm to the plaintiff." Tekle v. U.S., 511 F.3d 839, 855 (9th Cir. 2007). In cases involving a peace officer, a plaintiff must also show that a defendant officer used excessive force. Edson v. City of Anaheim, 63 Cal.App.4th 1269, 1273 (1998). Therefore, if a jury does not find excessive force in the first instance, then it is unnecessary for the jury to reach questions about a battery claim arising from the same incident and involving the same defendants. Harding v. City & Cnty of San Francisco, 2015 U.S. App. LEXIS 2856, *7-*8 (9th Cir. Feb. 26, 2015) ("Additionally, under California law, a peace officer is privileged to use reasonable

force, such as shackling a prisoner, and therefore a California battery claim is a 'counterpart' to a federal excessive force claim under § 1983. As previously established, Appellant did not establish an excessive force claim under § 1983 against any Appellee, and her state-law battery claims fail for the same reasons."); Johnson v. County of L.A., 340 F.3d 787, 794 (9th Cir. 2004).

Here, because the jury did not find constitutionally excessive force in connection with any of the incidents alleged by Plaintiff, Defendants were entitled to judgment on the corresponding civil battery claims. Harding, 2015 U.S. App. LEXIS 2856 at *7-*8; Johnson, 340 F.3d at 794; Edson, 63 Cal.App.4th at 1273. In other words, because the jury found no excessive force, no questions regarding battery needed to be answered. See id. The failure of the jury to answer questions regarding battery on the verdict form is not a basis for remand.

### III.   Motion To Amend

Plaintiff argues that he did not notice that the verdict form permitted the jury to skip the state law battery claims if the answers to the constitutional excessive force claims were "no." Plaintiff argues that Rule 49(a)(3) permits the Court to make findings on an issue if a party does not request that issue be submitted to the jury, and that the Court should make a finding on the state law battery claims here. Plaintiff contends that a finding on the constitutional question does not answer the state law question because there are different standards for the two claims; thus, there can be finding of liability on one claim with a defense verdict on another. Plaintiff argues that the Court should make a finding in favor of Plaintiff on the state law battery claim. Alternatively, Plaintiff requests that the court grant a new trial to resolve the state law claims.

*Discussion*

As discussed above, when a plaintiff sues a peace officer for battery, the plaintiff must show excessive force. See Harding, 2015 U.S. App. LEXIS 2856 at *7-*8; Johnson, 340 F.3d at 794; Edson, 63 Cal.App.4th at 1273. Because the jury in this case found that none of the Defendants used constitutionally excessive force against Plaintiff, this necessarily meant that an element of Plaintiff's battery claims could not be met. That is, a finding of "no excessive force" means that there must also

be a finding of "no liability" for California state law battery claims. See id. There is no basis to amend the judgment or make additional findings regarding other elements of the battery claims.[1]

**Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to remand (ECF No. 286) and Plaintiff's motion to alter or amend judgment (ECF No. 288) are DENIED.[2]

IT IS SO ORDERED.

Dated:   June 12, 2015                                    _____
                                                          SENIOR DISTRICT JUDGE

---

[1] Plaintiff cites *Trujillo v. Goodman*, 825 F.2d 1453 (10th Cir. 1985) to argue that there are different standards for battery and a § 1983 excessive force claim, and that the Court can find for him on the battery claims. The Court will not follow *Trujillo* because *Trujillo* (1) did not involve California law, and (2) is inconsistent with *Harding*, *Johnson*, and *Edson*.

[2] Plaintiff has also filed a Rule 50 motion and a motion for extension of time to file an appeal. (ECF Nos. 287, 289). Those motions will be addressed in a separate order.