UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE H. ROBINSON,<br><br>    Plaintiff,<br><br>    v.<br><br>D. G. ADAMS, et al.,<br><br>    Defendants. | Case No.: 1:08-cv-01380-AWI-BAM PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW AND FOR NEW TRIAL<br><br>(ECF No. 287, 293) |

### I.  Introduction

Plaintiff George H. Robinson ("Plaintiff"), a pro se state prisoner, initiated this civil rights action pursuant to 42 U.S.C. § 1983, on May 13, 2008, in Kings County Superior Court. The matter was removed to this Court on September 11, 2008. (Doc. 1.)

The action proceeded to a jury trial on March 10, 2015, and was limited to the following claims: (1) excessive force in violation of the Eighth Amendment against Defendants David, Miranda, Garcia and Martinez on January 22, 2007, while Plaintiff was in hand and leg restraints; (2) failure to protect in violation of the Eighth Amendment against Defendant Ruiz; (3) state law battery against Defendants Martinez, David, Miranda and Garcia on January 22, 2007, while Plaintiff was in hand and leg restraints; (4) excessive force in violation of the Eighth Amendment against Defendant David on January 22, 2007, by tweaking Plaintiff's ears and fingers; (5) state law battery against Defendant David on January 22, 2007, by tweaking Plaintiff's ears and fingers; (6) excessive force in violation of

the Eighth Amendment against Defendant Martinez on January 22, 2007, by pepper spraying Plaintiff in his cell; (7) state law battery against Defendant Martinez on January 22, 2007, by pepper spraying Plaintiff in his cell; (8) excessive force in violation of the Eighth Amendment against Defendant David on January 23, 2007; (9) state law battery against Defendant David on January 23, 2007; (10) excessive force in violation of the Eighth Amendment against Defendant Miranda on February 11, 2007; and (11) state law battery against Defendant Miranda on February 11, 2007.

On March 12, 2015, the jury returned a verdict in favor of Defendants and against Plaintiff. (ECF No. 284.) Judgment was entered on March 13, 2015. (ECF No. 285.)

At the close of testimony on March 10 and March 12, 2015, Plaintiff moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). The Court denied the motions. Plaintiff has now made a renewed motion for judgment as a matter of law pursuant to Rule 50(b), along with an alternative motion for new trial. (ECF No. 287.) Defendants did not respond, and the motion is deemed submitted.[1] Local Rule 230(l).

**II.    Motion for Judgment as a Matter of Law**

    **A.  Legal Standard**

After a jury verdict, Rule 50(b) permits a party to renew its prior Rule 50(a) motion for judgment as a matter of law. Fed. R. Civ. P. 50(b). As it is a renewed motion, "a party cannot properly raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its pre[-]verdict Rule 50(a) motion." *EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009).

"A renewed motion for judgment as a matter of law is properly granted if the evidence, construed in the light most favorable to the non-moving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Harper v. City of L.A.*, 533 F.3d 1010, 1021 (9th Cir. 2008) (citation and internal quotation omitted). A jury's verdict must be upheld if there is evidence adequate to support the jury's conclusion. *Id.* "If there is sufficient evidence presented to a

---

[1] On November 16, 2015, Plaintiff filed a motion requesting a ruling or status on his Rule 50 motion. (Doc. 293.) As this order addresses the Rule 50 motion, Plaintiff's motion requesting a ruling or status is HEREBY DENIED as moot.

2

jury on a particular issue and if the jury instructions on the issue stated the law correctly, the court must sustain the jury's verdict." *Id.*

### B. Discussion

Plaintiff makes two arguments in support of his Rule 50(b) motion: (1) the evidence was improperly rejected by jurors based on the time of their deliberation; and (2) the verdict was against the weight of the evidence.

Plaintiff's first argument regarding length of jury deliberation is unavailing. Because this was not an argument Plaintiff could have raised in his pre-deliberation Rule 50(a) motion, it is not the proper subject of a post-trial Rule 50(b) motion. *EEOC*, 581 F.3d at 961.

Plaintiff next asserts that the verdict was against the weight of the evidence. (ECF No. 287 at 1.) A party seeking judgment as a matter of law has a "very high" standard to meet because "credibility, inferences, and factfinding are the province of the jury, not this court." *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 859 (9th Cir. 2002). The Court finds that Plaintiff has not met this high standard. He has not identified any particular evidence supporting his claims and makes only a conclusory argument. Moreover, in light of the Defendants' testimony, the Court cannot find that there is only one reasonable conclusion contrary to the jury's verdict that could have been reached. Accordingly, Plaintiff's Rule 50(b) motion shall be denied.

### III. Alternative Motion for New Trial

#### A. Standard of Review

The Court may grant a new trial on all or some of the issues "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). As "Rule 59 does not specify the grounds on which a motion for a new trial may be granted," district courts are "bound by those grounds that have been historically recognized." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003). Those grounds include (1) a verdict that is contrary to the weight of the evidence, (2) a verdict that is based on false or perjured evidence, (3) that damages are excessive, or (4) to prevent a miscarriage of justice. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007). Erroneous evidentiary rulings and errors in jury instructions are also

grounds for a new trial. *See Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995); *Murphy v. City of Long Beach*, 914 F.2d 183, 187 (9th Cir. 1990).

### B.  Discussion

Plaintiff raises seven grounds for a new trial, which the Court categorizes as:  (1) pretrial rulings regarding discovery and amendment of claims; (2) evidentiary rulings; (3) defense counsel misconduct; and (4) denial of counsel.

**1.  Pretrial Rulings**

With respect to Plaintiff's complaints about pretrial rulings, the Court construes Plaintiff's assertions as concerning the following pretrial decisions:  the Magistrate Judge's denial of an extension of time to conduct discovery and amend his complaint (Doc. 61); the Magistrate Judge's denial of his request for leave to file an amended complaint (Doc. 70); the Magistrate Judge's denial of Plaintiff's requests for log books (Doc. 109) and the Incident Report Package Tracking Log (Doc. 121).  The Court finds no support for Plaintiff's contention that these rulings warrant a new trial. There is no indication that any of these pretrial decisions constitute "historically recognized grounds" for a new trial.  Further, there is no indication that any of these pretrial rulings resulted in a "miscarriage of justice."  Although Plaintiff makes conclusory assertions that the discovery at issue would have changed the outcome of the trial, this assertion is unsupported.  (*See* Doc. 287 at 4.)  The primary questions at trial concerned whether Plaintiff was subjected to excessive uses of force.  Log books regarding inmate movement or incidents of excessive force involving other inmates do not have any bearing on these questions.  Indeed, Plaintiff's claims of excessive force, battery and failure to protect did not require proof of inmate movement or unrelated incidents of excessive force, and these were not factual issues for a jury to decide.

Plaintiff additionally asserts that the failure to allow him further amendment of his complaint resulted in the unfair dismissal of defendants Melo, Mendoza and Masiel from this action.  However, Plaintiff makes no showing that he would have been able to assert a cognizable claim against these individuals.

///

///

4

**2. Evidentiary Rulings**

Plaintiff contends that the Court erroneously excluded evidence of CDCR's Use of Force Policy, training material or OP 222. Plaintiff generally asserts that defendants offered testimony regarding policies and procedures, and defendants "at times were making things up and stating things as it were a fact" and sometimes "they would provide an interpretation that was completely wrong." (Doc. 287 at 4.) Plaintiff contends that allowing him to introduce documents would have clarified the issues. Despite Plaintiff's assertions, he fails to identify any specific testimony or evidence that would have been clarified by the admission of CDCR's Use of Force Policy, training material or OP 222. A new trial is only warranted when an erroneous evidentiary ruling "substantially prejudiced" a party. *United States v. 99.66 Acres of Land*, 970 F.2d 651, 658 (9th Cir. 1992). Plaintiff's conclusory statements do not demonstrate substantial prejudice warranting a new trial.

Plaintiff also contends that the Court's denial of incarcerated witnesses prevented him from demonstrating the motive and intent of Defendants David and Miranda to use excessive force. In particular, Plaintiff focuses on the Court's denial of his request for Inmate Holcomb to testify at trial (Doc. 287 at 6-7.)

On January 5, 2015, Plaintiff moved for the attendance of fourteen (14) incarcerated witnesses, including Inmate Richard A. Holcomb (T-41584, CSP-Corcoran). Defendants opposed the motion on January 20, 2015. On January 26, 2015, the Court held a telephonic trial confirmation hearing and addressed Plaintiff's motion for incarcerated witnesses. Subsequent to the hearing, the Court issued an order on January 27, 2015, regarding Plaintiff's motion for the attendance of incarcerated witnesses. As part of that order, the Court denied Plaintiff's request for the attendance of Inmate Holcomb. (Doc. 241.) Plaintiff sought reconsideration, which the Court denied on March 3, 2015. (Doc. 263.)

In support of his original request, Plaintiff submitted the declaration of Inmate Holcomb. Based on the declaration, Inmate Holcomb intended to testify that he was assaulted by Defendants David and Miranda on October 2, 2006, and that the persons involved falsified a rules violation report. (Doc. 231, Ex. 1.) Plaintiff also generally declared the Inmate Holcomb was housed in the same section and saw and heard things not mentioned in his declaration that would be relevant at trial.

The Court denied Plaintiff's request for Inmate Holcomb to appear at trial, reasoning as follows:

> Plaintiff fails to demonstrate that Inmate Holcomb has any knowledge of the events at issue in this action. Plaintiff's generalized declaration does not establish that Inmate Holcomb was a percipient witness. Rather, it appears that Inmate Holcomb intends to testify regarding a prior bad act by Defendants David and Miranda. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Fed. R. Evid. 404(b)(1). However, this evidence may be admissible for another purpose, such as "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).
>
> "The Ninth Circuit has held that evidence may be admitted pursuant to 404(b) if '(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged.'" United States v. Cherer, 513 F.3d 1150, 1157 (9th Cir. 2008) (quoting in part United States v. Romero, 282 F.3d 683, 688 (9th Cir. 2002)). If evidence satisfies Rule 404(b), "the court must then decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403." Id. The proponent of the disputed evidence bears the burden of demonstrating its admissibility under the foregoing test. United States v. Montgomery, 150 F.3d 983, 1001 (9th Cir. 1998).
>
> Plaintiff makes no showing that the evidence he intends to offer tends to prove a material point or is sufficient to support a finding that Defendants committed the acts alleged by Inmate Holcomb. The inmate's declaration is not sufficient to demonstrate that the asserted act occurred, and his testimony likely would result in a mini-trial. Plaintiff therefore has failed to meet his burden of proof pursuant to Rule 404(b). Additionally, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice to Defendants, confusion of the issues, and misleading the jury. Fed. R. Evid. 403. As such, Inmate Holcomb's testimony will not substantially further the resolution of this case. Wiggins, 717 F.2d at 468 n.1.

(Doc. 241 at 2-3, Order Granting in Part and Denying in Part Plaintiff's Motion For Attendance of Incarcerated Witnesses).

By the instant motion, Plaintiff has not presented any information suggesting that the Court incorrectly determined that Inmate Holcomb lacked knowledge of the events at issue. Further, Plaintiff fails to demonstrate that Inmate Holcomb's anticipated testimony regarding prior bad acts of the Defendants would be admissible at a new trial. Thus, Plaintiff has not made the requisite showing that the Court's ruling was either erroneous or resulted in substantial prejudice.

///

### 3. Defense Counsel Misconduct

Plaintiff claims that defense counsel committed misconduct by questioning him about and making statements in closing arguments concerning his litigation history and past lawsuits. (Doc. 297 at 7-8.) Plaintiff believes that this was a violation of the Court's instructions regarding lawsuits and disciplinary history in connection with his motions in limine.

Plaintiff does not cite the Court's instructions, nor does he point to a motion in limine concerning his litigation history or past lawsuits. According to the record in this action, Plaintiff filed a motion in limine to preclude evidence of his prior criminal conduct and prison disciplinary history. (Doc. 239.) Plaintiff also moved to exclude Defendants' Exhibits F, H-I, and K, which related to Plaintiff's felony convictions and disruptive actions preceding the alleged events. (Doc. 257.) Neither of these motions concerned evidence of Plaintiff's litigation history. While the Court may have precluded evidence of lawsuits brought by other prisoners, Plaintiff does not cite any order or instruction of the Court precluding inquiry or statements regarding Plaintiff's own history of lawsuits. Additionally, Plaintiff has not demonstrated that allowing evidence of his past litigation history was based on any false evidence, an erroneous evidentiary ruling or resulted in a miscarriage of justice.

### 4. Failure to Appoint Counsel

Plaintiff believes that a new trial should be granted because the Court failed to appoint him counsel. (Doc. 287 at 9.) Plaintiff asserts that if a certified law student or attorney had been appointed, then they could have assisted him with deficiencies in his pleadings and they would have been better at cross-examining the witnesses.

As Plaintiff was repeatedly informed, he did not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn on other grounds*, 154 F.3d 952 (9th Cir. 1988), and the court could not require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). Rather, only in certain exceptional circumstances may the court request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the

[plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

At no time in this action did the Court find the required exceptional circumstances. (*See* Docs. 24, 101.) Plaintiff's claims of excessive force, battery and failure to intervene were not exceptional, as this Court is faced with such claims brought by pro se prisoners on a near daily basis. Although Plaintiff, like other pro se prisoners, had to deal with the circumstances imposed by his incarceration, there was never any indication that Plaintiff could not adequately articulate his claims in this action. *Id.* During the course of trial, Plaintiff was able to argue motions in limine, make an opening statement, object to evidence, examine witnesses, move for judgment as a matter of law, testify, and provide closing arguments. At no time did it appear that Plaintiff could not adequately represent himself in these proceedings, including the presentation of his claims and the examination of witnesses.

**CONCLUSION AND ORDER**

Based on the foregoing, Plaintiff's motion for judgment as a matter of law and motion for new trial, filed on March 19, 2015, is HEREBY DENIED.

IT IS SO ORDERED.

Dated: December 7, 2015

SENIOR DISTRICT JUDGE